JUDGE STANTON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**11 CIV 9010**

------------------------------------------------------------X

RONARD LORA and HUGO RIVERA,
individually and on behalf of all others
similarly situated,

Index No. _____

ECF CASE

Plaintiffs,

- against -

CLASS ACTION COMPLAINT

J.V. CAR WASH, LTD., BROADWAY HAND
CARWASH CORP., WEBSTER HAND
CAR WASH CORP., HARLEM HAND
CAR WASH INC., BAYWAY HAND
CAR WASH CORP., JOSE VAZQUEZ,
SATURNINO VARGAS, JOSE JIMENEZ,
RAMON PEREZ, DOMINGO "DOE,"
ADOLFO "DOE" and JOHN DOES 1-10,

Civil Action

Jury Trial Demanded

Defendants.

------------------------------------------------------------X

RECEIVED
DEC 08 2011
U.S.D.C. S.D. N.Y.
CASHIERS

Named Plaintiffs Ronard Lora and Hugo Rivera, individually and on behalf of all others

similarly situated (collectively, "Named Plaintiffs"), by and through their attorneys, Arenson,

Dittmar & Karban, as and for their Complaint against Defendants J.V. Car Wash, Ltd.,

Broadway Hand Carwash Corp., Webster Hand Car Wash Corp., Harlem Hand Car Wash Inc.,

Bayway Hand Car Wash Corp., Jose Vazquez, Saturnino Vargas, Jose Jimenez, Ramon Perez,

Domingo "Doe," Adolfo "Doe" and John Does 1-10 (collectively, the "Defendants"),

respectfully alleges as follows:

## NATURE OF THE ACTION

1.      This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201

*et seq.*, ("FLSA"), and specifically the collective action provisions of the FLSA, 29 U.S.C.

§ 216(b); the supporting regulations of the United States Department of Labor, 29 C.F.R. §§ 531

*et seq.*; the New York Labor Law, N.Y. LAB. LAW §§ 190, *et seq.*, § 650 *et seq.* (the "New York

Labor Law"); the supporting New York State Department of Labor Regulations, Part 142 of Title

12 of the New York Codes, Rules and Regulations, N.Y. COMP. CODES R. & REGS. tit. 12, § 142 *et seq*.; the New Jersey Statutes Annotated, N.J. STAT. ANN. §§ 34:11-4.1, *et seq*., §§ 34:11-56a *et seq*. (the "New Jersey Wage and Hour Law"); and the supporting New Jersey State Regulations, Part 56 of the New Jersey Administrative Code, N.J.A.C. §§ 12:56, *et seq*., to recover unpaid minimum wages and overtime and improperly withheld wages and tips owed to Named Plaintiffs and all similarly situated persons who are presently or were formerly employed by Defendants.

2.    Defendants operate a number of car wash businesses in New York (primarily in New York and Bronx Counties) and in New Jersey.

3.    Since approximately December 2005 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of wrongfully failing to pay minimum wages to their employees; wrongfully failing to pay overtime compensation to their employees at a rate of time and one half their regular rate of pay for all hours worked over forty (40) in any given work week; and wrongfully withholding gratuities from individuals who earned them, all in violation of the New York Labor Law.

4.    Since approximately December 2008 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of wrongfully failing to pay minimum wages to their employees; wrongfully failing to pay overtime compensation to their employees at a rate of time and one half their regular rate of pay for all hours worked over forty (40) in any given work week; and wrongfully withholding gratuities from individuals who earned them, all in violation of the FLSA

5.    Since approximately December 2009 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of wrongfully

failing to pay minimum wages to their employees; wrongfully failing to pay overtime compensation to their employees at a rate of time and one half their regular rate of pay for all hours worked over forty (40) hours in any given work week; and wrongfully withholding gratuities from individuals who earned them, all in violation of the New Jersey Wage and Hour Law.

6.      Under the direction of Defendant Jose Vazquez, Defendants instituted these policies and practices of depriving their employees of the basic compensation for work performed as mandated by federal and state law.

7.      Named Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees, all compensation, including minimum wages and overtime compensation, as well as improper deductions from wages, including tips, which they were deprived of, plus interest, damages, attorneys' fees, and costs.

<u>**JURISDICTION AND VENUE**</u>

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Named Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Named Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

9.      This Court is empowered to issue declaratory relief under 28 U.S.C. §§ 2201 and 2202.

10.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

## PARTIES

11.     Named Plaintiff Ronard Lora ("Named Plaintiff Lora") was an employee of the Defendants from approximately October 17, 2009, through approximately October 19, 2010.

12.     Named Plaintiff Hugo Rivera ("Named Plaintiff Rivera") was an employee of the Defendants from approximately February 2009, through approximately September 25, 2011.

13.     Upon information and belief, Defendant J.V. Car Wash, Ltd., ("J.V. Car Wash") was and is now a corporation duly organized and existing under the laws of the State of New York, with its principal place of business at 4778 Broadway, New York, New York.

14.     Upon information and belief, Defendant Broadway Hand Carwash Corp. ("Broadway") is a corporation organized under the laws of the State of New York, with its principal place of business at 4778 Broadway, New York, New York.

15.     Upon information and belief, J.V. Car Wash and Broadway operate as a single entity.

16.     Upon information and belief, Defendant Webster Hand Car Wash Corp. ("Webster") was and is now a corporation duly organized and existing under the laws of the State of New York, with its principal place of business at 2669-2673 Webster Avenue, Bronx, New York.

17.     Upon information and belief, Defendant Harlem Hand Car Wash Inc. ("Harlem") was and is now a corporation duly organized and existing under the laws of the State of New York, with its principal place of business at 2600 Adam Clayton Powell, Jr., Boulevard, New York, New York.

