

LAW OFFICES
ARENSON, DITTMAR & KARBAN
295 MADISON AVENUE
NEW YORK, N.Y. 10017

FACSIMILE
(212) 490-7102

TELEPHONE
(212) 490-3600

June 11, 2013

To The Clerk of The Court:
Please docket and place
this document in the public file.

*LLS  6/12/13*
Louis L. Stanton
U.S.D.J

**BY FEDEX**
The Honorable Louis L. Stanton
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Ronard Lora, et al., v. J.V. Car Wash, Ltd., et al.*, No. 11-CV-9010 (LLS)

Dear Judge Stanton:

We represent the Plaintiffs Ronard Lora, Hugo Rivera, Marco Antonio Diaz, Melvin Lora, Eduardo Lora, Giovanni Paulino, Jose Rodriguez and Jose Rodolfo Rodriguez-Tineo, together with ten other opt-in plaintiffs (the "Plaintiffs") in the above-referenced action (the "FLSA Action").

I write concerning the June 11, 2013 letter sent to you by Jerry Chrisafis, Esq., on behalf of Mr. Jose Vazquez and the corporate Defendants in this FLSA Action. As Mr. Chrisafis advised the Court in his letter, I noted on the record this morning that his clients had failed to appear for their duly noticed depositions, and that they were therefore in default of their required appearances. My reasons for doing so – and for not extending to Mr. Chrisafis the "professional courtesy" of adjourning the Defendants' depositions – are laid out in detail in my June 10, 2013 letter to Mr. Chrisafis,[1] and were made clear to him in our telephone call this morning.

As can be seen in my June 10 letter, the Plaintiffs in this FLSA Action have made diligent efforts to move the discovery process forward, in light of the impending August 5, 2013 trial date set by the Court. Defendants have at every turn sought to thwart Plaintiffs' discovery efforts – starting with Defendants' complete failure to date to respond to any of Plaintiffs' discovery demands that were served on July 16, 2012; continuing through Defendants' choice to ignore Plaintiffs' attempts to schedule and confirm deposition dates; and culminating in my being notified at 5:10 p.m. on June 10, 2013 – the eve of Defendants' scheduled depositions – that counsel of record had been fired.

While Mr. Chrisafis speaks of his need to protect his clients' interests, given that they are now without counsel to represent them in this FLSA Action,[2] my obligation is to protect the

---

[1] Mr. Chrisafis states in his letter to the Court that he has attached copies of my two letters, without identifying those letters by date. As Mr. Chrisafis' letter indicates that he has not provided me with copies of any of the documents that he has sent to the Court (including the letter in which Mr. Vazquez allegedly discharged Paul E. Kerson, Esq., as counsel of record), I am including with this letter my letters to Mr. Chrisafis dated June 10, 2013, and June 11, 2013.

[2] Despite having appeared at every conference in this FLSA Action, and at the depositions of the Plaintiffs that were conducted on July 24, 2012, Mr. Chrisafis has never filed a notice of appearance in this matter.

The Hon. Louis L. Stanton
June 11, 2013
Page 2

interests of the Plaintiffs. This FLSA Action was filed on **December 9, 2011**. That the Defendants chose to be without counsel mere **hours** before their depositions were to be taken speaks loudly of the Defendants' continuing desire to avoid having to testify under oath, and to prevent the parties from reaching the merits of the Plaintiffs' FLSA Action. Your Honor's May 3, 2013 Order regarding the trial and pre-trial schedule stated quite clearly that "[n]o extensions of these deadlines will be allowed except upon a showing of good cause not foreseeable at the date of this order." Mr. Vazquez's tactic of a last-minute dismissal of his attorney should not be rewarded by allowing him to delay the trial and pre-trial schedule.

We are happy to attend a conference to discuss these matters at the Court's convenience. We ask that the Court consider this letter our request, pursuant to Local Rule 37.2, for an informal conference to discuss the Defendants' failures to comply with their discovery obligations in this FLSA Action, as a precursor to our making a motion for relief under Rule 37 of the Federal Rules of Civil Procedure.

Respectfully submitted,

Laura E. Longobardi

LEL:
cc:     Jerry Chrisafis, Esq. (by telecopier (with attachments))

LAW OFFICES
## ARENSON, DITTMAR & KARBAN
295 MADISON AVENUE
NEW YORK, N.Y. 10017

FACSIMILE
(212) 490-7102

TELEPHONE
(212) 490-3600

June 10, 2013

**BY TELECOPIER to: (718) 721-7981; and**
**BY ELECTRONIC MAIL to: jerrychrisafis@verizon.net**

Jerry Chrisafis, Esq.
2183 Steinway Street
Astoria, New York 11105

      Re:   *Ronard Lora, et al., v. J.V. Car Wash, Ltd., et al.*
             **Southern District of New York, Docket No. 11-CV-9010 (LLS)**

Dear Jerry:

      Paul E. Kerson, Esq., has just advised me this evening that he is no longer representing the Defendants in the above-referenced action because your client, Mr. Jose Vazquez, has "fired him." As you undoubtedly are aware, I have noticed the depositions of the corporate representatives of the Defendants in this action beginning **tomorrow, June 11, 2013, at 10:00 a.m.**, in my office. This letter is to confirm the voice message that I left at your office at 6:10 p.m. this evening, advising you that **I intend to proceed with those depositions tomorrow as scheduled.**

      As you know from your attendance at the conference before the Honorable Louis L. Stanton, United States District Judge, on May 3, 2013, this action has been set down for trial beginning on Monday, August 5, 2013, at 10:30 a.m. Judge Stanton also issued a written order setting July 15, 2013, as the date by which Plaintiffs must submit a draft pre-trial order to Defendants; and setting July 31, 2013, at noon, as the time by which the parties must submit the joint pre-trial order, proposed voir dire questions, proposed jury charges, trial briefs and proposed verdict forms to the Court. With these dates in mind, on May 21, 2013, I served Mr. Kerson, by FedEx and by electronic mail, with Plaintiffs' Re-Notice of Depositions of Designated Corporate Representatives,[1] and with Plaintiffs' Notice of Depositions of Individual Defendants. The Re-Notice of Depositions required each of corporate defendants and each of the individual defendants to appear at my office for their depositions on beginning *on June 4, 5, 6, and continuing from day to day until completed* (for the corporate defendants), and *on June 11, 12, 13, 18 and 19* (for the individual defendants).

