# JERRY CHRISAFIS

### Attorney At Law

21-83 Steinway Street
Astoria, New York 11105

Telephone: (718) 726-4600
Fax Number: (718) 721-7981
E-Mail: JerryChrisafis@Verizon.Net

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/12/13

*[Stamp: RECEIVED IN CHAMBERS OF LOUIS L. STANTON JUN 12 2013 UNITED STATES DISTRICT JUDGE]*

June 11, 2013

**Via Federal Express – Overnight Mail**
Judge Louis L. Stanton
U.S. District Court
Southern District of New York
500 Pearl Street, Room 2250
New York, NY 10007

To The Clerk of The Court:
Please docket and place
this document in the public file.

_LLS 6/12/13_
Louis L. Stanton
U.S.D.J.

    RE:    *Ronard Lora, et al v. J.V. Car Wash, Ltd., et al*
             **Docket No. 11-CV-9010 (LLS)**

Dear Hon. Judge Stanton:

    Please be advised that I am the personal attorney for Jose Vazquez and the corporate defendants in the above entitled action, although I am not the attorney of record for the defendants herein. Mr. Paul Kerson, Esq. was the attorney of record in this matter.

    I am writing you at this point in time to request that the Court schedule a conference in this matter for the following reasons:

    Mr. Vazquez recently discharged Paul Kerson, Esq. as both his attorney and the attorney for the corporations in this matter. A copy of said letter is attached for your reference;

    That Ms. Laura E. Longobardi, Esq. from the Law Offices of Arenson, Dittmar & Karban, attorneys for the plaintiffs, contacted my office yesterday evening after 6:00 P.M., advising me that the depositions that she thought she had scheduled for June 11, 2013 @ 10:00 A.M. in her office, were to proceed as scheduled. I called her this morning and advised her that at the present time, I was not aware that the EBT's had been scheduled for this date and time. That furthermore, the defendants do not presently have an attorney to represent them in this matter, including myself since I am not the attorney of record in this case, nor do I handle these types of cases. I requested that Ms. Longobardi extend my office professional courtesy and to kindly adjourn said EBT's of the defendants. I felt obligated to protect their rights and interests, since Mr. Vazquez and the corporate defendants are my long time clients;

    Ms. Longobardi refused to consent the defendants' depositions and in fact advised me in a letter dated today, June 11, 2013, that she in fact took a default against the corporate defendants due to their failure to appear for said depositions. This, despite the fact that I asked Ms. Longobardi to do so.

**JOSE VAZQUEZ**
**4778 BROADWAY**
**NEW YORK, NY 10034**

June 7, 2013

<u>By both Via Fax: (718) 729-0623 and
Certified Mail, Return Receipt Requested
7012 1010 0000 3760 6921</u>

Leavitt & Kerson, Esqs.
45-29 47th Street
Woodside, NY 11377
Attn: Paul Kerson, Esq.

   RE: <u>Ronald Lora, et al v. J.V. Car Wash, Ltd., et al.</u>
      <u>Southern District of New York, Docket No. 11-CV-9010 (LLS)</u>

Dear Mr. Kerson:

  Please be advised that for the reasons discussed in our recent meeting, you are hereby discharged as the attorney for both myself and all of the defendants you have previously appeared for in this action.

  Please do not take any further action on behalf of myself or any of the defendants in this matter.

  I am in the process of obtaining new counsel. As soon as I retain same, they will contact you in order to make the necessary arrangements for the orderly transfer of this file.

                 Sincerely,

                 Jose Vazquez

LAW OFFICES
# ARENSON, DITTMAR & KARBAN
295 MADISON AVENUE
NEW YORK, N.Y. 10017

FACSIMILE
(212) 490-7102

TELEPHONE
(212) 490-3600

June 10, 2013

**BY TELECOPIER to: (718) 721-7981; and**
**BY ELECTRONIC MAIL to: jerrychrisafis@verizon.net**

Jerry Chrisafis, Esq.
2183 Steinway Street
Astoria, New York 11105

> Re: *Ronard Lora, et al., v. J.V. Car Wash, Ltd., et al.*
> **Southern District of New York, Docket No. 11-CV-9010 (LLS)**

Dear Jerry:

Paul E. Kerson, Esq., has just advised me this evening that he is no longer representing the Defendants in the above-referenced action because your client, Mr. Jose Vazquez, has "fired him." As you undoubtedly are aware, I have noticed the depositions of the corporate representatives of the Defendants in this action beginning **tomorrow, June 11, 2013, at 10:00 a.m.,** in my office. This letter is to confirm the voice message that I left at your office at 6:10 p.m. this evening, advising you that **I intend to proceed with those depositions tomorrow as scheduled.**

As you know from your attendance at the conference before the Honorable Louis L. Stanton, United States District Judge, on May 3, 2013, this action has been set down for trial beginning on Monday, August 5, 2013, at 10:30 a.m. Judge Stanton also issued a written order setting July 15, 2013, as the date by which Plaintiffs must submit a draft pre-trial order to Defendants; and setting July 31, 2013, at noon, as the time by which the parties must submit the joint pre-trial order, proposed voir dire questions, proposed jury charges, trial briefs and proposed verdict forms to the Court. With these dates in mind, on May 21, 2013, I served Mr. Kerson, by FedEx and by electronic mail, with Plaintiffs' Re-Notice of Depositions of Designated Corporate Representatives,[1] and with Plaintiffs' Notice of Depositions of Individual Defendants. The Re-Notice of Depositions required each of corporate defendants and each of the individual defendants to appear at my office for their depositions on beginning *on June 4, 5, 6, and continuing from day to day until completed* (for the corporate defendants), and *on June 11, 12, 13, 18 and 19* (for the individual defendants).

In my May 21, 2013 electronic mail transmittal to Mr. Kerson, I asked him to call me to confirm the dates that I had noticed for the Defendants' depositions. When he still had not called

---

[1] The depositions of the corporate representatives originally were noticed to begin on October 18, 2012, pursuant to a Notice of Deposition of Designated Corporate Representatives that was served upon Mr. Kerson on October 3, 2012. On October 16, 2012, Mr. Kerson requested that the depositions be adjourned in order to accommodate his trial schedule. I consented to that adjournment at that time. Following that adjournment, Mr. Kerson proposed that we attempt to mediate this action, and requested that the Court stay all proceedings pending those mediation efforts. That stay remained in place until the May 3, 2013 conference before Judge Stanton.

**ARENSON DITTMAR & KARBAN**

Jerry Chrisafis, Esq.
June 10, 2013
Page 2

me to confirm these dates by May 30, 2013, I left him voice messages at several different telephone numbers, asking him to call me. When he still had not responded to any of my telephone calls, on May 31, 2013, I sent Mr. Kerson a letter, by telecopier to several different telecopier numbers and by electronic mail, asking to him confirm his attendance with the designated corporate representatives, beginning on June 4, 2013.

At 8:24 p.m. on Friday, May 31, 2013, Mr. Kerson called my office, at which time he advised me that he would be meeting with his client on June 4, 2013, to determine his availability and the availability of the other defendants for depositions. Mr. Kerson thus tacitly advised me that he would not be producing any witness for a deposition on June 4, 2013. Mr. Kerson also advised me that he would call me on Tuesday, June 4, 2013, to discuss a deposition schedule. I told Mr. Kerson that I would cancel the deposition for Tuesday, June 4, 2013, and that I expected to hear from him that day.

At 6:06 p.m. on Tuesday, June 4, 2013, I again called Mr. Kerson at different telephone numbers, because he had not yet called me (as he had said that he would). I told Mr. Kerson's assistant (and left the same voice message at one of his telephone numbers) that I had cancelled the deposition that was noticed for the next day, June 5, 2013, as I had not yet heard from him regarding the deposition schedule. I asked Mr. Kerson's assistant to have him call me at 8:00 p.m. on Tuesday, June 4, 2013. Mr. Kerson still had not returned my call when I left the office at 8:45 p.m. on Tuesday, June 4, 2013.

At 3:51 p.m. on Wednesday, June 5, 2013, I sent an electronic mail to Mr. Kerson, advising him that I would postpone the deposition that I had noticed for the next day, June 6, 2013, but that *I would not postpone any of the deposition dates* that I had noticed for the next week (the week of June 11-13, 2013). I advised Mr. Kerson that I expected him to produce the designated corporate representatives of each of the corporate defendants at that time. I had no further contact with Mr. Kerson prior to his telephone call at 5:10 p.m. this evening, in which he advised me that he no longer represented the Defendants.

Based on the past history of delaying tactics and other dilatory conduct by the Defendants and their counsel, we believe that Mr. Vazquez's attempt to change counsel on the eve of the depositions of the corporate representatives of the Defendants is nothing more than the latest effort by the Defendants to prevent the parties from reaching the merits of the Plaintiffs' claims. In light of the dates set by Judge Stanton for submission of pre-trial materials and for trial in this matter, Plaintiffs will suffer prejudice if Defendants do not appear for their depositions beginning tomorrow, June 11, 2013, at my office at 10:00 a.m. As you have participated in the depositions that were taken of the Plaintiffs in this action last July 24, 2012, and as you repeatedly have advised me that you are Mr. Vazquez's primary attorney, you are fully capable of defending Mr. Vazquez and the other Defendants at their depositions. I expect to see you and your clients on Tuesday morning.

Sincerely yours,

Laura E. Longobardi

LEL:
cc:   Paul E. Kerson, Esq. (by electronic mail to kersonpaul@aol.com)

# JERRY CHRISAFIS

## Attorney At Law

21-83 Steinway Street                                               Telephone: (718) 726-4600
Astoria, New York 11105                                         Fax Number: (718) 721-7981
                                                                            E-Mail: JerryChrisafis@Verizon.Net

June 11, 2013

**By both Via Fax: (212) 490-7102 and**
**Via Email: lelongobardi_adk@msn.com**
Law Offices of Arenson, Dittmar & Karban
295 Madison Avenue, Suite 700
New York, NY 10017
Attn: Laura E. Longobardi, Esq.

        RE:    *Ronard Lora, et al v. J.V. Car Wash, Ltd., et al*
                **Southern District of New York, Docket No. 11-CV-9010 (LLS)**

Dear Ms. Longobardi:

    As per our conversation of today, please be advised as follows:

    1. I did not receive your phone call from last night since it was after hours, until this morning;

    2. I was not aware that the EBT's of the defendants in this matter had been scheduled for this morning, June 11, 2013 @ 10:00 A.M. in your office. It is my understanding that these were not yet firm dates and that you were still discussing/negotiating the EBT dates with Mr. Kerson at the time that he was fired;

    3. As you are aware, Mr. Vazquez recently discharged Mr. Kerson as his attorney in this matter;

    4. Thus at the present time, the defendants do not have an attorney to represent them in this matter, including myself since I am not the attorney of record in this case. As you pointed out, I did not file a Notice of Appearance in this matter. I did not represent the defendants in this matter, since I do not handle these types of cases;

    5. I am however both the personal attorney for Jose Vazquez and the attorney for the corporate defendants in this matter and as such I am obligated to protect their rights and interests in the same manner that you are protecting those of your clients;

    6. That without any attorney presently representing the defendants in this matter, I am requesting on behalf of the defendants, that you extend professional courtesy <u>and adjourn the EBT's of the defendants presently scheduled for this morning. I am also further requesting that you and do not take a default against the defendants, as you advised me that you were presently</u>

<u>intending on doing this morning, until such time as Mr. Vazquez has had an opportunity to retain new counsel to represent him and the other defendants in this matter.</u>  Please be advised that Mr. Vazquez is presently interviewing new attorneys to replace Mr. Kerson. He should have a new attorney in place very shortly; and

       7. Despite my request that you adjourn the EBT's of the defendants, by the time this letter is written and you receive same, you most likely will have taken a default against the defendants this morning. That being the case, I will contact Judge Stanton and request that he schedule a further conference in this matter.

       If you have any questions, feel free to contact my office. Thank you for your cooperation herein.

Very truly yours,

Jerry Chrisafis, Esq.

JC/db

LAW OFFICES

## ARENSON, DITTMAR & KARBAN

295 MADISON AVENUE

NEW YORK, N.Y. 10017

FACSIMILE
(212) 490-7102

TELEPHONE
(212) 490-3600

June 11, 2013

**BY TELECOPIER to: (718) 721-7981; and**
**BY ELECTRONIC MAIL to: jerrychrisafis@verizon.net**

Jerry Chrisafis, Esq.
2183 Steinway Street
Astoria, New York 11105

    Re:    *Ronard Lora, et al., v. J.V. Car Wash, Ltd., et al.*
           Southern District of New York, Docket No. 11-CV-9010 (LLS)

Dear Jerry:

    I have received your letter regarding our conversation earlier this morning. As you noted in your letter, it arrived after I had taken a default against the corporate defendants for their failure to appear for their duly noticed depositions.

    Please advise me immediately whether or not your clients will appear for depositions on Wednesday, June 12, 2013, and/or on Thursday, June 13, 2013.

                              Sincerely yours,

                              Laura E. Longobardi

LEL: