UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONARD LORA, HUGO RIVERA, MARCO ANTONIO DIAZ, MELVIN LORA, EDUARDO LORA, GIOVANNI PAULINO, JOSE RODRIGUEZ, and JOSE RODOLFO RODRIGUEZ-TINEO, Individually and on behalf of all others similarly Situated, <br><br> Plaintiffs, <br><br> -against- <br><br> J.V. CAR WASH, LTD., BROADWAY HAND CAR WASH CORP., WEBSTER HAND CAR WASH CORP., HARLEM HAND CAR WASH INC., BAYWAY HAND CAR WASH CORP., JOSE VAZQUEZ, SATURNINO VARGAS, JOSE JIMENEZ, RAMON PEREZ, DOMINGO "DOE." ADOLFO FEDERUS, originally sued as ADOLFO "DOE," and JOHN DOES 1-10 <br><br> Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No.: 11-CV-9010 (LLS) <br><br> Hon. Louis L. Stanton <br><br> **DECLARATION OF JERRY CHRISAFIS IN REPLY TO LAURA E. LONGOBARDI'S DECLARATION IN OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL AND TO STAY PROCEEDINGS** |

**JERRY CHRISAFIS, ESQ.**, an attorney duly admitted to practice law in the Southern

District of New York, declares under penalty of perjury that the following is true and correct:

1. That I have personal knowledge of the facts set forth in this Declaration. I am

submitting this Declaration, (1) in reply to Laura E. Longobardi's Declaration in Opposition to

the motion by Paul Kerson, Esq. for an Order pursuant to Rule 1.4 of the local Rules of this

Court, relieving him as the counsel of record for the defendant, **JOSE VAZQUEZ**, and all

defendants in this action, as well as staying this FLSA Action for a period of sixty (60) days, and

(2) in support of the motion by Paul Kerson, Esq. for an Order pursuant to Rule 1.4 of the local

Rules of this Court, relieving him as the counsel of record for the defendant, **JOSE VAZQUEZ**,

1

and all defendants in this action, as well as staying this FLSA Action for a period of sixty (60) days.

2.  That your declarant feels compelled to address and takes exception to some of the statements made by Laura E. Longobardi, Esq. in her Declaration in Opposition to the motion of Paul Kerson, Esq., as they concern and pertain to your declarant.

3.  First of all, your declarant is not the attorney of record for the defendants herein.  Thus I do not represent same in this matter.  Paul Kerson, Esq. presently is, subject to the within application to be relieved as counsel for the defendants herein.

4.  Secondly, as Ms. Longobardi points out in her Declaration, more specifically paragraph 51, your declarant did not at any time file a Notice of Appearance in this action.

5.  Thirdly, as was explained to Ms. Longobardi in a conversation with your declarant and in two letters both dated June 11, 2013, one addressed to Laura Longobardi, Esq. and the other to the Honorable Court, copies of which have been previously submitted to the Court, your declarant lacks the necessary experience and is thus not competent to handle these types of FLSA cases.  If I did, I would have been the defendants' attorney of record from the onset of this case.

6.  Fourth, your declarant has never conducted a trial in Federal Court.  The next trial that your declarant handles in Federal Court, will be my first.

7.  Fifth, that your declarant is the personal attorney for **JOSE VAZQUEZ** and the corporate attorney for the corporate defendants herein, namely **J.V. CAR WASH, LTD., BROADWAY HAND CAR WASH CORP., WEBSTER HAND CAR WASH CORP., HARLEM HAND CAR WASH INC., BAYWAY HAND CAR WASH CORP.,**

2

8. That despite having advised Laura Longobardi of the above, Ms. Longobardi either did not listen to your declarant or chose to ignore both our conversation and the two letters dated June 11, 2013. Otherwise, there is no other reason to explain why, despite having been advised of the above facts, she keeps insisting that I substitute as counsel of record for the defendants. Her suggestion is ludicrous. First of all the defendants, like any clients, have the right to have counsel of their own choosing to represent them, someone that they have both trust and confidence in. Secondly, the defendants have not chosen your declarant as the attorney in this matter. Thirdly, as was mentioned above, due to both your declarant's lack of experience and competence in handling these types of FLSA cases, same would in fact be doing the defendants a disservice by representing them in this matter. Fourth, if in fact your declarant was asked by the defendants to represent them in this matter, which is not the case, I would respectfully decline, as was mentioned above due to my lack of competence and experience in handling FLSA cases.

9. That it is true that your declarant has appeared at every Court conference. It is also true that your declarant was present and did attend at all of the depositions of the plaintiffs, but same did not conduct/hold the EBT's of the plaintiffs or assist Mr. Kerson as Ms. Longobardi is alleging. That Mr. Kerson conducted/handled all the plaintiffs' depositions, including but not limited to asking all the questions herein. Furthermore, attending Court conferences and being present at the plaintiffs' EBT's, does not qualify your declarant to conduct a trial in Federal Court.

10. That contrary to the statements contained in Ms. Longobardi's declaration, the defendants are "not engaging in dilatory tactics as part of a calculated strategy to delay.

11. That furthermore, 17 of the 18 plaintiffs have been deposed although they were very abbreviated depositions.

3

12. Additionally, the defendants have attempted in good faith to resolve this lawsuit. In fact, it was the defendants' idea to suggest to the plaintiffs to engage in the mediation process in order to try and resolve this matter. Speaking of the mediation process, in paragraph 41 of Ms. Longobardi's declaration, she states that your declarant called her on January 28, 2013, a full three weeks in advance of the mediation hearing which was scheduled for February 21, 2013. This is true. It is also true that Laura Longobardi did consent to adjourning of the mediation to another date to accommodate your declarant. She fails however to advise the Court the reason why your declarant was requesting the adjournment in the first place. That your declarant made the request because his elderly 78 year old mother was having major surgery, namely hip replacement surgery on that date, namely February 21, 2013, and same wanted to be there with her.

13. That in the interim, your declarant has been interviewing with and did in fact interview several attorneys as possible new counsel for the defendants herein. That your declarant is continuing the interviewing process as this declaration is being written. That your declarant hopes to have a new attorney in place for the defendants shortly.

14. That any new attorney would need a reasonable amount of time to, among other things, formalize himself or herself with the voluminous files. That without sufficient time to properly and adequately prepare for trial, an unreasonable and unfair burden would be placed on any new counsel who is just coming into a case to conduct all the discovery (including but not limited to the EBT's of the 18 plaintiffs and numerous defendants), prepare the pre-trial orders, jury questions, briefs, etc. and be ready for trial in a very short period amount of time. That as the Court is aware, the stakes in this case are very high for both the plaintiffs and the defendants herein. The defendants should be allowed to have an attorney of their choosing represent them

4

in this matter.  Thus, Mr. Kerson's application for a sixty (60) day stay is certainly a reasonable request under the circumstances herein.

I declare under penalties of perjury that the foregoing is true and correct.

Executed on June 20, 2013.

JERRY CHRISAFIS, ESQ.

5