IGIN/

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/23/13

LAW OFFICES
ARENSON, DITTMAR & KARBAN
295 MADISON AVENUE
NEW YORK, N.Y. 10017

FACSIMILE
(212) 490-7102

TELEPHONE
(212) 490-3600

RECEIVED IN CHAMBERS
OF LOUIS L. STANTON
AUG 12 2013
UNITED STATES DISTRICT JUDGE

August 9, 2013

**BY HAND DELIVERY**

The Honorable Louis L. Stanton
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: *Ronard Lora, et al., v. J.V. Car Wash, Ltd., et al.*, No. 11-CV-9010 (LLS)**

Dear Judge Stanton:

As Your Honor knows, we represent the Plaintiffs Ronard Lora, Hugo Rivera, Marco Antonio Diaz, Melvin Lora, Eduardo Lora, Giovanni Paulino, Jose Rodriguez and Jose Rodolfo Rodriguez-Tineo, together with ten other opt-in plaintiffs (the "Plaintiffs") in the above-referenced action (the "FLSA Action").

We have received a copy of the August 7, 2013 letter sent by Defendants' new counsel, Louis J. Maione, Esq., to the Court,[1] requesting a pre-motion conference for permission to file a motion for summary judgment, or alternately, permission to file an "amended answer" combined with a motion to dismiss. Mr. Maione seeks to base his motion for dismissal or summary judgment on an assertion that the Court lacks subject matter jurisdiction over the Plaintiffs' claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

The thrust of Defendants' argument appears to be that their business operations are purely local in nature, and therefore do not fall under the FLSA. Defendants also appear to argue that the application of the FLSA depends solely on whether the employees of a business handled goods and services that moved in or were produced for interstate commerce. Defendants claim that they used locally produced soap and water at each of their car wash locations, and that no out-of-state vehicles ever were cleaned at their car wash locations, and therefore, the Defendants cannot fall within the scope of the FLSA. Defendants also appear to be arguing that their operations do not satisfy the definition of an "enterprise" under the FLSA. Defendants claim that, for these reasons, Plaintiffs' FLSA claims should be summarily dismissed.

We believe that the Defendants are wrong on both the facts of this case and on the applicable law. Any motion to dismiss Plaintiffs' FLSA claims would be denied, therefore the making of such a motion would be futile. Any motion for summary judgment seeking to dismiss Plaintiffs' FLSA claims would be met with affidavits from the Plaintiffs containing facts that

---

[1] Mr. Maione's letter is dated August 7, 2013; however, Mr. Maione sent his letter to me by email, shortly before 2:00 p.m., on August 8, 2013. Mr. Maione indicated in his email transmission that the letter had been sent to Your Honor's Court Room by messenger.

In light of the recent delay in the trial schedule, defendant may make their "subject matter jurisdiction" motion, but must do so promptly, so as not further to delay the trial. So Ordered Louis L. Stanton 8/22/13

contradict the Defendants' allegations. Thus, any motion for summary judgment would result in the creation of genuine issues of material facts that could only be resolved at trial. Therefore, any motion for summary judgment also would be denied. Finally, even if the Court were to dismiss Plaintiffs' FLSA claims (which, again, we believe the Court would not do), Plaintiffs' claims under New York and New Jersey law would remain. At this late stage of this FLSA Action, which is scheduled for trial next month, the Court would be well within its discretion to choose to continue to exercise supplemental jurisdiction over those claims.

**A. Any Attempted Motion to Dismiss Plaintiffs' FLSA Claims Would Be Futile, and Leave to Do So Should be Denied.**

It has been well-settled within the Second Circuit that:

> Dismissal for lack of subject matter jurisdiction is only proper where an alleged federal claim "clearly appears immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."

*Velez v. Vassallo*, 203 F. Supp. 2d 312, 331 (S.D.N.Y. 2002) (citing *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188 (2d Cir. 1996) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)). Plaintiffs' FLSA claims clearly are neither "insubstantial" nor "frivolous." Nor have they been made "solely for the purpose of obtaining jurisdiction." Rather, Plaintiffs' FLSA claims set forth serious and intentional violations of federal laws by the Defendants.

In their Amended Complaint, Plaintiffs have asserted that they worked for the Defendants at the Defendants' car wash locations in New York ***and*** New Jersey. Plaintiffs have asserted where they worked; the time periods that they worked there; the times of day that their work schedules started and ended; how many days a week they worked; and how much they were paid. Plaintiffs have asserted that they were not paid overtime wages for the hours that they worked in excess of forty (40) hours in a week, and that they were not paid at least the statutory minimum wage (both of which can be readily computed based on the Plaintiffs' assertions of what hours they worked, and how much they were paid). All of these factual assertions sufficiently plead Plaintiffs' claims of FLSA violations.

Further, Plaintiffs have sufficiently stated facts in their Amended Complaint to show that the Defendants constitute an enterprise engaged in commerce within the meaning of the FLSA. First, the Plaintiffs have asserted on behalf of themselves and the putative class that the Defendants have employed numerous individuals at the Defendants' car wash locations ***in New York and New Jersey*** as car washers, cleaners, driers, and detailers. Plaintiffs further have asserted that they themselves worked washing, cleaning, drying and detailing ***cars, trucks and other vehicles*** at the Defendants' car wash locations in ***New York and New Jersey***. In particular, Plaintiff Giovanni Paulino has asserted that he worked for the Defendants at ***both*** the Broadway location ***in New York*** and the Bayway location ***in New Jersey***. Theses factual assertions are sufficient to establish the "in commerce" requirement of the FLSA.

Finally, Plaintiffs have asserted that Defendant Jose Vazquez is the owner of all the Car Wash Defendants, and that all of the Car Wash Defendants essentially are operated pursuant to his direction and control – facts that have been admitted by the Defendants. Thus, based on the

totality of the factual allegations contained in the Amended Complaint, Plaintiffs have sufficiently alleged that the Defendants constitute an "enterprise" within the meaning of the FLSA.[2]

Moreover, the district courts in this Circuit repeatedly hold that a defendant's challenges to the viability of a plaintiff's claims under the FLSA go to the ***merits*** of those claims, but ***do not*** raise a jurisdictional issue. *Velez*, 203 F. Supp. 2d at 332 ("the question of whether or not Defendants actually are 'an enterprise engaged in commerce' within the meaning of [the FLSA] is an issue that goes to the merits of Plaintiffs' claims rather than the Court's subject matter jurisdiction"); *Benitez v. F & V Car Wash, Inc.*, No. 11-CV-01857 (DLI) (SMG), 2012 WL 1414879, at *1-*2 (E.D.N.Y. Apr. 24, 2012) ("the question of whether a defendant qualifies as an enterprise under the FLSA is not a jurisdictional issue, but an element that a plaintiff must establish in order to prove liability") (also citing cases); *see also Jia Hu Qian v. Siew Foong Hui*, No. 11 Civ. 5584 (CM), 2012 WL 1948820, at * 2-*3 (S.D.N.Y. May 30, 2012) (citing cases).

For these reasons, any motion by Defendants to dismiss FLSA claims based on a purported lack of subject matter jurisdiction should be denied, as being "unsupported by existing case law." *Benitez*, 2012 WL 1414879, at *1; *see Jia Hu Qian*, 2012 WL 1948820, at *3. While Plaintiffs' ultimately will have the burden of proof on their claims of FLSA liability based on an enterprise coverage theory, the Court has jurisdiction over those claims "irrespective of whether Plaintiff[s] can ultimately prevail on the merits." *Jia Hu Qian*, 2012 WL 1948820, at *3 (quoting *Padilla v. Manlapaz*, 643 F. Supp. 2d 298, 301 (E.D.N.Y. 2009).

**B. Any Attempted Motion for Summary Judgment on Plaintiffs' FLSA Claims Also Would Be Futile, and Leave to Do So Should Be Denied.**

Defendants claim that their car wash businesses are "locally restricted entities, servicing a local clientele with local labor, using intrastate products only." On any motion for summary judgment, Plaintiffs would dispute these characterizations, and would provide affidavits containing facts to show that the Defendants constitute an "enterprise" that is "engaged in commerce" within the meaning of the FLSA.

Various Plaintiffs would testify that the Defendants regularly would have them and other workers driven from the car wash locations in New York (primarily the Broadway and/or the Harlem location) to the Bayway location in New Jersey. These workers would be driven in a van from New York to New Jersey early in the morning (in time to arrive for a starting time of 8:00 a.m.), and then would be driven back to New York after the workday at Bayway ended at 6:00 p.m. Various Plaintiffs also would testify that they saw cars with New Jersey license plates and cars with Connecticut license plates being washed at the Broadway location. Various Plaintiffs also would testify that the Defendants had them use Armor All® products (which are manufactured in Ohio) and Ecolab® products (which are manufactured around the globe) in performing their work.

---

2 The totality of these ***factual*** allegations by Plaintiffs is sufficient to satisfy the requirements of *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007).

Most significantly, all of the Plaintiffs would testify that they and other employees worked washing, cleaning, drying and detailing ***cars, trucks and other vehicles*** at the Defendants' car wash locations in ***New York and New Jersey***.

Courts within the Second Circuit have held that:

> An individual is covered by FLSA if he or she is employed by an "enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 203(s)(1), § 206(a), § 207(a)(1). An enterprise is "engaged in commerce" if it "has employees engaged in commerce or in the production of goods for commerce, ***or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person*** and ... [its] annual gross volume of sales made or business done is not less that [*sic*] $500,000." 29 U.S.C. § 203(s)(1). The term "enterprise" in the context of the statute means "the ***related activities performed (either through unified operation or common control) by any person or persons for a common business purpose***." 29 U.S.C. § 203(r).

*Rosso v PI Mgmt Assocs., L.L.C.*, No. 02 Civ. 1702 (KNF), 2005 WL 3535060, at *7 (S.D.N.Y. Dec. 23, 2005) (emphasis added). The reach of the FLSA thus extends to even purportedly local business activities "when an enterprise employs workers who handle goods or materials that have moved or been produced in interstate commerce." *Archie v. Grand Cent. P'ship, Inc.*, 997 F. Supp. 504, 530 (S.D.N.Y. 1998).

On a daily, regular basis, the Plaintiffs and every other worker at the Defendants' car wash locations worked on ***cars*** – goods that unequivocally have been ***moved in or produced for commerce***. In *Velez*, the defendants-employers sought to set aside a default judgment on FLSA claims against them, claiming that the court lacked subject matter jurisdiction because, among other things, the plaintiffs-employees "merely parked cars" and were not "engaged in commerce," and the defendants' business was not "engaged in interstate commerce or the movement of goods across state lines." *See Velez*, 203 F. Supp. 2d at 327-28. The *Velez* court stated:

> It seems clear that Defendants' motion would have no chance of succeeding on the merits. Defendants' assertion that there is an insufficient nexus between Plaintiffs' work and interstate commerce radically misapprehends the nature of enterprise coverage under the FLSA. Since 1974, when Congress significantly broadened the coverage of the FLSA, the definition of "enterprise engaged in commerce" has included any company doing the requisite dollar amount of business "that has employees handling ... goods or materials that have been moved in or produced for commerce by any persons." 29 U.S.C. § 203(s). *See generally Archie v. Grand Cent. P'ship*, 997 F. Supp. 504, 529–30 (S.D.N.Y.1998) (Sotomayor, J.) (discussing effect of 1974

> amendments). ... Here, Defendants' employees handled cars that were brought to public parking garages in New York City; ***such cars surely epitomize "goods or materials that have been moved in or produced for" interstate commerce***. Even Defendants do not attempt to argue otherwise. Defendants' assertion that Plaintiffs' work "did not encompass the production or handling of goods for commerce" is thus premised on an egregious misunderstanding, or a willful misreading, of the law.

*Velez*, 203 F. Supp. 2d at 328-29 (emphasis added; footnotes omitted). It is clear then, that under the controlling case law in the Second Circuit, the Defendants are "engaged in commerce" within the meaning of the FLSA.

That the Defendants constitute an "enterprise" covered by the FLSA also is clear. The Car Wash Defendants all perform "related activities" within the meaning of the statute, as all perform the business of washing cars and other vehicles. The Defendants also satisfy the requirement that they be under "unified operation or common control," as Defendants have admitted that Defendant Jose Vazquez is the owner of all of the Car Wash Defendants, and that he supervises all of the managers of the Car Wash Defendants. Thus, Defendant Vazquez "controls" all of the Defendants. Finally, all of the Defendants share a common business purpose – that of operating the car wash facilities, with all of the resulting profits going to Defendant Vazquez. Under these circumstances, the Defendants are an "enterprise" within the meaning of the FLSA. *See Archie*, 997 F. Supp. at 525-28.

Thus, any motion for summary judgment seeking to dismiss Plaintiffs' FLSA claims for a purported lack of subject matter jurisdiction would be denied.

**C. This Court Continues to Have Supplemental Jurisdiction Over Plaintiffs' State Law Claims, Even Were the Court to Dismiss Plaintiffs' FLSA Claims.**

This FLSA Action was commenced based on the Court's original jurisdiction over Plaintiffs' FLSA claims, pursuant to 28 U.S.C. §§ 1331 and 1337, and 29 U.S.C. § 216(b). Based on that original jurisdiction, the Court properly had supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

As set forth above, we believe that any prospective motion seeking to dismiss or motion for summary judgment on Plaintiffs' FLSA claims based on a purported lack of subject matter jurisdiction should be denied. Yet, even were Your Honor to grant such a motion and dismiss the Plaintiffs' FLSA claims in their entirety, the Court nevertheless would be entitled to exercise its discretion to continue to assert supplemental jurisdiction over the Plaintiffs' remaining state law claims. *See New York Transp., Inc. v. Naples Transp., Inc.*, 116 F. Supp. 2d 382, 389-90 (S.D.N.Y. 2000) (acknowledging that district courts have broad discretion, giving due consideration to whether an exercise of jurisdiction would be justified by the interests of judicial economy, convenience, fairness to the parties, and comity, to exercise supplemental jurisdiction over state law claims arising out of the same facts as the federal claims, even after all federal claims have been dismissed).

Here, Plaintiffs' New York and New Jersey state law claims arise from the same circumstances as their FLSA claims, namely, the Defendants' violations of minimum wage and overtime laws. None of these claims raise "novel or complex issues" of state law[3] that would require dismissal were the Court to dismiss all FLSA claims.

Furthermore, in weighing judicial economy, convenience, fairness, and comity, this Court should exercise supplemental jurisdiction over Plaintiffs' state law claims. This case is on the Court's trial calendar for Monday, September 9, 2013 (having already been adjourned from the August 5, 2013 trial date at the behest of Defendants and their new counsel). The Court has conducted numerous conferences with the parties over the last fifteen months, and is intimately familiar with the Plaintiffs' claims, and the Defendants' efforts to resist trial of those claims.

Under the circumstances, even were the Court to find any merit to Defendants' proposed motion and were to dismiss Plaintiffs' FLSA claims, the Court nonetheless should exercise its discretion to maintain Plaintiffs' state law claims – which arise under the same set of facts as Plaintiffs' FLSA claims, and which are scheduled to be tried next month. *See New York Transp.*, 116 F. Supp. 2d at 390 ("[g]iven the time and effort already invested in this matter by the parties and the Court, ... the Court elects to retain jurisdiction over the plaintiffs' state law claims").

For these reasons, we respectfully submit that Your Honor deny Defendants' request for permission to move for summary judgment or for dismissal of Plaintiffs' FLSA claims in this FLSA Action based on any purported lack of subject matter jurisdiction, and that a pre-motion conference is unnecessary.

Respectfully submitted,

Laura E. Longobardi

LEL:
cc: Louis J. Maione, Esq. (by electronic mail)

---

3 Plaintiffs also assert spread-of-hours violations under the New York Labor Law. While unique to New York law, the concept is hardly "novel" or difficult -- the New York Labor Law essentially requires that if an employee works a ten-hour shift or longer, that employee must be paid an additional hour's wage at the minimum wage rate.