ORIGINAL

lmaionelaw.com
louisjmaione3@gmail.com                                                          (917) 549-5693

# LAW OFFICES OF LOUIS J. MAIONE

### 444 E. 57th Street, 6th FL

### New York, N.Y. 10022



To The Clerk of The Court:
Please docket and place this document in the public file.

LLS 8/23/13
Louis L. Stanton
U.S.D.J.

August 7, 2013

**By Hand**

Honorable Louis L. Stanton
U. S. District Court, S.D.N.Y.
500 Pearl Street, Room 2250
N.Y., N.Y. 10007

Re: **Lora v. JV Car Wash, et al.**
**Docket No. 11-Civ.-9010 (LLS)**

Dear Judge Stanton:

    I am the newly retained counsel for the defendants in the above-captioned matter and am submitting this letter, in accordance with your honor's Individual Practices, to seek a pre-motion conference for permission to file a motion for summary judgment or, alternatively, a motion for permission to file an Amended Answer, together with a motion to dismiss for lack of subject matter jurisdiction.

    In short, I do not believe that the Court has subject matter jurisdiction of the instant action under the Fair Labor Standards Act, 29 U.S.C., Sec. 201 et seq. ("FSLA" or the "Act"), and, therefore, would not be in a position to adjudicate the ancillary or supplementary state claims as there would be no diversity jurisdiction.

    Having recently taken over this matter as successor counsel, I have endeavored to wade through the file and the pleadings, as well as to undertake to comply with the plaintiffs' discovery requests, which apparently had not been previously complied with by my predecessor, although I do know the reasons therefor.

Page 2

From what I have seen, there had been an Amended Complaint filed in this action ( number 29 on the S.D.N.Y. Efile system) but no Amended Answer, at least not one in my inherited file. When I inquired, I was told by my predecessor's assistant that she neither had a hard copy nor a version on the computer; I was told to check the Court docket to determine if there had been one filed. Moreover, it is questionable as to whether the original Answer raised an affirmative defense of lack of subject matter jurisdiction, although it pleaded compliance with the Act. Nonetheless, it appears that there may be no federal subject matter jurisdiction.

Having spent time with the principal of the defendant car washes, I believe that subject matter jurisdiction is misplaced and, as the Court is no doubt aware, an action may be the subject of a motion to dismiss, or for summary judgment, for lack of subject matter jurisdiction at any time, and even entertained by the Court, sua sponte, even in the midst of trial.

**Reason For Requesting Permission**

As the Court is aware, there are four corporate defendant car washes in this matter; three are located in Manhattan/Bronx and one in Elizabeth, New Jersey, home of the principal, Mr. Jose Vasquez ("Mr. Vasquez"). All four car washes provide nothing but local services; they hand-wash cars for seven dollars ($7.00) an auto. Mr. Vasquez informs me that his clientele is both repeat, and strictly local, and certainly even if these were the best car washes in the world it is inconceivable that customers would travel interstate, incurring gas expense and tolls, to have their automobiles washed in the Bronx for example. In addition, Mr. Vasquez informs me that he has nothing but local help; all of his workers are from the immediate neighborhoods in which these car washes reside.

Moreover, Mr. Vasquez informs me that he purchases soap for the car washes in Brooklyn, N.Y. from a local soap manufacturer. For his New York operation, he purchases towels from a local vendor who provides towels to car washes; in New Jersey, he purchases towels from a fellow who sells them out of a van. As I further understand it, the water used in New York comes from the Kensico Reservoir in New York, and the water in Elizabeth is local as well. In short, these are locally restricted entities, servicing a local clientele with local labor, using intrastate products only.

Concededly, some federal Circuit Courts have concluded that local businesses are subject to the FSLA, and the Act "... designed to regulate enterprises dealing in articles acquired intrastate after travel in interstate commerce." **Greene Propane Gas Serv. Inc.**, 479 F. 2d 1027 (5th Cir. 1973).

The application of the Act depends on the character of the employees' activities, rather than the nature of the employer's business. "[T]he test under the Act is to determine whether an employee is 'engaged in commerce' and not whether the employee's activities affect or indirectly relate to interstate commerce, but whether the activities are actually in or so closely related to the movement of commerce as to be part of it (citations omitted)". **Mitchell v. Welcome Wagon**, 139 F. Supp. 674, 678 (W.D. Tenn. 1954, aff'd 232 F.2d 892 (6th Cir. 1956). The workers in Welcome Wagon, supra, were deemed not engaged in commerce within the meaning of the Act because their local activities were neither in the channels of commerce nor closely related to the movement of interstate commerce. **Welcome Wagon**, at 679.

Page 3

Recently, the Eleventh Circuit in **Polycarpe v. E&S Landscaping**, 616 F.3d 1217, 1226 (11th Cir. 2010) in deciding six consolidated cases in which the defendant corporations earlier prevailed, determined that the "coming to rest" doctrine does not apply to the "Enterprise" as defined under Sec. 203 (r)(1) of the Act. However, in distinguishing between "goods" and "materials", the Eleventh Circuit pronounced that the "handling clause" only pertains to "goods or materials that have been moved in or produced for commerce by any person" (Sec. 203 (s)(1)(A)(i)), while pointing out that the FLSA defines "commerce" as "trade, commerce, transportation, transmission, or communication among the several states or between any State and any place outside thereof". Id. Sec. 203. The plain meaning of the handling clause is that it only applies to "goods" and "materials" that have been subject to interstate commerce, which clearly is not the case here. Local cars are washed with local soap and water by local labor.

The Eleventh Circuit in **Polycarpe**, 616 F. 3d 1217, in remanding three of the six cases, clearly and unequivocally stated that, "[g]iven our interpretation of the handling clause, the district court will have to decide whether the items evidenced by Plaintiffs were produced in or moved interstate and, if so, whether the enterprise coverage exists under the handling clause because those items count as "goods" (not subject to the ultimate-consumer exception) or as "materials". Similarly, no enterprise coverage existed under the Act for laborers employed by a local cleaning company, as employees did not handle goods or materials involved in commerce on a regular and recurrent basis. **Collado v. Florida Cleanex, Inc**. 727 F. Supp. 2d 1369 (S.D. Fla. 2010).

On remand, the trial Court in **Polycarpe v. E&S Landscaping, Inc**., 821 F. Supp. 2d 1302, 1305 (S.D. Fla. 2011) further enunciated that employees must be handling, selling or otherwise working on goods or materials moved in, or produced for commerce (i.e., interstate commerce).

Defendants believe that they can show by motion for summary judgment that this action does not qualify under the Act and, therefore, the Court is without subject matter jurisdiction. In addition, not only do defendants believe that they can prevail "factually" but they believe on the pleadings as well because the Complaint is "facially" deficient as to how the defendants come within the purview of the Act. A plaintiff is obligated to provide more than formulaic recitations of the elements of a cause of action to establish subject matter jurisdiction. **Bell Atlantic v. Twombly**, 550 U.S. 544, 555 (2007). Plaintiffs have not pleaded how theses defendants, strictly local by definition, qualify under the Act.

For the reasons stated hereinabove, we request a conference in consideration of seeking the court's permission to interpose a motion consistent with the foregoing. By copy hereof, I am alerting my adversary, Laura Longobordi, esq., attorney for plaintiffs, of my communication with the Court. Thank you for your consideration.

Cc: L. Longobordi, Esq.(by email)  
  J. Vasquez

Yours, etc.  
Louis J. Maione, Esq.