UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ronard Lora, et al., individually and on behalf of all others similarly situated, | Civ.No. 11-9010 (LLS) |
| Plaintiffs, | |
| -against- | **DEFENDANTS' ANSWERS TO PLAINTIFFS' INITIAL INTEROGGATORIES** |
| J.V. Car Wash, Ltd., et al., | |
| Defendants. | |

Defendant, Jose Vasquez, a named defendant herein, interposes on behalf of all defendants, their answers to Plaintiffs' Interrogatories as follows:

## General Objections

Defendants object, generally, to Plaintiffs' interrogatories as vague, ambiguous, overbroad, and not calculated to lead to, or to elicit admissible evidence. In addition, Plaintiffs have demanded in some instances answers which Plaintiffs are aware cannot be answered and, as such, the interrogatories are vexatious in nature. Nonetheless, Defendants have attempted a good faith effort to answer as fully as possible with those objections of record.

These answers are as of the present date, based on information reasonably believed to support the defendants' defenses, and to the best of the defendants' knowledge. By answering however, defendants do not represent that the responses are inclusive of all of the defenses to the subject matter which is the focus of that particular interrogatory, as the interrogatory (ies) may be remiss in addressing fully the subject matter intended. Defendants reserve the right to supplement up to, and through the date of trial, any answer to the interrogatories. By making these disclosures defendants do not, nor do defendants intend to, waive any defenses or

1598177-5

objections that they may have as to the admissibility of the identified documents at trial, either pursuant to statute or otherwise.

**ANSWER TO INTERROGATORY NO. 1:**

Jose Vasquez,  1341 Oleri Terrace, Ft. Lee, N. J.

**ANSWER TO INTERROGATORY NO.2:**

Jose  Vasquez,  Managers,  Jose  Jimenez  and  Saturnino  Vargas;  the  defendants' accountants; current employees concerning who previously has worked at the car washes.

**ANSWER TO INTERROGATORY NO.3:**

Defendants object to this interrogatory on a number of grounds, as well as similarly posed interrogatories to which they raise the same objections. In the first instance, identifying a putative class member is the plaintiffs' burden of proof as it pertains to current employees of the defendant car washes. In addition, the position of the defendants is that the plaintiffs do not, nor ever have been employees of the defendant car washes and, therefore, there is no way for defendants to identify or answer interrogatories about a person or subject matter which does not exist. Moreover, it is not the defendants' obligation, as a matter of law, to identify the putative plaintiffs as defendants contend that there are no putative plaintiffs.

**ANSWER TO INTERROGATORY NO. 4:**

See answer to Interrogatory Number 3, above.

**ANSWER TO INTERROGATORY NO. 5:**

Defendants' employees are paid cash each day for the number of hours worked that day depending upon whether they are full-time or part-time. Managers keep a record for each

2

1598177-5

week of each employee who worked that week and who was paid. Thereafter, the record is discarded.

**ANSWER TO INTERROGATORY NO. 6:**

Jose Vasquez, owner, and Car Wash Managers, Jose Jimenes ( Webster and Bay Way), and Saturnino Vargas (Broadway and Harlem), exercise managerial and supervisory control over current employees and have for at least the last 3-5 years. Defendants are not in a position to answer any interrogatory in respect of individuals who have never worked for defendants.

**ANSWER TO INTERROGATORY NO. 7:**

Managers keep a daily record in a notebook of the employees at each car wash, which record is discarded at the end of the week. Mr. Vazquez informs the accountants if an employee leaves the work force, but the payroll roster has been stable for a number of years. Without an employee's permission, we are not at liberty to disclose their address. Nonetheless, a list of employees for past years, including addresses and telephone numbers, previously has been provided to plaintiffs' counsel.

**ANSWER TO INTERROGATORY NO. 8:**

This interrogatory is incapable of a response specific to its inquiry. With that objection, each manager at each car wash supervises each employee, each day, in every aspect of washing and drying a car.

**ANSWER TO INTERROGATORY NO. 9:**

See answer to Interrogatory 7.

**ANSWER TO INTERROGATORY NO. 10:**

Jose Vasquez supervises the managers, and has since each became a manager.

1598177-5

## ANSWER TO INTERROGATORY NO. 11:

The accounting firm of Citrin,Cooperman & Company, C.P.A.'s, and particularly, Dulcidia Lazzaro ( "Lazzaro" ), C.P.A., together with Richard Stone, C.P.A. are responsible for preparing payroll records for defendants" employees. The information is provided to the accountants by Mr. Vasquez.

## ANSWER TO INTERROGATORY NO. 12:

See answer to Interrogatory No. 11.

## ANSWER TO INTERROGATORY NO. 13:

Since defendants never hired any of the named plaintiffs and/or putative class members, this interrogatory is incapable of being answered.

## ANSWER TO INTERROGATORY NO. 14:

Defendants pay each of its full-time workers at the rate of $7.25 per hour, comprised of the minimum allowable wage, and an allocation as and for "tips". In addition, employees also receive additional tips directly from what customers decide to leave on their own.

Each full-time employee gets paid for a ten (10) hour day, four days per week irrespective of how many hours he may work less than ten hours in a day, which occurs on a fairly regular basis. The managers make decisions about whether to open on a rainy day, or whether to open late on a rainy day, but the full-time employees are paid for a full 40 hour work week irrespective of whether they actually have put in that much time.

## ANSWER TO INTERROGATORY NO. 15:

All of defendants' employees are paid cash. The cash is obtained from the day's daily receipts and paid to the employees at the end of each day. Therefore, a full-time employee, who works no more than 40 hours a week, gets ten (10) hours at $7.25 per hour each and every day he works. To Mr. Vasquez' knowledge, the accountants properly record the way the employees are paid. This answer does not pertain to the plaintiffs who were never employed by defendants nor to any unknown and amorphous putative class members.

Jose Vasquez

August 5, 2013
New York, N.Y.

Louis J. Maione, Esq., Atty. for Defendants.
444 E. 57th Street, 6th Fl.
New York, N.Y. 10022
(917) 549-5693

1598177-5

4