UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

RONARD LORA, HUGO RIVERA, MARCO ANTONIO DIAZ, MELVIN LORA, EDUARDO LORA, GIOVANNI PAULINO, JOSE RODRIGUEZ, and JOSE RODOLFO RODRIGUEZ-TINEO, individually and on behalf of all others similarly situated,

               Plaintiffs,

            - against -

J.V. CAR WASH, LTD., BROADWAY HAND CARWASH CORP., WEBSTER HAND CAR WASH CORP., HARLEM HAND CAR WASH INC., BAYWAY HAND CAR WASH CORP., JOSE VAZQUEZ, SATURNINO VARGAS, JOSE JIMENEZ, RAMON PEREZ, DOMINGO "DOE," ADOLFO FEDERUS, originally sued as ADOLFO "DOE," and JOHN DOES 1-10,

               Defendants.

----------------------------------------------------------------------X

Index No. 11-CV-9010 (LLS)

ECF CASE

CLASS ACTION

Civil Action

Jury Trial Demanded

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSTION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

*[signature]*

Laura E. Longobardi, Esq.
ARENSON, DITTMAR & KARBAN
Attorneys for Plaintiffs
295 Madison Avenue, Suite 700
New York, New York 10017
LELongobardi_ADK@msn.com
Tel:   (212) 490-3600
Fax:   (212) 490-7102

To:    Louis J. Maione, Esq.
       Attorney for Defendants
       444 E. 57th Street, 6th Fl.
       New York, New York 10022
       louisjmaione3@gmail.com
       (917) 549-5693
       (646) 749-8014

## <u>TABLE OF CONTENTS</u>

I.   PRELIMINARY STATEMENT ........................................................................................ 1

II.  FACTUAL BACKGROUND ......................................................................................... 2

III. ARGUMENT .................................................................................................................. 3

    A.   Under Second Circuit Jurisprudence, Rule 12 Motions to Dismiss for Lack of Federal
Subject Matter Jurisdiction Are Not Appropriate in FLSA Cases ............................................ 3

    B.   A Rule 56 Motion for Summary Judgment on Plaintiffs' FLSA Claims Based on a
Purported Lack of Federal Subject Matter Jurisdiction Also Should Be Denied, as Plaintiffs
Can Clearly Demonstrate the Existence of Genuine Issues of Material Facts for Trial. ............ 6

       i.   The Defendants' Business Operations Constitute an Enterprise ..................................... 7

       ii.   The Defendants Regularly Transported Workers Who Lived in New York Across
Interstate Lines to Work in New Jersey. ................................................................................. 8

       iii.   The Defendants' Employees Regularly Handled, Used and Worked on Goods or
Materials That Moved in Interstate Commerce. ...................................................................... 9

    C.   This Court Continues to Have Supplemental Jurisdiction Over Plaintiffs' State Law
Claims, Even Were the Court to Dismiss Plaintiffs' FLSA Claims. ....................................... 12

## TABLE OF AUTHORITIES

**Cases**

*Archie v. Grand Cent. P'ship, Inc.*, 997 F. Supp. 504 (S.D.N.Y. 1998)........................ 6, 8, 10, 11

*Bell v. Hood*, 327 U.S. 678 (1946)................................................................................ 3

*Benitez v. F & V Car Wash, Inc.*, No. 11–CV–01857 (DLI) (SMG), 2012 WL 1414879
(E.D.N.Y. Apr. 24, 2012)...................................................................................... 5

*Chang Mei Lin v. Yeh's Bakery, Inc.*, No. 12–CV–2146 (JG), 2013 WL 867436 (E.D.N.Y. Mar.
7, 2013) ............................................................................................................. 11

*Collado v. Florida Cleanex, Inc.*, 727 F. Supp. 2d 1369 (2010), *rev'd, Tapia v. Florida Cleanex
Inc.*, 422 Fed. Appx. 787 (11th Cir. 2011)........................................................... 10

*Jia Hu Qian v. Siew Foong Hui*, No. 11 Civ. 5584 (CM), 2012 WL 1948820 (S.D.N.Y. May 30,
2012) ................................................................................................................ 5, 6

*New York Transp., Inc. v. Naples Transp., Inc.*, 116 F. Supp. 2d 382 (S.D.N.Y. 2000)........ 13, 14

*Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182 (2d Cir. 1996) ................................ 3

*Padilla v. Manlapaz*, 643 F. Supp. 2d 298 (E.D.N.Y. 2009)................................................ 6

*Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217 (11th Cir. 2010)........................... 9, 10

*Ramirez v. H.J.S. Car Wash Inc.*, No. CV–11–2664 (VVP), 2013 WL 1437600 (E.D.N.Y. Apr. 9,
2013) ................................................................................................................ 10

*Rodilla v. TFC-RB, LLC*, No. 08–21352–CIV–AMS, 2009 WL 3720892 (S.D. Fla. Nov. 4, 2009)
........................................................................................................................ 10

*Rosso v. PI Mgmt Assocs., L.L.C.*, No. 02 Civ. 1702 (KNF), 2005 WL 3535060 (S.D.N.Y. Dec.
23, 2005) ............................................................................................................ 6

*Tapia v. Florida Cleanex Inc.*, 422 Fed. Appx. 787 (11th Cir. 2011) ......................................... 10

*Tapia v. Florida Cleanex, Inc.*, No. 09–21569–CIV, 2009 WL 3246121 (UU) (S.D. Fla. Oct. 6,
2009), *rev'd*, 422 Fed. Appx. 787 (11th Cir. 2011). ................................................ 10

*Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264 (11th Cir. 2006)...................................... 10

*Velez v. Vassallo*, 203 F. Supp. 2d 312 (S.D.N.Y. 2002) ............................................. 3, 5, 10, 11

**Statutes**

28 U.S.C. § 1331................................................................................................... 12

28 U.S.C. § 1337................................................................................................... 12

29 U.S.C. § 203(r)................................................................................................... 6

29 U.S.C. § 203(s)............................................................................................... 6, 11

29 U.S.C. § 203(s)(1)............................................................................................... 6

29 U.S.C. § 206(a)................................................................................................... 6

29 U.S.C. § 207.................................................................................................... 1, 6

29 U.S.C. § 216(b)............................................................................................. 1, 12

N.J. STAT. ANN. §§ 34:11-4.1, *et seq*. ..................................................................... 1

N.J. STAT. ANN. §§ 34:11-56a, *et seq*. ..................................................................... 1

N.Y. LAB. L. §§ 190, *et seq*. ................................................................................... 1

N.Y. LAB.. L. §§ 650 *et seq*. .................................................................................... 1

**Rules**

Fed. R. Civ. Proc. 12............................................................................................. 1, 5

Fed. R. Civ. Proc. 56.............................................................................................. 1

Local Civil Rule 56.1 of the Local Rules of the Southern and Eastern Districts of New York ..... 2

Local Civil Rule 7.1 of the Local Rules of the Southern and Eastern Districts of New York ....... 1

**Regulations**

N.J.A.C. § 12:56-6.1 ............................................................................................. 1

N.J.A.C. § 12:56-6.4 ............................................................................................. 1

N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2 .............................................. 1

N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4 .............................................. 1

## I.   <u>PRELIMINARY STATEMENT</u>

We represent the Named Plaintiffs Ronard Lora, Hugo Rivera, Marco Antonio Diaz, Melvin Lora, Eduardo Lora, Giovanni Paulino, Jose Rodriguez and Jose Rodolfo Rodriguez-Tineo (the "Named Plaintiffs"), together with ten other opt-in plaintiffs (collectively, the "Plaintiffs") in the above-referenced action (the "FLSA Action"). [1]  This Memorandum of Law is being submitted on behalf of the Plaintiffs in opposition to the Notice of Motion to Dismiss for Lack of Subject Matter Jurisdiction, dated September 5, 2013 (the "Motion to Dismiss"), brought by Defendants J.V. Car Wash, Ltd., Broadway Hand Carwash Corp., Webster Hand Car Wash Corp., Harlem Hand Car Wash Inc., Bayway Hand Car Wash Corp. (collectively, the "Car Wash Defendants"), Jose Vazquez, Saturnino Vargas, Jose Jimenez, Ramon Perez, Adolfo Federus, originally sued as Adolfo "Doe," Domingo "Doe," and John Does 1-10 (the "Individual Defendants" ((collectively with the Car Wash Defendants, the "Defendants")).

We note initially that the Defendants' Motion to Dismiss is procedurally defective on two grounds.  First, the Notice of Motion fails to "specify the applicable rules or statutes pursuant to which the motion is being brought," as required by Local Civil Rule 7.1 of the Local Rules of this Court.  The Notice of Motion simply states that it seek to dismiss this FLSA Action "for lack of subject matter jurisdiction."  It is unclear whether Defendants' motion is brought pursuant to Rule 12 or pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Second, to the extent that Defendants' motion "to dismiss" is really a motion for summary judgment pursuant to Rule 56, Defendants have failed to comply with the requirements

---

[1]   This FLSA Action alleges that the Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b); Articles 6 and 19 of the New York Labor Law, N.Y. LAB. L. §§ 190, *et seq.*, 650 *et seq.*; Title 12 of the New York Codes, Rules and Regulations, N.Y. COMP. CODES R. & REGS. tit. 12, §§ 142-2.2, 142-2.4; and the New Jersey Wage and Hour Law, N.J. STAT. ANN. §§ 34:11-4.1, *et seq.*, §§ 34:11-56a, *et seq.*, and the supporting New Jersey State regulations, N.J.A.C. § 12:56-6.1, § 12:56-6.4.  This FLSA Action also alleges that Defendants retaliated against a number of the Plaintiffs for asserting their rights under the federal and state wage-and-hour laws.

of Local Civil Rule 56.1 of the Local Rules of this Court, which states that "there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried."

Notwithstanding these procedural defects, we will address the merits of Defendants' Motion to Dismiss under both Rule 12 and Rule 56.  Most of the assertions in the Defendant Jose Vazquez's supporting Affidavit (the "Vazquez Aff.") consist of rhetorical musings, *ad hominem* attacks on the Plaintiffs, and incomplete factual statements that are contradicted by the Defendants' own documents.  Defendants' arguments in support of their Motion to Dismiss consist of rhetoric, irrelevant attempts to re-argue a motion for a protective order that has already been granted by the Court, and a curious reliance on cases from within the Eleventh Circuit Court of Appeals, rather than on the controlling Second Circuit jurisprudence.  Despite Defendants' wishes to the contrary, their Motion to Dismiss cannot be sustained on either the facts or the law – under both Rule 12 and Rule 56 – and should be denied.

## II.    FACTUAL BACKGROUND

The facts underlying this FLSA Action are well-known to the Court, and are stated in the Amended Complaint.  Fundamentally, the Plaintiffs worked washing, cleaning, drying and detailing cars, trucks and other vehicles at the Defendants' car wash business operations in New York and New Jersey.  While working for the Defendants, the Plaintiffs were typically required to work in excess of forty hours each week.  The Defendants failed to pay at least the statutory minimum wage to the Plaintiffs, and failed to pay overtime wages to the Plaintiffs for the hours that they worked over forty hours in a work week.[2]

---

[2]    We respectfully refer the Court to the Amended Complaint, and the accompanying Affidavits of the Plaintiffs Ramon M. Alvarez Carrion, sworn on September 18, 2013 ("Alvarez Aff."); Rojas Corona Valerio, sworn on September 18, 2013 ("Corona Valerio Aff."); Marcos Antonio Diaz, sworn on September 17, 2013 ("Diaz Aff."); and Giovanni Paulino, sworn on September 17, 2013 ("Paulino Aff."), and the Declaration of Laura E.

III.     **ARGUMENT**

Defendants argue that their business operations are purely local in nature, and therefore do not fall within the coverage of the FLSA.  Defendants also argue that the application of the FLSA depends solely on whether the employees of a business handled goods and services that moved in or were produced for interstate commerce.  Defendants claim that they used locally produced soap and water at each of their car wash locations, and that no out-of-state vehicles ever were cleaned at their car wash locations, and therefore, the Defendants cannot fall within the scope of the FLSA.  Defendants also argue that their operations do not satisfy the definition of an "enterprise" under the FLSA.  Defendants claim that, for these reasons, Plaintiffs' FLSA claims should be summarily dismissed.

We believe that the Defendants are wrong on both the facts of this case and on the applicable law.

A.      **Under Second Circuit Jurisprudence, Rule 12 Motions to Dismiss for Lack of Federal Subject Matter Jurisdiction Are Not Appropriate in FLSA Cases.**

It has been well-settled within the Second Circuit that:

> Dismissal for lack of subject matter jurisdiction is only proper where an alleged federal claim "clearly appears immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."

*Velez v. Vassallo*, 203 F. Supp. 2d 312, 331 (S.D.N.Y. 2002) (citing *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188 (2d Cir. 1996) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)).  Plaintiffs' FLSA claims clearly are neither "insubstantial" nor "frivolous."  Nor have they been made "solely for the purpose of obtaining jurisdiction."  Rather, Plaintiffs' FLSA claims set forth serious and intentional violations of federal laws by the Defendants.

---

Longobardi, Esq., executed on September 19, 2013 ("Longobardi Dec."), for a full statement of the facts pertinent to this Memorandum of Law.

In their Amended Complaint, Plaintiffs have asserted that they worked for the Defendants at the Defendants' car wash locations in New York *and* New Jersey.  Plaintiffs have asserted where they worked; the time periods that they worked there; the times of day that their work schedules started and ended; how many days a week they worked; and how much they were paid.  Plaintiffs have asserted that they were not paid overtime wages for the hours that they worked in excess of forty (40) hours in a week, and that they were not paid at least the statutory minimum wage (both of which can be readily computed based on the Plaintiffs' assertions of what hours they worked, and how much they were paid).  All of these factual assertions sufficiently plead Plaintiffs' claims of FLSA violations.  Amended Complaint, ¶¶ 87-250; *see also* Alvarez Aff., ¶¶ 3, 7-21; Corona Valerio Aff., ¶¶ 3, 7-23; Diaz Aff., ¶¶ 3, 6-17; Paulino Aff., ¶¶ 3, 7-29.[3]

Further, Plaintiffs have sufficiently stated facts in their Amended Complaint to show that the Defendants constitute an enterprise engaged in commerce within the meaning of the FLSA.  First, the Plaintiffs have asserted on behalf of themselves and the putative class that the Defendants have employed numerous individuals at the Defendants' car wash locations *in New York and New Jersey* as car washers, cleaners, driers, and detailers.  Plaintiffs further have asserted that they themselves worked washing, cleaning, drying and detailing *cars, trucks and other vehicles* at the Defendants' car wash locations in *New York and New Jersey*.  In particular, Plaintiff Giovanni Paulino has asserted in the Amended Complaint that he worked for the Defendants at *both* the Broadway location *in New York* and the Bayway location *in New Jersey*.  Theses factual assertions in the Amended Complaint are sufficient to establish the "in

---

[3]     Other Plaintiffs also worked for the Defendants in both New York and New Jersey, and could provide additional testimony.  However, we did not wish to burden the Court by submitting cumulative affidavits.

commerce" requirement of the FLSA.  Amended Complaint, ¶¶ 52-53, 87-250; *see also* Alvarez Aff., ¶¶ 3, 7-21; Corona Valerio Aff., ¶¶ 3, 7-23; Diaz Aff., ¶¶ 3, 6-17; Paulino Aff., ¶¶ 3, 7-29.

Finally, Plaintiffs have asserted that Defendant Jose Vazquez is the owner of all the Car Wash Defendants, and that all of the Car Wash Defendants essentially are operated pursuant to his direction and control – facts that have been admitted by the Defendants.  Thus, based on the totality of the factual allegations contained in the Amended Complaint, Plaintiffs have sufficiently alleged that the Defendants constitute an "enterprise" within the meaning of the FLSA.[4]

Moreover, the district courts in this Circuit repeatedly hold that a defendant's challenges to the viability of a plaintiff's claims under the FLSA go to the ***merits*** of those claims, but ***do not*** raise a jurisdictional issue.  *Velez*, 203 F. Supp. 2d at 332 ("the question of whether or not Defendants actually are 'an enterprise engaged in commerce' within the meaning of [the FLSA] is an issue that goes to the merits of Plaintiffs' claims rather than the Court's subject matter jurisdiction"); *see Benitez v. F & V Car Wash, Inc.*, No. 11–CV–01857 (DLI) (SMG), 2012 WL 1414879, at *1-*2 (E.D.N.Y. Apr. 24, 2012) ("the question of whether a defendant qualifies as an enterprise under the FLSA is not a jurisdictional issue, but an element that a plaintiff must establish in order to prove liability") (also citing cases); *see also Jia Hu Qian v. Siew Foong Hui*, No. 11 Civ. 5584 (CM), 2012 WL 1948820, at * 2-*3 (S.D.N.Y. May 30, 2012) (citing cases).

For these reasons, to the extent that Defendants' Motion to Dismiss constitutes a motion under Rule 12 to dismiss this FLSA Action based on a purported lack of subject matter jurisdiction, that Motion should be denied, as being "unsupported by existing case law."  *Benitez*, 2012 WL 1414879, at *1; *see Jia Hu Qian*, 2012 WL 1948820, at *3.  While Plaintiffs ultimately

---

[4]    The totality of these ***factual*** allegations by Plaintiffs is sufficient to satisfy the requirements of *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007).

will have the burden of proof on their claims of FLSA liability based on an enterprise coverage

theory, the Court has jurisdiction over those claims "irrespective of whether Plaintiff[s] can

ultimately prevail on the merits." *Id.* (quoting *Padilla v. Manlapaz*, 643 F. Supp. 2d 298, 301

(E.D.N.Y. 2009).

> **B.      A Rule 56 Motion for Summary Judgment on Plaintiffs' FLSA Claims
> Based on a Purported Lack of Federal Subject Matter Jurisdiction
> Also Should Be Denied, as Plaintiffs Can Clearly Demonstrate the
> Existence of Genuine Issues of Material Facts for Trial.**

Courts within the Second Circuit have held that:

> An individual is covered by FLSA if he or she is employed by an
> "enterprise engaged in commerce or in the production of goods for
> commerce."  29 U.S.C. § 203(s)(1), § 206(a), § 207(a)(1).  An
> enterprise is "engaged in commerce" if it "has employees engaged
> in commerce or in the production of goods for commerce, ***or
> employees handling, selling, or otherwise working on goods or
> materials that have been moved in or produced for commerce by
> any person*** and … [its] annual gross volume of sales made or
> business done is not less that [*sic*] $500,000."  29 U.S.C.
> § 203(s)(1).  The term "enterprise" in the context of the statute
> means "the ***related activities performed (either through unified
> operation or common control) by any person or persons for a
> common business purpose.***"  29 U.S.C. § 203(r).

*Rosso v. PI Mgmt Assocs., L.L.C.*, No. 02 Civ. 1702 (KNF), 2005 WL 3535060, at *7 (S.D.N.Y.

Dec. 23, 2005) (emphasis added).  The reach of the FLSA thus extends to even purportedly local

business activities "when an enterprise employs workers who handle goods or materials that

have moved or been produced in interstate commerce."  *Archie v. Grand Cent. P'ship, Inc.*, 997

F. Supp. 504, 530 (S.D.N.Y. 1998).

Defendants claim that their car wash businesses hire local residents to serve their local

clientele, using purely local products, and that therefore they operate solely within intrastate

commerce.  Defendants' assertions are contradicted by the Defendants' own exhibits to their

Motion, as well as by other of the Defendants' own documents,[5] and other publically available information  *See* Longobardi Dec., ¶¶ 4-14.

Further, Plaintiffs have disputed Defendants' characterizations of their businesses, and have submitted factual affidavits to show that the Defendants' constitute an "enterprise" that is "engaged in commerce" within the meaning of the FLSA.  *See* Alvarez Aff., ¶¶ 8-9, 11-12, 22-26; Corona Valerio Aff., ¶¶ 15-19, 24-25; Diaz Aff., ¶¶ 18-20; Paulino Aff., ¶¶ 7-9, 17-21, 30-34.

### i.   The Defendants' Business Operations Constitute an Enterprise.

That the Defendants constitute an "enterprise" covered by the FLSA is clear.  The Car Wash Defendants all perform "related activities" within the meaning of the statute, as all perform the business of washing cars and other vehicles.  The Defendants also satisfy the requirement that they be under "unified operation or common control," as Defendants have admitted that Defendant Jose Vazquez is the owner of all of the Car Wash Defendants, and that he supervises all of the managers of the Car Wash Defendants.  Further, the Defendants clearly share employees among the Car Wash Defendants, as evidenced by the Defendants' own employee rosters.  *See* Vazquez Aff., Exhibits A-D; Longobardi Dec., ¶¶ 6-8.  Plaintiffs also have described in their Affidavits how Defendant Saturnino Vargas, the manager at J.V. Car Wash/Broadway; Defendant Jose Jimenez, the manager at Defendant Webster; and Defendant Ramon Perez, the manager at Defendant Bayway, coordinated sending employees back and forth between J.V. Car Wash/Broadway, Bayway and Webster.  *See* Alvarez Aff., ¶¶ 7-15; Corona Valerio Aff., ¶ 15-19; Diaz Aff., ¶ 18-19; Paulino Aff., ¶¶ 7-9, 20-21.  Thus, all of the Defendants are under Defendant Vazquez's "unified operation" and his "common control."

---

[5]   Defendants' counsel produced documents to us on August 23, 2013; however, this document production was not Bates-numbered, as is customary practice.  We have numbered Defendants' production with the name of the Car Wash Defendant to which the documents pertain, *e.g.*, "Harlem 28," "Bayway 221," etc.

Finally, all of the Defendants share a common business purpose – that of operating the car wash facilities, with all of the resulting profits going to Defendant Vazquez.  Under these circumstances, the Defendants are an "enterprise" within the meaning of the FLSA.  *See Archie*, 997 F. Supp. at 525-28.

      **ii.**    **The Defendants Regularly Transported Workers Who Lived in New York Across Interstate Lines to Work in New Jersey.**

Defendant Vazquez's assertions in his Affidavit that he employed only people who lived within the neighborhoods where his car wash businesses are located are demonstrably false. Vazquez Exhibit D to the Motion to Dismiss purports to show the employee rosters for Defendant Bayway.  Page 2 of Vazquez Exhibit D identifies the names of fifteen individuals, whom Defendant Vazquez claims were his employees at Bayway as of the second quarter of 2013.  If Defendant Vazquez is to be believed, all of these employees reside in or around Elizabeth, New Jersey, where Bayway is located.  Yet, as is evidenced by documents produced by Bayway, eight of these fifteen employees have residences either in the Bronx or in Manhattan – clearly, contradicting Defendant Vazquez's Affidavit.  *See* Longobardi Dec., Exh. B (Bayway 221-Bayway 226).

Further, Plaintiffs Alvarez, Corona Valerio and Paulino all state in their Affidavits that the Defendants regularly would have them and other workers driven from the J.V. Car Wash/Broadway location in New York to the Bayway location in New Jersey.  These workers have stated that they left the J.V. Car Wash/Broadway location in New York at approximately 7:10 a.m. each morning, and were driven in a white Ford minibus/van owned by the "car wash" to New Jersey in order to arrive at Bayway when it opened at 8:00 a.m.  They also have stated that at the end of the workday at 6:00 p.m., they would be driven back to New York in the same white Ford minibus/van.  *See* Alvarez Aff., ¶¶ 8-9, 11-12, 22-23; Corona Valerio Aff., ¶¶ 15-19;

Paulino Aff., ¶¶ 8, 18-21, 30-31.  Plaintiff Paulino, in particular, has described in his Affidavit

how he was told by Defendant Vargas, in December 2011, that he himself was to drive the white

Ford minibus/van to New Jersey twice a week.  Paulino Aff., ¶¶ 20-21.  All three of these

Plaintiffs, as well as Plaintiff Diaz, also state in their Affidavits that they knew, from personal

observations and discussions with other employees, that workers were driven from New York to

work in New Jersey on a daily basis.

It hardly seems necessary to say that an enterprise that crosses state lines by engaging in

business in two different states, and which regularly transports workers from one state to work at

a location in a second state, is engaged in interstate commerce.

### iii.    The Defendants' Employees Regularly Handled, Used and Worked on Goods or Materials That Moved in Interstate Commerce.

Plaintiffs Alvarez, Corona Valerio and Paulino have stated in their Affidavits that they

saw car wash cleaning and other products manufactured by a company called "Aura" being used

in New York.  *See* Alvarez Aff., ¶ 24; Corona Valerio Aff., ¶ 24; Paulino Aff., ¶ 32.  According

to the company's website at www.auradetergents.com, and one of the company's owners, Aura

Detergent's manufacturing plant is located in Newark, New Jersey.  *See* Longobardi Dec., ¶ 23;

Longobardi Dec., Exhibit D.  This testimony alone is sufficient to demonstrate the existence of a

genuine issue of material fact for trial, even under the Eleventh Circuit precedents cited by

Defendants in their Memorandum of Law, as to whether the Defendants' employees handled

goods or materials that have been moved in or produced for commerce.  *See Polycarpe v. E&S*

*Landscaping Serv., Inc.*, 616 F.3d 1217 (11th Cir. 2010).

As enamored as Defendants are with *Polycarpe*, the courts of the Second Circuit do not

seem to share their affection.  We have identified no case within the Second Circuit that has cited

*Polycarpe*, or that has appeared to dwell very long on the issue of whether local businesses, like

car washes, are covered by the FLSA.  Indeed, district courts within this Circuit seem readily to accept that car wash businesses, almost of necessity, use cleaning chemicals and equipment that have been moved in or produced for interstate commerce.  *See, e.g., Ramirez v. H.J.S. Car Wash Inc.*, No. CV–11–2664 (VVP), 2013 WL 1437600, at *2-*3 (E.D.N.Y. Apr. 9, 2013) (finding of fact by the court that the defendant car wash purchased chemicals to wash cars as well as towels to dry them, and used and maintained machinery, all of which were items that either moved in or were produced for interstate commerce, and concluding as a matter of law that the defendant was an enterprise engage in commerce for purposes of FLSA).

Unfortunately for Defendants, the other Eleventh Circuit cases that they cite are not particularly helpful to their cause.  *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264 (11th Cir. 2006), involved issues of individual coverage under the FLSA, not enterprise coverage, and so is not relevant here.  Both *Collado v. Florida Cleanex, Inc.*, 727 F. Supp. 2d 1369 (2010), and *Tapia v. Florida Cleanex, Inc.*, No. 09–21569–CIV, 2009 WL 3246121 (UU) (S.D. Fla. Oct. 6, 2009), cases on which Defendants heavily rely, were ***reversed*** by *Tapia v. Florida Cleanex Inc.*, 422 Fed. Appx. 787 (11th Cir. 2011).  Those cases had been consolidated on appeal, and after reversal, were remanded with instructions to the district court to conduct further inquiry as to whether the cleaning supplies at issue were goods and/or materials, and whether they had travelled in interstate commerce.  *Id.* at 788-789.  *Rodilla v. TFC-RB, LLC*, No. 08–21352–CIV–AMS, 2009 WL 3720892 (S.D. Fla. Nov. 4, 2009), actually ***denied*** the employer's motion for summary judgment, and therefore is not helpful to the Defendants' arguments here.

While Defendants attack *Archie* (as having involved goods that were clearly involved in interstate commerce) and *Velez* (as having been decided before *Polycarpe*, as well as being "just plain wrong"), both *Velez* and *Archie* are frequently cited by courts within the Second Circuit as

authoritative on the issue of whether an enterprise is engaged in interstate commerce.  "[T]he test is met if [the plaintiff] or other employees merely handled supplies or equipment that originated out-of-state.  Thus, enterprise coverage exists as long as some of the employees wear uniforms or use items such as radios, books, flashlights, clipboards, brooms, bags, and cleaning supplies that have moved in interstate commerce."  *Chang Mei Lin v. Yeh's Bakery, Inc.*, No. 12–CV–2146 (JG), 2013 WL 867436, at *4 (E.D.N.Y. Mar. 7, 2013) (citing *Archie* and other cases).

In *Velez*, the defendants-employers sought to set aside a default judgment on FLSA claims against them, claiming that the court lacked subject matter jurisdiction because, among other things, the plaintiffs-employees "merely parked cars" and were not "engaged in commerce," and the defendants' business was not "engaged in interstate commerce or the movement of goods across state lines."  *See Velez*, 203 F. Supp. 2d at 327-28.  The *Velez* court stated:

> It seems clear that Defendants' motion would have no chance of succeeding on the merits.  Defendants' assertion that there is an insufficient nexus between Plaintiffs' work and interstate commerce radically misapprehends the nature of enterprise coverage under the FLSA.  Since 1974, when Congress significantly broadened the coverage of the FLSA, the definition of "enterprise engaged in commerce" has included any company doing the requisite dollar amount of business "that has employees handling … goods or materials that have been moved in or produced for commerce by any persons." 29 U.S.C. § 203(s).  *See generally Archie v. Grand Cent. P'ship*, 997 F. Supp. 504, 529–30 (S.D.N.Y.1998) (Sotomayor, J.) (discussing effect of 1974 amendments). … Here, Defendants' employees handled cars that were brought to public parking garages in New York City; ***such cars surely epitomize "goods or materials that have been moved in or produced for" interstate commerce***.  Even Defendants do not attempt to argue otherwise.  Defendants' assertion that Plaintiffs' work "did not encompass the production or handling of goods for commerce" is thus premised on an egregious misunderstanding, or a willful misreading, of the law.

*Velez*, 203 F. Supp. 2d at 328-29 (emphasis added; footnotes omitted).

Significantly, Plaintiffs have stated that they saw cars, trucks and other vehicles with non-New York license plates being cleaned at J.V. Car Wash/Broadway, at Harlem and at Webster.  *See* Alvarez Aff., ¶ 25; Corona Valerio Aff., ¶ 25; Diaz Aff., ¶ 20; Paulino Aff., ¶ 33. Plaintiffs also have stated that they saw cars, trucks and other vehicles with New York license plates being cleaned at Bayway.  *See* Alvarez Aff., ¶ 26; Paulino Aff., ¶ 34.  On a daily, regular basis, the Plaintiffs and every other worker at the Defendants' car wash locations cleaned ***cars*** – goods that, within this Circuit, unequivocally have been ***moved in or produced for commerce***. That the Plaintiffs and Defendants' other employees cleaned out-of-state cars also clearly demonstrates that they serviced vehicles that were moving in interstate commerce.

Plaintiffs have asserted that they themselves were moved in interstate commerce as part of the Defendants' business enterprise; that, while working in New York, they used cleaning materials that are known to have been manufactured in New Jersey;[6] and that they worked on out-of-state cars at all of the Defendants' car wash locations.  It is clear then, that under the controlling case law in the Second Circuit, the Defendants are "engaged in commerce" within the meaning of the FLSA.

Thus, a motion for summary judgment seeking to dismiss Plaintiffs' FLSA claims for a purported lack of subject matter jurisdiction should be denied.

## C.    This Court Continues to Have Supplemental Jurisdiction Over Plaintiffs' State Law Claims, Even Were the Court to Dismiss Plaintiffs' FLSA Claims.

This FLSA Action was commenced based on the Court's original jurisdiction over Plaintiffs' FLSA claims, pursuant to 28 U.S.C. §§ 1331 and 1337, and 29 U.S.C. § 216(b).

---

[6]    If Defendants insist that they never made any purchases of out-of-state goods and/or materials for use by their employees at their businesses, Defendants should provide to Plaintiffs documentation of the source of origin of all goods, materials and equipment, including the machinery, used at all four car wash locations.

Based on that original jurisdiction, the Court properly has supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

As set forth above, we believe that Defendants' motion to dismiss/motion for summary judgment on Plaintiffs' FLSA claims based on a purported lack of subject matter jurisdiction should be denied.  Yet, even were the Court to grant such a motion and dismiss the Plaintiffs' FLSA claims, it nevertheless would be entitled to exercise its discretion to continue to assert supplemental jurisdiction over the Plaintiffs' remaining state law claims.  *See New York Transp., Inc. v. Naples Transp., Inc.,* 116 F. Supp. 2d 382, 389-90 (S.D.N.Y. 2000) (acknowledging that district courts have broad discretion, giving due consideration to whether an exercise of jurisdiction would be justified by the interests of judicial economy, convenience, fairness to the parties, and comity, to exercise supplemental jurisdiction over state law claims arising out of the same facts as the federal claims, even after all federal claims have been dismissed).

Here, Plaintiffs' New York and New Jersey state law claims arise from the same circumstances as their FLSA claims, namely, the Defendants' violations of minimum wage and overtime laws.  None of these claims raise "novel or complex issues" of state law[7] that would require dismissal were the Court to dismiss all FLSA claims.

Furthermore, in weighing judicial economy, convenience, fairness, and comity, this Court should continue to exercise supplemental jurisdiction over Plaintiffs' state law claims.  This case is on the Court's trial calendar for Tuesday, November 12, 2013.  The Court has conducted numerous conferences with the parties over the last sixteen months, and is intimately familiar with the Plaintiffs' claims, and the Defendants' efforts to resist trial of those claims.

---

[7]     Plaintiffs also assert spread-of-hours violations under the New York Labor Law.  While unique to New York law, the concept is hardly "novel" or difficult – the New York Labor Law essentially requires that if an employee works a ten-hour shift or longer, that employee must be paid an additional hour's wage at the minimum wage rate.

Under the circumstances, even were the Court to find any merit to Defendants' Motion and were to dismiss Plaintiffs' FLSA claims, the Court nonetheless should continue to exercise its discretion to maintain Plaintiffs' state law claims – which arise under the same set of facts as Plaintiffs' FLSA claims, and which are scheduled to be tried in less than two months. *See New York Transp.,* 116 F. Supp. 2d at 390 ("[g]iven the time and effort already invested in this matter by the parties and the Court, … the Court elects to retain jurisdiction over the plaintiffs' state law claims").

Accordingly, Plaintiffs respectfully request this Court deny Defendants' Motion to Dismiss this FLSA Action based on any purported lack of subject matter jurisdiction. The Named Plaintiffs also request that the Court grant such further relief as it deems appropriate.

Dated: New York, New York
      September 19, 2013

Laura E. Longobardi, Esq.
ARENSON, DITTMAR & KARBAN
Attorneys for Plaintiffs
295 Madison Avenue, Suite 700
New York, New York 10017
LELongobardi_ADK@msn.com
Tel:    (212) 490-3600
Fax:   (212) 490-7102

To:    Louis J. Maione, Esq.
       Attorney for Defendants
       444 E. 57th Street, 6th Fl.
       New York, New York 10022
       louisjmaione3@gmail.com
       (917) 549-5693
       (646) 749-8014