ORIGINAL

# MEMO ENDORSED

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/27/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Ronard Lora, et al., individually and on
behalf of all others similarly situated,

                                      Plaintiffs,

-against-

J.V. Car Wash, Ltd., et al.,

                                      Defendants.

Civ.No. 11-9010 (LLS)

**NOTICE OF MOTION
TO DISMISS FOR
LACK OF SUBJECT
MATTER JURISDICTION**

---

**PLEASE TAKE NOTICE**, that on the 20th day of September, 2013, at 9:30 a.m., or as soon thereafter as counsel may be heard, the undersigned, attorney for the defendants in the above-captioned matter, shall move the Court, before the Honorable Louis L. Stanton, U.S.D.J., at the United States Court House, Room 2252, 500 Pearl Street, New York, N.Y. 10007, for an Order granting defendants' motion dismissing this matter for lack of subject matter jurisdiction, and such other relief as to this Court seems just and proper under the circumstances.

**PLEASE TAKE FURTHER NOTICE**, that in support of the motion, defendants shall rely upon this Notice of Motion, the Affidavit of Jose Vasquez, sworn to on September 5, 2013, together with the exhibits appended thereto, and the Memorandum of Law in Support of the Motion to Dismiss of Louis J. Maione, Esq., dated September 4, 2013.

1598177-5

**PLEASE TAKE FURTHER NOTICE**, that counsel for defendants requests oral argument.

September 5, 2013

*[signature]*

Louis J. Maione, Esq., 8589

Atty. for Defendants

444 E. 57th Street, 6th Fl.

N.Y., N.Y. 10022

TO: Laura Longobordi, Esq.

(917) 549-5693

Arenson, Dittmar & Karban

295 Madison Ave.

N.Y., N.Y.   10017

2

1598177-5

MEMORANDUM ENDORSEMENT

<u>Ronald Lora, et al., v. J.V. Car Wash, Ltd., et al.</u>,
11 Civ. 9010 (LLS)

This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay plaintiffs minimum wages and overtime wages. Defendants move to dismiss the amended complaint. The issues involved in defendants' motion are disposed of as follows.

FLSA coverage extends to employees who are employed by an "enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 203(s)(1), 206(a), 207(a)(1). An enterprise is "the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose," 29 U.S.C. § 203(r). An enterprise is "engaged in commerce" if it "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," 29 U.S.C. § 203(s)(1)(A)(i), and "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)," 29 U.S.C. § 203(s)(1)(A)(ii).

Defendants move to dismiss on the ground that their car wash business is not an "enterprise" and is not "engaged in commerce" within the meanings of FLSA.

It is undisputed that Mr. Vasquez owns all four car washes, supervises and controls each one, and operates them for the common business purpose of washing cars for profit. Plaintiffs also testify that they and other car wash employees were transported between different car wash locations by defendants in order to perform their work duties. <u>See</u> Alvarez Aff., ¶¶ 7-14; Corono Valerio Aff., ¶¶ 15-19; Diaz <u>Aff</u>., ¶¶ 18-19; Paulino Aff., ¶¶ 7-9. Those facts, if true, would be sufficient to establish that the car washes are a unified operation or under common control, and thus that the business is an "enterprise" under FLSA.

It is undisputed that the car wash business' annual gross volume of sales is $500,000 or greater. Plaintiffs' testimony that, at the New York car wash locations, they used various car wash cleaning products manufactured by a New Jersey company

called "Aura," see Alvarez Aff., ¶ 24; Corona Valerio Aff., ¶ 24; Paulino Aff., ¶ 32; Longobardi Decl., ¶ 23, Ex. D, is sufficient to establish that the car wash employees handle goods or materials that have been moved in interstate commerce, and thus are "engaged in commerce" under FLSA. See Ramirez v. H.J.S. Car Wash Inc., No. 11 Civ. 2664 (VVP), 2013 WL 1437600, at *2-*3 (E.D.N.Y. Apr. 9, 2013)("In the course of its business, Off Broadway purchased chemicals used to wash the cars as well as towels to dry them, and used and maintained machinery, all of which were items that either moved in or were produced for interstate commerce. . . . Off Broadway constitutes an enterprise engaged in commerce or in the production of goods in commerce within the meaning of the FLSA because its employees handle and work on goods and materials that have been moved in and produced for commerce, and because Off Broadway enjoys annual gross sales well in excess of $500,000."), citing 29 U.S.C. § 203(s)(1)(A). Although defendants contend that they did not use any out-of-state products at their car washes, that factual dispute is not appropriate for resolution at this stage and must be decided by a jury.

    Defendants' motion (Dkt. No. 74) is denied.

    So ordered.

Dated:  New York, New York
        September 27, 2013

                                */s/ Louis L. Stanton*
                                Louis L. Stanton
                                    U.S.D.J.