⌐ **ORIGINAL**

# MEMO ENDORSED



LAW OFFICES
ARENSON, DITTMAR & KARBAN
295 MADISON AVENUE
NEW YORK, N.Y. 10017

FACSIMILE
(212) 490-7102

TELEPHONE
(212) 490-3600

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/21/14

April 16, 2014

**BY U.S. MAIL**

The Honorable Louis L. Stanton
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007



RECEIVED IN CHAMBERS
OF LOUIS L. STANTON

APR 16 2014

UNITED STATES DISTRICT JUDGE

Re: *Ronard Lora, et al., v. J.V. Car Wash, Ltd., et al.*, No. 11-CV-9010 (LLS)

Dear Judge Stanton:

    I write to address several points raised by Louis J. Maione, Esq., counsel for the Defendants, in his April 14, 2014 letter ("Maione April 14 Letter") in response to the Plaintiffs' request that Defendants Saturnino Vargas and Jose Jimenes be precluded from testifying for any purpose in this FLSA Action, as a result of their failures to appear for their duly noticed depositions.

    Both Mr. Vargas and Mr. Jimenes are themselves defendants in this FLSA Action, and thus are bound by the Federal Rules of Civil Procedure and the rules of this Court. Both Mr. Vargas and Mr. Jimenes were warned in the Re-Notice of Depositions, in English and in Spanish, that there would be consequences if they failed to appear at the scheduled dates and times for their depositions.[1] It may be, as Mr. Maione suggests, that neither Mr. Vargas nor Mr. Jimenes can read a document in English or in Spanish. However, from my experience in dealing with uneducated individuals who do not speak or read English, I know that the first thing such a person will do upon receiving an "official-looking" document is to find a relative or friend who can tell that individual what that document says. For this reason, I find it difficult to believe that Mr. Vargas and Mr. Jimenes are or were unaware of the contents of the Re-Notice of Deposition, or of the consequences of their failure to appear.

    As Your Honor is aware, the principal defendant, Mr. Jose Vazquez, is seeking a lengthy adjournment of this FLSA Action based on his asserted mental health condition. We are proceeding to obtain Mr. Vazquez's medical records from Dr. Leon Valbrun, so that we may schedule an independent medical examination of Mr. Vazquez, and the deposition of Dr. Valbrun. Mr. Maione has advised us that Mr. Vazquez also desires to attend the depositions of Mr. Vargas and Mr. Jimenes. But while Mr. Vazquez may have the right to attend depositions of other parties in this FLSA Action, he does ***not*** have the right to dictate that those depositions be scheduled to suit his convenience. Accordingly, there was no reason to defer the scheduling of

---

[1] I do not, in any way, fault Mr. Maione's efforts to reach Mr. Vargas and Mr. Jimenes in order to produce them for their depositions.

*Permanent preclusion of the testimony of Vargas and Jimenez is deferred, to see whether they seek to testify (albeit untimely) or not persist in their default. So Ordered. Louis L. Stanton 4/18/14*

ARENSON DITTMAR & KARBAN

Case 1:11-cv-09010-LLS   Document 98   Filed 04/21/14   Page 2 of 2

The Hon. Louis L. Stanton
April 16, 2014
Page 2

Mr. Vargas' and Mr. Jimenes' depositions because of Mr. Vazquez's ability or inability to be present.

    Similarly, any suggestion that Mr. Vargas and/or Mr. Jimenes were unable to attend their depositions on the scheduled dates and times because they "must be inundated with work in the absence of Mr. Vazquez who has not been attending the four businesses as usual in his present state of health" (Maione April 14 Letter, at 2), is unpersuasive. Deponents – particularly party deponents – are regularly required to miss a day of work in order to satisfy their obligations under the Federal Rules. In any case, neither Mr. Vargas nor Mr. Jimenes made any attempt to contact either Mr. Maione or Plaintiffs' counsel, to ask if their deposition dates could be re-scheduled because of the exigencies of their work. Further, no one has claimed that "Mr. Vazquez somehow prompted the non-attendance of these managers at their depositions" (Maione April 14 Letter, at 2). Mr. Vargas and Mr. Jimenes chose to ignore their obligations as defendants to appear and to testify, despite being duly warned of the potential repercussions of that choice.

    As for the "other defendants" who Mr. Maione fears may "be prejudiced by the disallowance of these gentlemen to appear at trial and testify" (Maione April 14 Letter at 2), the answer is simple. Those "other defendants" are Mr. Vazquez and the four Car Wash Defendants, who have steered this FLSA Action on its "labyrinthian journey" into a Stygian marsh of delay. This Court is aware of the incentives that these "other defendants" have had to avoid the discovery process and the trial of this FLSA Action. These "other defendants" cannot rest on their history of discovery abuses, and then complain that *they* would be prejudiced if two of their co-defendants are precluded from testifying in this FLSA Action, based on their own defaults in the discovery process.

    For all these reasons, an order of preclusion against Mr. Vargas and Mr. Jimenes preventing them from testifying for any purpose in this FLSA Action – a sanction that was specifically identified as a potential consequence of their failure to appear for their depositions – is appropriate at this time.

Respectfully submitted,

Laura E. Longobardi

LEL:
cc:    Louis J. Maione, Esq. (by electronic mail)