**MEMO ENDORSED**

lmaionelaw.com
louisjmaione3@gmail.com
Admitted NY; NJ

(917) 549-5693

*RECEIVED IN CHAMBERS OF LOUIS L. STANTON APR 21 2014 UNITED STATES DISTRICT JUDGE*

# LAW OFFICES OF LOUIS J. MAIONE

444 E. 57th Street, 6th Fl.

New York, N.Y. 10022

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/23/14

**BY HAND**

Honorable Louis L. Stanton. U.S. D.J.
United States District Court, S.D.N.Y.
500 Pearl Street, Room 2250
N.Y., N.Y. 10007

April 21, 2014

Re: **Lora v. J.V. Car Wash**; 11-Civ.-9010

Dear Judge Stanton:

    I am writing this letter in response to that of Laura Longobardi, Esq. ("Longobardi"), dated April 16, 2014, which was in response to my earlier letter of April 14, 2014, concerning the deposition of two of the defendants in the above-captioned matter, Saturnino Vargas ("Vargas"), and Jose Jimenes ("Jimenes").

    Two issues with respect to the depositions of these gentlemen, and others, remain. In the first instance, I have no reason to doubt Ms. Longobardi's experience with "uneducated individuals who neither read nor write English", however, Ms. Longobardi's experience is neither relevant, nor germane to the instant matter, and that was not my point. As I stated in my letter, I do not know whether they read or write Spanish either, such that my letters to them would have been of no moment. Whether these fellows read Spanish is the first issue, and whether or not they intentionally disregarded the notices, and/or my earlier transmittals, or intentionally decided to not appear at their depositions, is the real question. I respectfully suggest that their intentions and their availability are the issue as it pertains to their personal liability in being precluded from testifying at trial.

    The second issue in my opinion is the more important. It is axiomatic that Jose Vazquez ("Vazquez"), and the car wash defendants, are entitled to be present at the depositions of the two managers, as well as that of any other party or non-party witness.

And, in that regard is what I believe needs to be considered first.

If it is ultimately determined that Mr. Vazquez is disabled to the point that it would have been medically unadvisable for him to participate in his defense of this action for a number of months, where does that put the status of the matter if he were not present at depositions to which he had an unfettered right to attend and assist his counsel in defending? To that end, Ms. Longobardi has indicated that she has served upon Leon Valbrun, M.D. ("Valbrun"), Mr. Vazquez' psychiatrist, a notice of deposition and subpoena so that she might take Dr. Valbrun's deposition to determine whether or not Mr. Vazquez' medical condition is genuine. She thereafter intends to have Mr. Vazquez examined by an independent medical examiner, Dr. Stuart Kleinman; certainly her right under the circumstances.

Assuming, arguendo, that Ms. Longobardi's efforts determine Mr. Vazquez to have been medically impaired from assisting counsel in the defense of the matter for himself, as well as on behalf of the four corporate defendants, do we start all over again when Mr. Vazquez is then able to participate? Wouldn't it make imminently more sense for Ms. Longobardi to first examine Dr. Valbrun and, in turn, have Mr. Vazquez examined by her medical expert to determine his medical condition before taking any further depositions? Perhaps, the result will be a determination by the Court, based on what is presented to it by Ms. Longobardi, that Mr. Vazquez was not seriously enough impaired to warrant an adjournment or to avoid attending these other depositions, and therefore he has forfeited those rights. Or, he may never be in a position to assist and, therefore, the Court has no option but to allow the matter to proceed without Mr. Vazquez' participation.

In the past two weeks I have only been able to speak to Mr. Vazquez on one occasion, despite many efforts to reach him. On Friday, April 11th for example, he was scheduled to appear at the office of his personal bankruptcy counsel, Ralph Ferro ("Ferro"), but failed to appear. It turns out, from all that his bankruptcy attorneys were able to determine, as well as the undersigned from a conversation with Mr. Vazquez' girlfriend when I attempted to reach him, is that he was in the hospital that day due to his condition. For what specific reason, I have no idea? However, he also failed to appear in Mr. Ferro's office the following Monday as expected, and from what I was able to determine in my one brief conversation with him this past week, he did not meet with any of his bankruptcy counsel last week despite the exigent need to do so as the Creditors' Committee in the bankruptcy matter has moved to convert the Chapter 11 cases to Chapter 7's as I have predicted they might on a number of occasions. Despite the obvious need to assist his bankruptcy counsel in opposing that motion, Mr. Vazquez has been conspicuously absent.

This coming Wednesday, Ms. Longobardi intends to take the deposition of Mr. Vazquez' accountants. At that time, I intend to place on the record my objection to proceeding with that deposition while the issue of Mr. Vazquez' impairment remains in question since he informed me in our conversation this past week that he neither can assist me this week in preparing to attend, nor is he in a position to attend the scheduled deposition. His apparent inability to assist in his own defense commensurately impacts his counsel's ability to properly defend these depositions, and others, and I would respectfully request the Court put everything on hold until we can get a full and final determination as to Mr. Vazquez' ability to participate. I don't think anything less would be appropriate if Mr. Vazquez' physical health were in question.



Denied. Louis L. Stanton 4/22/14

As to Ms. Longobardoi's request for an order of preclusion as to Messrs Vargas and Jimenes, I repeat my position as to the gross inequity of penalizing them with such a draconian measure, and the other defendants as well by reason of their preclusion, without more than the opinion of counsel as to why they did not appear at their respective depositions.

Thank you for your continued patience and understanding.

Yours, etc,

Louis J. Maione, Esq.

cc: L. Longobardi, Esq. (by email)
    R. Passamano, Esq. (by email)
    R. Ferro, Esq. (by email)
    J. Vazquez (by email)