

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/23/14
```

LAW OFFICES
ARENSON, DITTMAR & KARBAN
295 MADISON AVENUE
NEW YORK, N.Y. 10017

TELEPHONE
(212) 490-3600

FACSIMILE
(212) 490-7102

To The Clerk of The Court:
Please docket and place this document in the public file,

LLS 4/23/14
Louis L. Stanton
U.S.D.J.

April 11, 2014

RECEIVED IN CHAMBERS
OF LOUIS L. STANTON
APR 14 2014
UNITED STATES DISTRICT JUDGE

**BY FEDEX**
The Honorable Louis L. Stanton
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Ronard Lora, et al., v. J.V. Car Wash, Ltd., et al.*, No. 11-CV-9010 (LLS)

Dear Judge Stanton:

As Your Honor knows, we represent the Plaintiffs in this FLSA Action. I write to advise the Court of the status of Plaintiffs' efforts to take the depositions of Defendants Saturnino Vargas and Jose Jimenes

As we previously advised the Court, the depositions of Mr. Vargas and Mr. Jimenes originally were noticed by a Notice of Deposition that was served on May 21, 2013. We re-noticed these depositions on March 28, 2014, by service of a Re-Notice of Deposition both in English and in Spanish translation. That Re-Notice specifically stated that any failure by either Defendant to appear at the designated place and time would be grounds for the Plaintiffs to seek an order granting preclusion of any testimony by such Defendant for any purpose in this FLSA Action, and/or entry of judgment of liability against such Defendant by default.

We understand that Louis J. Maione, Esq., counsel for the Defendants, sent letters, in English and in Spanish translation, advising Mr. Vargas and Mr. Jimenes of their pending deposition dates on April 9 and April 10, 2014, and asking them to contact him. We further understand that Mr. Maione enclosed copies of the Re-Notice (in English and in Spanish translation) with these letters, and that he hand-delivered these letters at the car wash locations where Mr. Vargas and Mr. Jimenes work. Mr. Maione informed us on April 2, 2014, that he had not yet heard anything from Mr. Vargas or from Mr. Jimenes. On April 7, 2014, in response to our inquiry as to whether he had heard from either Mr. Vargas or Mr. Jimenes, Mr. Maione advised us by email that he had not heard from either one, and had no way of contacting them other than by hand-delivering correspondence to them personally, which he had already done on two occasions. Mr. Maione also advised us that, as he had not heard from them by Monday evening, he did not foresee that either witness would appear for their scheduled depositions.

Despite these efforts to contact them and to advise them of the consequences of a failure to appear, neither Mr. Vargas nor Mr. Jimenes appeared for their depositions on April 9 and April 10, 2014.

In light of these efforts by Plaintiffs' counsel and by Mr. Maione to have these defendants appear for their duly noticed depositions, and in light of the Defendants' history of failing to comply with their discovery obligations in this FLSA Action, Plaintiffs now request that the

The Hon. Louis L. Stanton
April 11, 2014
Page 2

Court enter an order stating that neither Mr. Vargas nor Mr. Jimenes will be permitted to testify for any purpose in this FLSA Action.

Respectfully submitted,

Steven Arenson

SA:
cc:   Louis J. Maione, Esq. (by electronic mail)