lmaionelaw.com
louisjmaione3@gmail.com
Admitted NY; NJ

(917) 549-5693

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/23/14

# LAW OFFICES OF LOUIS J. MAIONE

## 444 E. 57th Street, 6th Fl

### New York, N.Y. 10022

To The Clerk of The Court:
Please docket and place this document in the public file.

LLS 4/23/14
Louis L. Stanton
U.S.D.J.

Honorable Louis L. Stanton. U.S. D.J.
United States District Court, S.D.N.Y.
500 Pearl Street, Room 2250
N.Y., N.Y. 10007

April 14, 2014

RECEIVED IN CHAMBERS
OF LOUIS L. STANTON
APR 16 2014
UNITED STATES DISTRICT JUDGE

Re: **Lora v. J.V. Car Wash**; 11-Civ.-9010

Dear Judge Stanton:

        I am writing this letter in response to the letter of Laura Longobardi, Esq. ("Longobardi"), dated April 11, 2014, concerning the deposition of two of the defendants in the above-captioned matter, Saturnino Vargas ("Vargas"), and Jose Jimenes ("Jimenes").

        As the Court is acutely aware from the plethora of prior correspondence and the number of conferences held with counsel, neither Mr. Vargas nor Mr. Jimenes, at least to my knowledge, speak a word of English; nor do they read nor write the language. And, it is true that I have sent them letters in Spanish, together with deposition notices in Spanish. However, that really begs the question as I also have absolutely no idea of whether either gentleman reads or writes Spanish.

        From my experience in this case, and generally (my very first job at the age of 13 was working on my Dad's car wash) is that these car wash employees are not very well educated, be it here or in their native land. Consequently, as I have made it very clear in the Court conferences we have had, until I can converse with them, intelligently, through an interpreter, I have no idea of whether they can read in their native tongue. It, therefore, may be entirely possible that the letters which I sent them were of little consequence. And, since the owner of the car washes, Jose Vazquez ("Vasquez"), has not been fully participating in this matter recently, due to the condition of his health, along with the fact that he has advanced no monies for translators to interview these two gentlemen, I am at a loss to respond to Ms. Longobardi's letter other than what I already have stated.

In addition, Mr. Vazquez has made it known to me that he wants to be in attendance at the depositions of his two employees, something to which he has an absolute right.

Therefore, I believe that Ms. Longobardi's request for "...the Court to enter an order stating that neither Mr. Vargas nor Mr. Jimenes will be permitted to testify for any purpose..." at trial goes way beyond the pale. After all, unless Ms. Longobardi can establish that Mr. Vazquez somehow prompted the non-attendance of these managers at their depositions, why should the other defendants be prejudiced by the disallowance of these gentlemen to appear at trial and testify. And, unless Ms. Longobardi can establish that these chaps read Spanish, there remains the question of whether or not they even knew to attend the depositions despite my efforts?

Your Honor, we all have been frustrated by the sometimes labyrinthian journey of this case, but it is clear that the two managers must be inundated with work in the absence of Mr. Vazquez who has not been attending the four businesses as usual in his present state of health. It is entirely conceivable that they have not even had these transmittals translated if they, indeed, do not read Spanish. In fact, in the bankruptcy matter pending in New Jersey, as I predicted some weeks ago, the Creditors' Committee is making a motion to appoint a Trustee to administer the four car washes or, alternatively, to convert the Chapter 11's to Chapter 7's and liquidate the businesses, claiming, inter alia, that Mr. Vazquez' absence from the businesses dictates that they should be liquidated. Most assuredly, these managers, qualified though they may be to run the businesses on a day to day basis, must be laboring without the ongoing presence of, and supervision by, Mr. Vazquez.

On the other hand, I provided to Ms. Longobardi, under the cover of another letter, the Authorizations for Health Information executed by Mr. Vazquez. My suggestion, humbly offered, is that Ms. Longobardi examine Mr. Vazquez' psychiatrist and, in turn, have Mr. Vazquez examined by an independent medical examiner, as she is planning, and find out whether and when Mr. Vazquez can return to work and participate in this litigation and properly defend himself and the other defendants.

Thank you.

Yours, etc.

Louis J. Maione, Esq.

cc: L. Longobardi, Esq. (by email)
    R. Passamano, Esq. (by email)
    R. Ferro, Esq. (by email)
    J. Vazquez (by email)