18.     Upon information and belief, Defendant Bayway Hand Car Wash ("Bayway") is a corporation duly organized and existing under the laws of the State of New Jersey, with its principal place of business at 622 S. Broad Street, Elizabeth, New Jersey.

4

19.     Upon information and belief, at all times relevant to the Complaint, Defendant Jose Vazquez ("Vazquez") was and is an officer, director, president, vice president and/or owner of J.V. Car Wash/Broadway, Webster, Harlem and Bayway (collectively, the "Car Wash Defendants").

20.     Upon information and belief, at all times relevant to the Complaint, Vazquez actively managed, supervised, and directed, and continues actively to manage, supervise and direct the business and operations of the Car Wash Defendants, either directly or through agents.

21.     Upon information and belief, at all times relevant to the Complaint, Defendant Saturnino Vargas ("Vargas") was and is the manager of J.V. Car Wash/Broadway.

22.     Upon information and belief, at all times relevant to the Complaint, Vargas actively managed, supervised, and directed, and continues actively to manage, supervise and direct the business and operations of J.V. Car Wash/Broadway, either directly or through agents.

23.     Upon information and belief, at all times relevant to the Complaint, Defendant Domingo "Doe" ("Domingo Doe") was and is the assistant manager of J.V. Car Wash/Broadway.

24.     Upon information and belief, at all times relevant to the Complaint, Domingo Doe actively managed, supervised, and directed, and continues actively to manage, supervise and direct the business and operations of J.V. Car Wash/Broadway, either directly or through agents.

25.     Upon information and belief, at all times relevant to the Complaint, Defendant Adolfo "Doe" ("Adolfo Doe") was and is the manager of Harlem.

26.     Upon information and belief, at all times relevant to the Complaint, Adolfo Doe actively managed, supervised, and directed, and continues actively to manage, supervise and direct the business and operations of Harlem, either directly or through agents.

27.     Upon information and belief, at all times relevant to the Complaint, Defendant Jose Jimenez ("Jimenez") was and is the manager of Webster.

28.     Upon information and belief, at all times relevant to the Complaint, Jimenez actively managed, supervised, and directed, and continues actively to manage, supervise and direct the business and operations of Webster, either directly or through agents.

29.     Upon information and belief, at all times relevant to the Complaint, Defendant Ramon Perez ("Perez") was and is the manager of Bayway.

30.     Upon information and belief, at all times relevant to the Complaint, Ramon Perez actively managed, supervised, and directed, and continues actively to manage, supervise and direct the business and operations of Bayway, either directly or through agents.

31.     Upon information and belief, at all times relevant to the Complaint, Defendants John Does 1-10 (the "Doe Defendants") are other individual officers, managers, supervisors and employees of the Car Wash Defendants who participated in, contributed to and/or ratified the conduct set forth below.

32.     Upon information and belief, at all times relevant to the Complaint, the activities of the Defendants constituted an "enterprise" within the meaning of Sections 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r), (s).

33.     Upon information and belief, at all times relevant to the Complaint, Defendants employed employees, including the Named Plaintiffs herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Sections 3(b), 3(g), 3(i) and 3(j) of the FLSA, 29 U.S.C. §§ 203(b), (g), (i), (j).

## CLASS AND COLLECTIVE ALLEGATIONS

34.     This action is properly maintainable as a collective action pursuant to the FLSA § 216(b), and as a Class Action under Article 9 of the New York Civil Practice Law and Rules and Rule 23 of the Federal Rules of Civil Procedure.

35.     Named Plaintiffs bring this action on behalf of themselves and a class consisting of **all similarly situated persons who perform or have performed work for the Defendants washing, cleaning, drying and detailing cars, trucks and other vehicles, and performing other non-managerial car-wash-related work, between December 9, 2008 and the filing of this Complaint** (the "FLSA Class").

36.     Named Plaintiffs also bring claims under the New York Labor Law on behalf of themselves and a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of **all similarly situated persons who work or have worked for the Defendants within the State of New York washing, cleaning, drying and detailing cars, trucks and other vehicles, and performing other non-managerial car-wash-related work, between December 9, 2005 and the filing of this Complaint** (the "New York Class").

37.     Named Plaintiffs also bring claims under the New Jersey Wage and Hour Law on behalf of themselves and a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of **all similarly situated persons who work or have worked for the Defendants within the State of New Jersey washing, cleaning, drying and detailing cars, trucks and other vehicles, and performing other non-managerial car-wash-related work, between December 9, 2009 and the filing of this Complaint** (the "New Jersey Class" (together with the FLSA Class and the New York Class, the "Putative Class")).

38.     The Putative Class is so numerous that joinder of all members is impracticable. The size of the Putative Class is believed to be in excess of sixty (60) employees.  In addition, the names of all potential members of the Putative Class are not known.

39.     The questions of law and fact common to the Putative Class predominate over any questions solely affecting individual members of the Putative Class.

40.     The claims of the Named Plaintiffs are typical of the claims of the Putative Class.

41.     Named Plaintiffs and their counsel will fairly and adequately protect the interests of the Putative Class.

42.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## CLASSWIDE FACTUAL ALLEGATIONS

43.     Upon information and belief, since at least approximately 2005, the Defendants have employed numerous individuals at various car wash locations in New York and New Jersey as car washers, cleaners, driers, detailers, and other occupations related to the car-wash business that "customarily and regularly receive tips" as that term is defined under 29 U.S.C. §§ 203(m), (t), and the regulations and case law interpreting same.

44.     Upon information and belief, since at least approximately 2005, the Defendants employed numerous individuals at various car wash locations in New York and New Jersey as managers, supervisors, and other occupations that do not "customarily and regularly receive tips."

45.     Upon information and belief, under 29 U.S.C. § 201 *et seq.*, and the cases interpreting same, the Car Wash Defendants constitute an "enterprise engaged in commerce."

46.     Upon information and belief, Named Plaintiffs and the members of the Putative Class regularly were required to perform work for Defendants without receiving proper minimum wages and overtime compensation as required by applicable federal and state law.

47.     Upon information and belief, Named Plaintiffs and all members of the Putative Class constitute "employees" as that term is defined under 29 U.S.C. § 203(e), the New York Labor Law, N.Y. LAB. LAW § 651, and New Jersey Wage and Hour Law § 34:11-56al, and the case law interpreting the same.

48.     Upon information and belief, the payments made to Named Plaintiffs and other members of the Putative Class by Defendants constitute "wages" as that term is defined under 29 U.S.C. § 203(m), the New York Labor Law, N.Y. LAB. LAW § 651, and New Jersey Wage and Hour Law § 34:11-56a1.

49.     Upon information and belief, Defendants engaged in a regular pattern and practice of making unlawful deductions from the earned wages of Named Plaintiffs and other members of the Putative Class in violation of 29 U.S.C. § 203, and the New York Labor Law, N.Y. LAB. LAW §§ 193, 196-d.  These deductions include but are not limited to the taking of tipped employees' earned tips by management employees.

50.     Upon information and belief, while working for Defendants, Named Plaintiffs and the members of the Putative Class did not receive earned overtime wages, at the rate of one and one half times their regular rates of pay, for the time in which they worked for Defendants after the first forty (40) hours in any given week.

51.     Upon information and belief, while working for Defendants, Named Plaintiffs and the members of the New York Class did not receive a premium for working in excess of ten (10)

hours per workday and/or for work performed on a split shift, as required under the N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4.

52.     Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and applicable New York and New Jersey state law by failing to maintain proper and complete timesheets or payroll records.

53.     Upon information and belief, Defendant Vazquez was an officer, director, shareholder/owner and/or president of the Car Wash Defendants and (i) had the power to hire and fire employees for those entities; (ii) supervised and controlled employee work schedules or conditions of employment for those entities; (iii) determined the rate and method of payment for the Car Wash Defendants' employees; and (iv) maintained employment records for the Car Wash Defendants.

54.     Upon information and belief, Defendant Vazquez dominated the day-to-day operating decisions of the Car Wash Defendants, made major personnel decisions for the Car Wash Defendants, and had complete control of the alleged activities of the Car Wash Defendants that give rise to the claims brought herein.

55.     Upon information and belief, Defendant Vazquez acted directly or indirectly in the interests of the Car Wash Defendants.

56.     Upon information and belief, Defendant Vazquez, in his capacity as an officer, director, shareholder/owner and/or president of the Car Wash Defendants, actively participated in the unlawful method of payment for the Car Wash Defendants' employees.

57.     Upon information and belief, Defendant Vargas was a manager of certain of the Car Wash Defendants and (i) had the power to hire and fire employees for those entities; (ii) supervised and controlled employee work schedules or conditions of employment for those

entities; (iii) participated in determining the rate and method of payment for certain of the Car Wash Defendants' employees; and (iv) maintained employment records for certain of the Car Wash Defendants.

58.     Upon information and belief, Defendant Vargas made day-to-day operating decisions for certain of the Car Wash Defendants and made personnel decisions for certain of the Car Wash Defendants.

59.     Upon information and belief, Defendant Vargas acted directly or indirectly in the interest of the Car Wash Defendants.

60.     Upon information and belief, Defendant Vargas, in his capacity as a manager of certain of the Car Wash Defendants, actively participated in the unlawful method of payment for certain of the Car Wash Defendants' employees.

61.     Upon information and belief, Defendant Jimenez was a manager of certain of the Car Wash Defendants and (i) had the power to hire and fire employees for those entities; (ii) supervised and controlled employee work schedules or conditions of employment for those entities; (iii) participated in determining the rate and method of payment for certain of the Car Wash Defendants' employees; and (iv) maintained employment records for certain of the Car Wash Defendants.

62.     Upon information and belief, Defendant Jimenez made day-to-day operating decisions for certain of the Car Wash Defendants and made personnel decisions for certain of the Car Wash Defendants.

63.     Upon information and belief, Defendant Jimenez acted directly or indirectly in the interest of the Car Wash Defendants.

64.     Upon information and belief, Defendant Jimenez, in his capacity as a manager of certain of the Car Wash Defendants, actively participated in the unlawful method of payment for certain of the Car Wash Defendants' employees.

65.     Upon information and belief, Defendant Perez was a manager of certain of the Car Wash Defendants and (i) had the power to hire and fire employees for those entities; (ii) supervised and controlled employee work schedules or conditions of employment for those entities; (iii) participated in determining the rate and method of payment for certain of the Car Wash Defendants' employees; and (iv) maintained employment records for certain of the Car Wash Defendants.

66.     Upon information and belief, Defendant Perez made day-to-day operating decisions for certain of the Car Wash Defendants and made personnel decisions for certain of the Car Wash Defendants.

67.     Upon information and belief, Defendant Perez acted directly or indirectly in the interest of the Car Wash Defendants.

68.     Upon information and belief, Defendant Perez, in his capacity as a manager of certain of the Car Wash Defendants, actively participated in the unlawful method of payment for certain of the Car Wash Defendants' employees.

69.     Upon information and belief, Defendant Adolfo Doe was a manager of certain of the Car Wash Defendants and (i) had the power to hire and fire employees for those entities; (ii) supervised and controlled employee work schedules or conditions of employment for those entities; (iii) participated in determining the rate and method of payment for certain of the Car Wash Defendants' employees; and (iv) maintained employment records for certain of the Car Wash Defendants.

70.     Upon information and belief, Defendant Adolfo Doe made day-to-day operating decisions for certain of the Car Wash Defendants and made personnel decisions for certain of the Car Wash Defendants.

71.     Upon information and belief, Defendant Adolfo Doe acted directly or indirectly in the interest of the Car Wash Defendants.

72.     Upon information and belief, Defendant Adolfo Doe, in his capacity as a manager of certain of the Car Wash Defendants, actively participated in the unlawful method of payment for certain of the Car Wash Defendants' employees.

73.     Upon information and belief, Defendant Domingo Doe was an assistant manager of certain of the Car Wash Defendants and (i) had the power to hire and fire employees for those entities; (ii) supervised and controlled employee work schedules or conditions of employment for those entities; (iii) participated in determining the rate and method of payment for certain of the Car Wash Defendants' employees; and (iv) maintained employment records for certain of the Car Wash Defendants.

74.     Upon information and belief, Defendant Domingo Doe participated in day-to-day operating decisions for certain of the Car Wash Defendants and participated in personnel decisions for certain of the Car Wash Defendants.

75.     Upon information and belief, Defendant Domingo Doe acted directly or indirectly in the interest of the Car Wash Defendants.

76.     Upon information and belief, Defendant Domingo Doe, in his capacity as an assistant manager of certain of the Car Wash Defendants, actively participated in the unlawful method of payment for certain of the Car Wash Defendants' employees.

77.     The Defendants' unlawful conduct has been widespread, repeated, and consistent.

## PLAINTIFFS' FACTUAL ALLEGATIONS

A.    Ronard Lora

78.     Named Plaintiff Lora was an employee of the Defendants, working at J.V. Car Wash/Broadway, from approximately October 17, 2009, through approximately July 2010, and at Harlem from approximately July 2010 through approximately October 19, 2010.

79.     From approximately October 17, 2009, through approximately early August 2010, Named Plaintiff Lora worked from 7:30 a.m. to 7:30 p.m., six days a week, at J.V. Car Wash/Broadway, for which he was typically paid approximately $60.00 per day.  During this period, Named Plaintiff Lora typically received an additional amount of $20.00 per day from management as "tips."

80.     From approximately mid-July 2010, through approximately mid-August 2010, Named Plaintiff Lora worked from 7:30 a.m. to 7:30 p.m., six days a week, at Harlem, for which he was typically paid approximately $60.00 per day.  During this period, Named Plaintiff Lora typically received an additional amount of $16.00 per day from management as "tips."

81.     From approximately early August 2010, through approximately October 19, 2010, Named Plaintiff Lora worked from 7:30 a.m. to 7:30 p.m., five days a week, at Harlem for which he was typically paid approximately $70.00 per day.  During this period, Named Plaintiff Lora typically received an additional amount of $16.00 per day from management as "tips."

82.     Upon information and belief, in the course of Named Plaintiff Lora's employment at J.V. Car Wash/Broadway and Harlem, Named Plaintiff Lora had conversations with his co-workers, from whom he learned that the employees who worked at Webster worked the same hours as the employees at J.V. Car Wash/Broadway and at Harlem, and that the employees who

worked at Webster were paid in the same manner and amounts (or less) than the employees at J.V. Car Wash/Broadway and at Harlem.

83.     Throughout the period of his employment, Defendants never advised Named Plaintiff Lora of the tip credit provisions of the FLSA, and Defendants never permitted Named Plaintiff Lora to retain all of the amounts that he received as tips.  Further, throughout the period of his employment, Defendants never advised Named Plaintiff Lora of the tip credit provisions of the New York Labor Law, and Defendants never permitted Named Plaintiff Lora to retain all of the amounts that he received as tips.

84.     Defendants have failed to compensate Named Plaintiff Lora at the minimum wage rate.

85.     At all times relevant to this Complaint, Named Plaintiff Lora was required to be paid overtime pay at the statutory rate of time and one-half his regular rate of pay after he had worked forty (40) hours in a workweek.

86.     From approximately October 17, 2009, through approximately October 19, 2010, Defendants have failed to compensate Named Plaintiff Lora for time worked in excess of forty (40) hours per week at a rate of at least one and one-half times his regular hourly rate.

87.     From approximately October 17, 2009, through approximately October 19, 2010, Named Plaintiff Lora worked more than ten (10) hours and/or worked a split shift on most workdays on which he was employed by the Defendants.

88.     From approximately October 17, 2009, through approximately October 19, 2010, Defendants have failed to compensate Named Plaintiff Lora for time worked on a shift of more than ten (10) hours and/or worked on a split shift.

89. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the New York Labor Law by failing to maintain accurate time sheets, payroll records and post compliance posters.

90. At all times relevant to this Complaint, Defendants paid Named Plaintiff Lora in cash, without providing an accurate indication as to his rate of pay, his hours worked each day, and the total hours he worked each week.

91. Defendants denied Named Plaintiff Lora time off for meals and breaks.

92. On numerous occasions, Named Plaintiff Lora received neither the thirty (30) minute noonday break period during shifts in excess of six (6) hours that extend over the noonday meal period, nor the additional twenty (20) minutes between 5:00 p.m. and 7:00 p.m. for those employed on a shift starting before 11:00 a.m. and continuing after 7:00 p.m.

93. Defendants' failure to pay Named Plaintiff Lora for all his hours worked has been willful.

94. Defendants' failure to pay Named Plaintiff Lora an overtime premium for his work in excess of forty (40) hours per week has been willful.

95. The Defendants' failure to pay Named Plaintiff Lora for working in excess of a spread of ten hours per day and/or for working a split shift has been willful.

B. Hugo Rivera

96. Named Plaintiff Rivera was an employee of the Defendants, working at Bayway, from approximately February 2009, through approximately September 25, 2011.

97. From approximately February 2009 through approximately March 2011, Named Plaintiff Rivera worked from 8:00 a.m. to 6:00 p.m., seven days a week, for which he was typically paid an average of approximately $30.00 per day.

98.     From approximately March 2011, through approximately September 25, 2011, Named Plaintiff Rivera worked from 8:00 a.m. to 6:00 p.m., six days a week, for which he was typically paid an average of approximately $30.00 per day.

99.     At times, the Car Wash Defendants failed to pay Named Plaintiff Rivera anything for hours that he worked.

100.    Throughout the period of his employment, Defendants withheld "tips" paid by customers at Bayway from Named Plaintiff Rivera.

101.    Throughout the period of his employment, Defendants never advised Named Plaintiff Lora of the tip credit provisions of the FLSA, and Defendants never permitted Named Plaintiff Lora to retain all of the amounts that he received as tips.  Further, throughout the period of his employment, Defendants never advised Named Plaintiff Lora of the tip credit provisions of the New York Wage and Hour Law, and Defendants never permitted Named Plaintiff Lora to retain all of the amounts that he received as tips.

102.    Defendants have failed to compensate Named Plaintiff Rivera at the minimum wage rate.

103.    At all times relevant to this Complaint, Named Plaintiff Rivera was required to be paid overtime pay at the statutory rate of time and one-half his regular rate of pay after he had worked forty (40) hours in a workweek.

104.    From approximately February 2009, through approximately September 25, 2011, Defendants have failed to compensate Named Plaintiff Rivera for time worked in excess of forty (40) hours per week at a rate of at least one and one-half times his regular hourly rate.

105.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the New Jersey Wage and Hour Law by failing to maintain accurate time sheets, payroll records and post compliance posters.

106.     At all times relevant to this Complaint, Defendants paid Named Plaintiff Rivera, wholly or partially in cash, without providing an accurate indication as to his rate of pay, his hours worked each day, and the total hours he worked each week.

107.     Defendants denied Named Plaintiff Rivera time off for meals and breaks.

108.     Defendants' failure to pay Named Plaintiff Rivera for all his hours worked has been willful.

109.     Defendants' failure to pay Named Plaintiff Rivera an overtime premium for his work in excess of forty (40) hours per week has been willful.

### FIRST CAUSE OF ACTION: ### THE FAIR LABOR STANDARDS ACT: ### UNPAID MINIMUM WAGES

110.     Named Plaintiffs repeat and re-allege each and every allegation set forth in Paragraphs 1 through 109 of this Complaint, as if fully set forth herein.

111.     Named Plaintiffs have consented to be parties to this action pursuant to 29 U.S.C. § 216(b).

112.     The Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this complaint.

113.     Pursuant to FLSA, 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not

less than – (A) \$5.85 an hour, beginning on [July 24,] 2007; (B) \$6.55 an hour, beginning [July 24, 2008]; and (C) \$7.25 an hour, beginning [July 24, 2009]."

114.    Further, pursuant to FLSA, 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

115.    Named Plaintiffs and other members of the FLSA Class are employees, within the meaning contemplated in FLSA, 29 U.S.C. § 203(e).

116.    The Car Wash Defendants constitute an employer within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

117.    Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, each of Defendants Vazquez, Vargas, Jimenez, Adolfo Doe, Domingo Doe and Ramon Perez constitutes an "employer" for the purpose of FLSA and, consequently, each of Defendants Vazquez, Vargas, Jimenez, Adolfo Doe, Domingo Doe and Ramon Perez is liable for violations of FLSA.

118.    Upon information and belief, Defendants failed to pay Named Plaintiffs and other members of the FLSA Class all earned minimum wages for all of the time they worked for Defendants in any given week.

119.    Pursuant to FLSA, 29 U.S.C. § 203(m), a "tip credit" against the minimum wage may only be taken against the minimum wage where "all tips received by such employee have been retained by the employee, except [for] the pooling of tips among employees who customarily and regularly receive tips."

120.    Upon information and belief, Defendants did not pay all tips received by its tipped employees to those employees and others working in occupations which "customarily and

regularly receive tips," and improperly retained tips and gratuities for management personnel and car wash expenses.

121.   Upon information and belief, Defendants illegally claimed a tip credit against the minimum wage for its tipped employees, when such a credit was not legally permissible.

122.   The Defendants have willfully failed to pay to Named Plaintiffs and other members of the FLSA Class, for each hour that they worked, a wage of not less than the statutory minimum set forth in 29 U.S.C. § 206(a).

123.   The Defendants also violated Section 211(c) of the FLSA, 29 U.S.C. § 211(c), by failing to keep required records.

124.   The Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.  The Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Named Plaintiffs and other similarly situated current and former employees.

125.   Because of the Defendants' willful violations of the FLSA, a three-year statute of limitations applies to such violations pursuant to 29 U.S.C. § 255.

126.   As a result of the Defendants' willful violations of the FLSA, Named Plaintiffs and all others similarly situated have suffered damages by being denied minimum wages in accordance with 29 U.S.C. §§ 206 *et seq*.

127.   As a result of the unlawful acts of the Defendants, Named Plaintiffs and the members of the FLSA Class have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION:
## THE FAIR LABOR STANDARDS ACT:
## UNPAID OVERTIME PREMIUM HOURLY WAGES

128.    Named Plaintiffs repeat and re-allege each and every allegation set forth in

Paragraphs 1 through 127 of this Complaint, as if fully set forth herein.

129.    Named Plaintiffs have consented to be parties to this action pursuant to 29 U.S.C.

§ 216(b).

130.    The Defendants have engaged in a widespread pattern and practice of violating

the FLSA, as detailed in this complaint.

131.    Pursuant to the FLSA, 29 U.S.C § 207, "no employer shall employ any of his

employees who in any workweek is engaged in commerce or in the production of goods for

commerce, or is employed in an enterprise engaged in commerce or in the production of goods

for commerce, for a workweek longer than forty hours unless such employee receives

compensation for his employment in excess of the hours above specified at a rate not less than

one and one-half times the regular rate at which he is employed."

132.    Further, pursuant to FLSA, 29 U.S.C. § 203(d), an "employer" includes "any

person acting directly or indirectly in the interest of an employer in relation to an employee and

includes a public agency, but does not include any labor organization (other than when acting as

an employer) or anyone acting in the capacity of officer or agent of such labor organization."

133.    Named Plaintiffs and other members of the FLSA Class are employees, within the

meaning contemplated in FLSA, 29 U.S.C. § 203(e).

134.    The Car Wash Defendants constitute an employer within the meaning

contemplated in the FLSA, 29 U.S.C. § 203(d).

135.    Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, each of

Defendants Vazquez, Vargas, Jimenez, Adolfo Doe, Domingo Doe and Ramon Perez constitutes

an "employer" for the purpose of FLSA and, consequently, each of Defendants Vazquez, Vargas, Jimenez, Adolfo Doe, Domingo Doe and Ramon Perez is liable for violations of FLSA.

136.    Upon information and belief, Defendants failed to pay Named Plaintiffs and other members of the FLSA Class overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty hours in any given week.

137.    The Defendants have willfully failed to record, credit, or properly compensate Named Plaintiffs and the FLSA Class Members for work performed in excess of 40 hours per workweek.

138.    The Defendants also violated Section 211(c) of the FLSA, 29 U.S.C. § 211(c), by failing to keep required records.

139.    The Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.  The Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Named Plaintiffs and other similarly situated current and former employees.

140.    Because of the Defendants' willful violations of the FLSA, a three-year statute of limitations applies to such violations pursuant to 29 U.S.C. § 255.

141.    As a result of the Defendants' willful violations of the FLSA, Named Plaintiffs and all others similarly situated have suffered damages by being denied overtime compensation and other wages in accordance with 29 U.S.C. §§ 206 *et seq.*

142.    As a result of the unlawful acts of the Defendants, Named Plaintiffs and the FLSA Class have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages,

prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C.

§ 216(b).

### THIRD CAUSE OF ACTION:
### VIOLATIONS OF THE NEW YORK LABOR LAW:
### UNPAID MINIMUM WAGES

143.   Named Plaintiffs repeat and re-allege each and every allegation set forth in

Paragraphs 1 through 142 of this Complaint, as if fully set forth herein.

144.   Pursuant to the Article 6 and Article 19 of the New York Labor Law, workers,

such as Named Plaintiffs and other members of the New York Class, are protected from wage

underpayments and improper employment practices.

145.   Pursuant to the New York Labor Law, N.Y. LAB. LAW § 652, "Every employer

shall pay to each of its employees for each hour worked a wage of not less than: … $6.00 on and

after January 1, 2005, $6.75 on and after January 1, 2006, [and] $7.15 on and after January 1,

2007, or, if greater, such other wage as may be established by federal law pursuant to [FLSA]."

146.   Pursuant to the New York Labor Law, N.Y. LAB. LAW § 651, the term

"employee" means "any individual employed or permitted to work by an employer in any

occupation."

147.   As persons employed for hire by Defendants, Named Plaintiffs and other

members of the New York Class are "employees," as understood in the New York Labor Law,

N.Y. LAB. LAW § 651.

148.   Pursuant to the New York Labor Law, N.Y. LAB. LAW § 651, the term

"employer" includes any "any individual, partnership, association, corporation, limited liability

company, business trust, legal representative, or any organized group of persons acting as

employer."

149.    As the entities that hired the Named Plaintiffs and other members of the New York Class, the Car Wash Defendants constitute an "employer."

150.    Upon information and belief, pursuant to the New York Labor Law §§ 190 *et seq*, 650 *et seq* and the cases interpreting same, each of Defendants Vazquez, Vargas, Jimenez, Adolfo Doe, Domingo Doe and Ramon Perez is an "employer."

151.    Defendants violated the New York Labor Law, N.Y. LAB. LAW § 650, *et seq*, by failing to pay proper wages to Named Plaintiffs and other members of the New York Class, by, among other things, failing to pay minimum wages to Named Plaintiffs and other members of the New York Class for all hours worked.

152.    Upon information and belief, Defendants' failure to pay Named Plaintiffs and other members of the New York Class the required wages as set forth above was willful within the meaning of Sections 198 and 663 of the New York Labor Law.

153.    The Defendants failed to maintain proper employment records as required by N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.6, and Sections 195(4) and 661 of the New York Labor Law.

154.    Named Plaintiffs and the members of the New York Class are entitled to the unpaid wages required by New York Labor Law.

155.    As a result of the unlawful acts of the Defendants, Named Plaintiffs and the members of the New York Class have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the New York Labor Law, N.Y. LAB. LAW § 650 *et seq*.

**FOURTH CAUSE OF ACTION:**
**VIOLATIONS OF THE NEW YORK LABOR LAW:**
**UNPAID OVERTIME PREMIUM HOURLY WAGES**

156.    Named Plaintiffs repeat and re-allege each and every allegation set forth in Paragraphs 1 through 155 of this Complaint, as if fully set forth herein.

157.    N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2 requires an employer shall to pay an employee overtime "at a wage rate of one and one-half times the employee's regular rate."

158.    The New York Labor Law, N.Y. LAB. LAW § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

159.    Upon information and belief, Named Plaintiffs and other members of the New York Class worked more than forty (40) hours a week while working for Defendants.

160.    Upon information and belief, Named Plaintiffs and other members of the New York Class did not receive the New York statutory overtime compensation for all hours worked after the first forty (40) hours of work in a week.

161.    Consequently, by failing to pay to Named Plaintiffs and other members of the New York Class the overtime compensation for work they performed after the first forty (40) hours worked in a week, Defendants violated the New York Labor Law, N.Y. LAB. LAW § 663 and N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2.

162.    Defendants' failure to pay overtime compensation for work performed by Named Plaintiffs and other members of the New York Class after the first forty (40) hours worked in a week was willful within the meaning of the New York Labor Law, N.Y. LAB. LAW §§ 198 and 663.

163.     The Defendants have willfully failed to record, credit, or properly compensate Named Plaintiffs and other members of the New York Class for work performed in excess of forty (40) hours per workweek.

164.     The Defendants failed to maintain proper employment records as required by N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.6 and the New York Labor Law, N.Y. Lab. Law §§ 195(4) and 661.

165.     Named Plaintiffs and the members of the New York Class are entitled to the unpaid overtime compensation required by New York Labor Law.

166.     As a result of the unlawful acts of the Defendants, Named Plaintiffs and the members of the New York Class have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the New York Labor Law, N.Y. Lab. Law § 650 *et seq*.

**FIFTH CAUSE OF ACTION:**
**VIOLATIONS OF THE NEW YORK LABOR LAW:**
**UNPAID SPREAD OF HOURS PAY**

167.     Named Plaintiffs repeat and re-allege each and every allegation set forth in Paragraphs 1 through 166 of this Complaint, as if fully set forth herein.

168.     At times relevant to this action, Named Plaintiffs and the Rule 23 Class Members were employees and the Defendants have been employers within the meaning of Sections 190(2)-(3) and 651(5)-(6) of the New York Labor Law.

169.     The Defendants failed to pay Named Plaintiffs and the Rule 23 Class Members an extra hour of pay at the statutory minimum hourly wage rate for each day when the shift of a Named Plaintiff or of a member of the New York Class exceeded ten (10) hours, and/or when a

Named Plaintiff or a member of the New York Class worked a split shift, in violation of N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4.

170.    The Defendants' failure to pay the required wages as set forth above was willful within the meaning of Sections 198 and 663 of the New York Labor Law.

171.    The Defendants failed to maintain proper employment records as required by N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.6 and the New York Labor Law, N.Y. LAB. LAW §§ 195(4) and 661.

172.    Named Plaintiffs and the members of the New York Class are entitled to the unpaid wages required by New York Labor Law.

173.    As a result of the unlawful acts of the Defendants, Named Plaintiffs and the members of the New York Class have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the New York Labor Law, N.Y. LAB. LAW § 650 *et seq.*

**SIXTH CAUSE OF ACTION:**
**VIOLATIONS OF THE NEW YORK LABOR LAW:**
**IMPROPERLY WITHHELD GRATUITIES**

174.    Named Plaintiffs repeat and re-allege each and every allegation set forth in Paragraphs 1 through 173 of this Complaint, as if fully set forth herein.

175.    Pursuant to the New York Labor Law, N.Y. LAB. LAW § 196-d, "No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

176.     By improperly withholding portions of gratuities provided to Named Plaintiffs and other members of the New York Class, Defendants violated the New York Labor Law, N.Y. LAB. LAW § 196-d.

177.     Upon information and belief, Defendants' improper withholding of gratuities earned by Named Plaintiffs and other members of the New York Class was willful within the meaning of Sections 198 and 663 of the New York Labor Law.

178.     The Defendants failed to maintain proper employment records as required by N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.6 and the New York Labor Law, N.Y. LAB. LAW §§ 195(4) and 661.

179.     Named Plaintiffs and the members of the New York Class are entitled to the unpaid gratuities required by New York Labor Law.

180.     As a result of the unlawful acts of the Defendants, Named Plaintiffs and the members of the New York Class have been deprived of wages and gratuities in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the New York Labor Law, N.Y. LAB. LAW § 650 *et seq.*

### SEVENTH CAUSE OF ACTION:
### VIOLATIONS OF THE NEW JERSEY WAGE AND HOUR LAW:
### UNPAID MINIMUM WAGE COMPENSATION

181.     Named Plaintiffs repeat and re-allege each and every allegation set forth in Paragraphs 1 through 180 of this Complaint, as if fully set forth herein.

182.     Pursuant to the New Jersey Wage and Hour Law, N.J. STAT. ANN. §§ 34:11-56a *et seq.* and N.J.A.C. §12:56-3.1, "employees shall be paid not less than the minimum hourly wage rate set by [the FLSA]."

183.    Pursuant to the New Jersey Wage and Hour Law, N.J. STAT. ANN. §§ 34:11-56a *et seq*. and N.J.A.C. §§12:56-1.1 *et seq*., workers, such as Named Plaintiffs and other members of the New Jersey Class, are protected from wage underpayments and improper employment practices.

184.    Pursuant to the New Jersey Wage and Hour Law, N.J. STAT. ANN. § 34:11-56al(g), the term "employer" means "any individual, partnership, association, corporation or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee."

185.    As the entities that hired the Named Plaintiffs and other members of the New Jersey Class, the Car Wash Defendants constitute an "employer."

186.    Pursuant to N.J. STAT. ANN. § 34:11-56a1(h), the term "employee" means "any individual employed by an employer."

187.    As persons employed for hire by Defendants, Named Plaintiffs and other members of the New Jersey Class are "employees."

188.    Upon information and belief, pursuant to N.J. STAT. ANN. §§ 34:11-56a *et seq*., and the cases interpreting same, each of Defendants Vazquez, Vargas, Jimenez, Adolfo Doe, Domingo Doe and Ramon Perez is an "employer."

189.    Defendants failed to pay Named Plaintiffs and other members of the New Jersey Class the minimum wage for all hours worked.

190.    In failing to pay Named Plaintiffs and other members of the New Jersey Class minimum wages for all hours worked, Defendants violated N.J. STAT. ANN. § 34:11-56a4 and N.J.A.C. § 12:56-3.1.

191.    Pursuant to N.J. STAT. ANN. § 34:11-56a25, "[i]f any employee is paid by an employer less than the minimum fair wage to which such employee is entitled … such employee may recover in a civil action the full amount of such minimum wage less any amount actually paid to him or her by the employer together with costs and such reasonable attorney's fees as may be allowed by the court …."

192.    Upon information and belief, Defendants' failure to pay Named Plaintiffs and other members of the New Jersey Class the required wages as set forth above was willful.

193.    Named Plaintiffs and the members of the New Jersey Class are entitled to the unpaid wages required by the New Jersey Wage and Hour Law.

194.    As a result of the unlawful acts of the Defendants, Named Plaintiffs and the members of the New Jersey Class have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to N.J. STAT. ANN. §§ 34:11-56a *et seq*. and N.J.A.C. §§ 12:56 *et seq*.

<b>EIGHTH CAUSE OF ACTION:<br>VIOLATIONS OF THE NEW JERSEY WAGE AND HOUR LAW:<br>UNPAID OVERTIME COMPENSATION</b>

195.    Named Plaintiffs repeat and re-allege each and every allegation set forth in Paragraphs 1 through 194 of this Complaint, as if fully set forth herein.

196.    Pursuant to the New Jersey Wage and Hour Law, N.J. STAT. ANN. § 34:11-56a4, and N.J.A.C. §12:56-6.1, "Every employer shall pay to each of his employees … [one and one-half] 1½ times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week …."

197.    Named Plaintiffs and other members of the New Jersey Class regularly worked over forty (40) hours per week, and were not properly paid overtime compensation at time and one-half their regular hourly wage for such hours.

198.    In failing to pay Named Plaintiffs and other members of the New Jersey Class overtime compensation for all hours worked over forty (40) hours in any given week, Defendants violated N.J. STAT. ANN. § 34:11-56a4 and N.J.A.C. § 12:56-6.4.

199.    Upon information and belief, Defendants' failure to pay Named Plaintiffs and other members of the New Jersey Class the required overtime compensation as set forth above was willful.

200.    Named Plaintiffs and the members of the New Jersey Class are entitled to the unpaid overtime compensation required by the New Jersey Wage and Hour Law.

201.    As a result of the unlawful acts of the Defendants, Named Plaintiffs and the members of the New Jersey Class have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to N.J. STAT. ANN. §§ 34:11-56a *et seq.* and N.J.A.C. §§ 12:56 *et seq.*

## JURY DEMAND

202.    Named Plaintiffs request a jury trial on all issues of fact and damages arising herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A.      That, at the earliest possible time, Named Plaintiffs be allowed to give notice of this collective action, or that the court issue such notice, to all persons who are

presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this court's issuance of court-supervised notice, been employed by the Defendants as non-exempt employees.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper minimum hourly compensation and premium overtime wages;

B.   Unpaid wages and an additional and equal amount as liquidated damages as pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

C.   Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.   Designation of Named Plaintiffs Ronard Lora and Hugo Rivera as representatives of the Putative Class, and counsel of record as Class Counsel;

E.   Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the New York Labor Law, N.Y. LAB. LAW, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations; and under the New Jersey Wage and Hour Law, N.J. STAT. ANN. §§ 34:11-4.1, *et seq.*, §§ 34:11-56a *et seq.*, and the supporting New Jersey State regulations.

F.   Prejudgment interest;

G.      An injunction requiring the Defendants and any and all subsidiaries, or successors-in-interest, to pay all statutorily-required wages pursuant to the New York Labor Law and pursuant to the New Jersey Wage and Hour Law;

H.      After determination of class-wide liability, of individual damages, and of the Defendants' liability for back pay, notice to class members of the opportunity to intervene in this action or to file separate actions to recover liquidated damages under Article 6 and Article 19 of the New York Labor Law, N.Y. LAB. LAW, §§ 198(1-a), 663(1);

I.      Attorneys' fees and costs of the action; and

J.      Such other relief as this Court shall deem just and proper.

Dated: New York, New York

December 9, 2011

Respectfully submitted,

**ARENSON, DITTMAR & KARBAN**

By: Steven Arenson
295 Madison Avenue, Suite 700
New York, New York 10017
(212) 490-3600

Attorneys for Named Plaintiffs Ronard Lora and
Hugo Rivera and the Putative Class

33