      In my May 21, 2013 electronic mail transmittal to Mr. Kerson, I asked him to call me to confirm the dates that I had noticed for the Defendants' depositions. When he still had not called

---

[1] The depositions of the corporate representatives originally were noticed to begin on October 18, 2012, pursuant to a Notice of Deposition of Designated Corporate Representatives that was served upon Mr. Kerson on October 3, 2012. On October 16, 2012, Mr. Kerson requested that the depositions be adjourned in order to accommodate his trial schedule. I consented to that adjournment at that time. Following that adjournment, Mr. Kerson proposed that we attempt to mediate this action, and requested that the Court stay all proceedings pending those mediation efforts. That stay remained in place until the May 3, 2013 conference before Judge Stanton.

ARENSON DITTMAR & KARBAN

Jerry Chrisafis, Esq.
June 10, 2013
Page 2

me to confirm these dates by May 30, 2013, I left him voice messages at several different telephone numbers, asking him to call me. When he still had not responded to any of my telephone calls, on May 31, 2013, I sent Mr. Kerson a letter, by telecopier to several different telecopier numbers and by electronic mail, asking to him confirm his attendance with the designated corporate representatives, beginning on June 4, 2013.

At 8:24 p.m. on Friday, May 31, 2013, Mr. Kerson called my office, at which time he advised me that he would be meeting with his client on June 4, 2013, to determine his availability and the availability of the other defendants for depositions. Mr. Kerson thus tacitly advised me that he would not be producing any witness for a deposition on June 4, 2013. Mr. Kerson also advised me that he would call me on Tuesday, June 4, 2013, to discuss a deposition schedule. I told Mr. Kerson that I would cancel the deposition for Tuesday, June 4, 2013, and that I expected to hear from him that day.

At 6:06 p.m. on Tuesday, June 4, 2013, I again called Mr. Kerson at different telephone numbers, because he had not yet called me (as he had said that he would). I told Mr. Kerson's assistant (and left the same voice message at one of his telephone numbers) that I had cancelled the deposition that was noticed for the next day, June 5, 2013, as I had not yet heard from him regarding the deposition schedule. I asked Mr. Kerson's assistant to have him call me at 8:00 p.m. on Tuesday, June 4, 2013. Mr. Kerson still had not returned my call when I left the office at 8:45 p.m. on Tuesday, June 4, 2013.

At 3:51 p.m. on Wednesday, June 5, 2013, I sent an electronic mail to Mr. Kerson, advising him that I would postpone the deposition that I had noticed for the next day, June 6, 2013, but that *I would not postpone any of the deposition dates* that I had noticed for the next week (the week of June 11-13, 2013). I advised Mr. Kerson that I expected him to produce the designated corporate representatives of each of the corporate defendants at that time. I had no further contact with Mr. Kerson prior to his telephone call at 5:10 p.m. this evening, in which he advised me that he no longer represented the Defendants.

Based on the past history of delaying tactics and other dilatory conduct by the Defendants and their counsel, we believe that Mr. Vazquez's attempt to change counsel on the eve of the depositions of the corporate representatives of the Defendants is nothing more than the latest effort by the Defendants to prevent the parties from reaching the merits of the Plaintiffs' claims. In light of the dates set by Judge Stanton for submission of pre-trial materials and for trial in this matter, Plaintiffs will suffer prejudice if Defendants do not appear for their depositions beginning tomorrow, June 11, 2013, at my office at 10:00 a.m. As you have participated in the depositions that were taken of the Plaintiffs in this action last July 24, 2012, and as you repeatedly have advised me that you are Mr. Vazquez's primary attorney, you are fully capable of defending Mr. Vazquez and the other Defendants at their depositions. I expect to see you and your clients on Tuesday morning.

Sincerely yours,

Laura E. Longobardi

LEL:
cc:    Paul E. Kerson, Esq. (by electronic mail to kersonpaul@aol.com)

LAW OFFICES

# ARENSON, DITTMAR & KARBAN

295 MADISON AVENUE

NEW YORK, N.Y. 10017

FACSIMILE
(212) 490-7102

TELEPHONE
(212) 490-3600

June 11, 2013

**BY TELECOPIER to: (718) 721-7981; and**
**BY ELECTRONIC MAIL to: jerrychrisafis@verizon.net**

Jerry Chrisafis, Esq.
2183 Steinway Street
Astoria, New York 11105

   Re: *Ronard Lora, et al., v. J.V. Car Wash, Ltd., et al.*
      **Southern District of New York, Docket No. 11-CV-9010 (LLS)**

Dear Jerry:

  I have received your letter regarding our conversation earlier this morning. As you noted in your letter, it arrived after I had taken a default against the corporate defendants for their failure to appear for their duly noticed depositions.

  Please advise me immediately whether or not your clients will appear for depositions on Wednesday, June 12, 2013, and/or on Thursday, June 13, 2013.

             Sincerely yours,

             Laura E. Longobardi

LEL: