LAW OFFICES
**ARENSON, DITTMAR & KARBAN**
295 MADISON AVENUE
NEW YORK, N.Y. 10017

FACSIMILE
(212) 490-7102

TELEPHONE
(212) 490-7100



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/21/14

May 19, 2014

**BY ECF and
BY U.S. MAIL**

The Honorable Louis L. Stanton
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

Re: *Ronard Lora, et al., v. J.V. Car Wash, Ltd., et al.*, No. 11-CV-9010 (LLS)

Dear Judge Stanton:

As you know, we represent the Plaintiffs in the above-referenced action (the "FLSA Action"). This letter is to apprise the Court on the status of this FLSA Action, as well as other matters that have affected the progress of this FLSA Action. Louis J. Maione, Esq., counsel for the Defendants, joins in this letter only to the extent that the parties jointly are seeking a further extension of the dates set forth in the Court's Memo Endorsed Order dated February 25, 2014 (the "February 25 Order").

**Case Status.**

As the Court is aware from prior correspondence from counsel, and from conferences held on March 17 and April 3, 2014, the conclusion of the pre-trial phase of this FLSA Action has been complicated by: (1) defaults by Defendants Jose Vazquez, Saturnino Vargas, Jose Jimenes and the four Car Wash Defendants in appearing for their duly noticed depositions, thus impeding the progress of discovery to completion; (2) the mental health condition of Mr. Vazquez; and (3) the bankruptcy cases of Mr. Vazquez and the four Car Wash Defendants.

**Progress of Discovery.**

As the Court knows, Mr. Vazquez, the owner of the four Car Wash Defendants, has refused to appear for the completion of his deposition and the depositions of the four Car Wash Defendants. Defendants Saturnino Vargas and Jose Jimenes, the two on-site managers of the Car Wash Defendants, likewise have failed to appear for their duly noticed depositions.

In an effort to obtain information from non-parties regarding, among other things, the Defendants' employees and employment practices, in late March, Plaintiffs subpoenaed Citrin Cooperman & Company, LP, the accountants for Mr. Vazquez and the Car Wash Defendants. The deposition, which was originally noticed for April 16, 2014, was later re-scheduled to April 30, 2014, due to availability conflicts and/or illness. During the course of that deposition, the designated representative of Citrin Cooperman, Ms. Dulcidia Lazzaro, testified that she had regular telephone contact with Mr. Vazquez's assistant, Milagros De Jesus, on behalf of the four Car Wash Defendants. Ms. Lazzaro testified that her most recent telephone conversation with

The Hon. Louis L. Stanton
May 19, 2014
Page 2

Ms. De Jesus concerning the Car Wash Defendants had occurred on April 29, 2014. Ms. Lazzaro also testified that during their telephone conversations, Ms. De Jesus usually was at 1341 Oleri Terrace, Fort Lee, New Jersey, which Mr. Vazquez has identified under oath as being his address.

In his deposition testimony, Mr. Vazquez had identified Ms. De Jesus as an individual who performed various functions for the Car Wash Defendants. Mr. Vazquez and Ms. Lazzaro testified that Ms. De Jesus handled the books and records concerning the employees of the four Car Wash Defendants, and that Ms. De Jesus was and is responsible for conveying information concerning those employees to the accountants. Since Mr. Vazquez's initial deposition in January 2014, the Defendants have obfuscated the issue of whether Ms. De Jesus is and/or was an employee of Mr. Vazquez and/or the Car Wash Defendants, and whether she was still performing various functions for the Car Wash Defendants. Mr. Maione advised us on several occasions between the end of January and the end of April that Mr. Vazquez had told him that Ms. De Jesus was no longer working for him. However, Ms. Lazzaro testified that Ms. De Jesus continued to perform this work from 1341 Oleri Terrace, as recently as April 29, 2014.

Based on this new information, on May 8, 2014, in accordance with Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs served a notice of deposition and a copy of a subpoena directed to Ms. De Jesus, as a non-party witness, on Mr. Maione as counsel for the Defendants. The return date of that subpoena was stated as May 22, 2014. After several efforts, our process server was able to locate and serve Ms. De Jesus with the subpoena on May 13, 2014, outside of the Oleri Terrace address. On May 15, 2014, Mr. Maione asked that we adjourn the May 22, 2014 deposition date, so that he would be able to meet with Ms. De Jesus to prepare her for her deposition. We have agreed to adjourn Ms. De Jesus' deposition to June 6, 2014.

### Mr. Vazquez's Mental Health Condition.

While Plaintiffs have been attempting to finish discovery, we also have been dealing with the complication of Mr. Vazquez's asserted inability to participate in this FLSA Action for at least six months, based on the condition of his mental health.

At the last conference with Your Honor on April 3, 2014, we discussed the need to obtain Mr. Vazquez's medical records; to depose Leon P. Valbrun, M.D., Mr. Vazquez's treating psychiatrist, concerning his diagnosis and treatment of Mr. Vazquez; and to have Mr. Vazquez appear for an independent medical examination by an expert psychiatrist. At the end of that conference, we gave authorizations to Mr. Maione for the release of Mr. Vazquez's mental health records from his treating physicians, including Dr. Valbrun. We received Mr. Vazquez's signed authorization approximately two weeks later. We then subpoenaed Dr. Valbrun to appear for a deposition concerning his treatment of Mr. Vazquez, and to produce his medical records for Mr. Vazquez.

Dr. Valbrun produced copies of his medical records on Mr. Vazquez; we provided copies of those records to Mr. Maione on May 1, 2014. Dr. Valbrun duly appeared for his deposition on May 13, 2014. We now have scheduled an independent medical examination of Mr. Vazquez by Stuart B. Kleinman, M.D., on May 28-29, 2014.

The Hon. Louis L. Stanton
May 19, 2014
Page 3

### Status of the Bankruptcy Cases.

On April 11, 2014, the Official Committee of Unsecured Creditors (the "Creditors' Committee")[1] of Mr. Vazquez and the four Car Wash Defendants filed a motion in the Bankruptcy Court for the District of New Jersey, seeking to have a Chapter 11 Trustee appointed for each of these bankruptcy cases, or to have the Chapter 11 bankruptcy cases converted to cases under Chapter 7 and to have a Chapter 7 Trustee appointed in each of these cases.

On April 22, 2014, the Honorable Michael B. Kaplan, United States Bankruptcy Judge, conducted a status conference on the bankruptcy cases. During the course of that conference, Judge Kaplan directed the parties to consider whether appointment of a Chapter 11 Trustee or dismissal of the bankruptcy cases was appropriate, given that the only creditors of Mr. Vazquez and the Car Wash Defendants are the Plaintiffs in this FLSA Action. Judge Kaplan scheduled a hearing on May 6, 2014 to consider that issue, as well as the motion by the Creditors' Committee to appoint a Chapter 11 Trustee or to convert the cases to ones pending under Chapter 7.

Shortly before the hearing on May 6, 2014, Mr. Vazquez's bankruptcy counsel disclosed that Mr. Vazquez had over $102,000 in "cash on hand," which had not been deposited in any debtor-in-possession bank account – a clear violation of the bankruptcy rules governing debtors in possession. Bankruptcy counsel for the four Car Wash Defendants similarly disclosed that those entities had collectively approximately 45,000 in "cash on hand."

During the hearing on May 6, Judge Kaplan directed that Mr. Vazquez and the Car Wash Defendants were to deposit **all** of the "cash on hand" in a bank account acceptable to the Office of the United States Trustee no later than the close of business on May 16, 2014. Judge Kaplan stated that if all of the "cash on hand" was not deposited by that time, then the Office of the United States Trustee or any other party could make an emergency application to the Court for the immediate appointment of a Chapter 11 Trustee for Mr. Vazquez and the four Car Wash Defendants. Judge Kaplan entered a formal written order on this and other matters on May 15, 2014; a copy of that order is attached to this letter.

It is our understanding, as of this morning, that Mr. Vazquez and the four Car Wash Defendants have failed to deposit the "cash on hand" as ordered by Judge Kaplan.[2] In light of these violations by Mr. Vazquez and the Car Wash Defendants, we understand that a Chapter 11 Trustee likely will be appointed shortly.

---

[1] The Creditors' Committee is composed of four of the Plaintiffs in this FLSA Action.

[2] Judge Kaplan also directed the parties to make a good faith effort to agree on a proposal for a "structured dismissal" of the bankruptcy cases, and scheduled another hearing on June 10, 2014. Judge Kaplan stated that if the parties were unable in good faith to agree on a proposal for a "structured dismissal" by the June 10, 2014 hearing, he would grant the motion by the Creditors' Committee for appointment of a Chapter 11 Trustee for Mr. Vazquez and the Car Wash Defendants. In light of the failures by Mr. Vazquez and the Car Wash Defendants to deposit all cash on hand on May 16, 2014, this portion of Judge Kaplan's order may be moot.

The Hon. Louis L. Stanton
May 19, 2014
Page 4

### Request for Extension.

In light of the collateral activity in this FLSA Action, the parties will not be able to complete all of the pre-trial materials within the deadlines set by the Court's February 25 Order. That Order established May 21, 2014, as the date by which all final pre-trial materials, including the joint pre-trial order, were due to be submitted to chambers; and May 23, 2014, as the date for the final pre-trial conference in this FLSA Action. There is no trial date set for this matter at this time; that date was to be determined at the May 23, 2014 conference.

The parties jointly and respectfully request that the May 21, 2014 deadline for the submission of all pre-trial materials be adjourned, and that the May 23, 2014 conference also be adjourned, unless the Court would like us to appear for a status conference at that time.

We request that dates be re-scheduled as follows, subject to the Court's approval:

> On or before Friday, July 11, 2014, Plaintiffs shall submit to Defendants a draft pre-trial order;
>
> On or before Friday, August 1, 2014, Defendants shall respond to Plaintiffs' pre-trial order in accordance with Rule 3(A)(2) of the Court's individual practices; and
>
> On or before Wednesday, August 13, 2014, at noon, the parties shall submit to chambers a joint pre-trial order, proposed voir dire questions, proposed jury charges, trial briefs and proposed verdict forms.

Final pre-trial conference to be held on Friday, August 15, 2014, *at 12 o'clock noon*

*So Ordered.
Louis L. Stanton
5/20/14*

We understand that the Court will likely set the trial date during the final pre-trial conference.

We thank the Court for its consideration of this request.

Respectfully submitted,

*[signature]*

Laura E. Longobardi

LEL:
cc:     Louis J. Maione, Esq. (by ECF and by electronic mail)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

In Re:

Bayway Hand Car Wash Corp., et. al.

Case No.: 13-32632

Adv. No.:

Hearing Date: May 6, 2014

Judge: TBA

## INTERIM ORDER

The relief set forth on the following pages, numbered two (2) through ____5____ is hereby **ORDERED**.

DATED: 5/15/2014

Honorable Michael B. Kaplan
United States Bankruptcy Judge

**DECOTIIS, FITZPATRICK & COLE, LLP**
Glenpointe Centre West
500 Frank W. Burr Boulevard
Teaneck, New Jersey 07666
(201) 928-1100
(201) 928-0588 Telecopier
rpassamano@decotiislaw.com
Russell J. Passamano, Esq. (RP 014231986)
Attorneys for the Corporate Debtors and Debtors in Possession in the Consolidated Cases

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| In re:<br><br>Bayway Hand Car Wash Corp., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 13-32632-MS<br>Case No. 13-32637-MS<br>Case No. 13-32641-MS<br>Case No. 13-32644-MS<br>Case No. 13-32646-MS<br><br>Consolidated for Administrative Purposes Only |
|---|---|

**INTERIM ORDER CONCERNING (1) THE MOTION FILED BY THE COMMITTEE OF UNSECURED CREDITORS TO CONVERT THE DEBTORS' CASES OR FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE AND (2) THE ORDER ISSUED BY THE COURT FOR THE DEBTORS TO SHOW CAUSE WHY THE THEIR CASES SHOULD NOT BE DISMISSED**

This matter having been brought before the Court on Motion filed by the Committee of Unsecured Creditors (the "Committee") and on the Court's own Order to Show Cause and the Court,

*Approved by Judge Michael Kaplan May 15, 2014*

after hearing argument of counsel on the hearing date for the Motion and the return date of the Order to Show Cause, and for the reasons set forth on the record and good and sufficient cause having been shown for the entry of the following Order:

**IT IS HEREBY ORDERED** as follows:

1) That no later than close of business on May 16, 2014, each of the Debtors shall either (a) deposit all of their cash (as shown on the line item "Cash on Hand" on the Debtors' Monthly Operating Statements) (the "Cash") into a bank account (each, a "DIP Account") that is on the list of Approved DIP Depositories (the "Approved Depositories List") maintained by the Office of the United States Trustee (the "US Trustee"), (b) deposit all such cash into a financial institution that is not on the Approved Depositories List (an "Alternate Financial Institution"), and in such instance, the Debtors shall comply with all applicable requirements of the US Trustee or (c) deposit all such cash into the attorney trust account of Ralph Ferro, Jr., Esq., ("Attorney Trust Account") who shall maintain an accounting of all such monies received. By the close of business on May 16, 2014, each of the Debtors shall provide evidence of such deposits to the US Trustee and counsel to the Committee as follows: (a) if the Cash is deposited in a DIP Account or in an Alternate Financial Institution, a copy of a deposit slip; or (b) if the Cash is deposited into the attorney trust account of Ralph Ferro, Jr., Esq. a written communication from Ralph Ferro, Jr., Esq. to the US Trustee and counsel to the Committee confirming receipt of the Cash.

2) If the Debtors, or any of them, fail to deposit all such Cash in a DIP Account or the Attorney Trust Account as provided in Ordering Paragraph 1, then the Office of the US Trustee or any other party in interest may make an emergency application to the Court for the immediate appointment of a Chapter 11 Trustee for all of the Debtors.

*Approved by Judge Michael Kaplan May 15, 2014*

3) In addition to the requirement of Ordering Paragraph 1, on an ongoing basis, all Cash received by any of the Debtors is to be deposited into that Debtor's DIP Account on a timely basis, but in no case more than 48 hours after receipt.

4) That part of the Committee's Motion seeking to have the Debtors' cases converted to cases under Chapter 7 be, and hereby is, denied without prejudice.

5) That part of the Committee's Motion seeking to have a Chapter 11 Trustee appointed for the Debtors' cases, along with the return date on the Court's Order to Show Cause Why the Debtors' Cases Should Not Be Dismissed, are carried to June 10, 2014, at 2:00 p.m.

6) That prior to June 10, 2014, all parties in interest shall make a good faith effort to agree to a structured dismissal of the Debtors' Chapter 11 cases on terms substantially in conformance with the guidelines set out by the Court on the record on May 6, 2014; such terms to include (but not be limited to) the following:

> a) That no later than June 10, 2014, the Debtors shall prove that they have, or will have by no later than July 30, 2014, sufficient funds available to pay in full all fees of all professionals retained in any of the Chapter 11 cases and shall pay all fees of professionals by no later than July 30, 2014, except as otherwise provided below.
>
> b) That a mechanism shall be designed to adequately protect creditors against any transfer or encumbering of assets (except for transfers or encumbrances as may be necessary for the Debtors to make the payments as provided for under Ordering Paragraph 6(a).)
>
> c) That the Court shall retain jurisdiction over the dismissed cases for purposes

3

1676186-5

*Approved by Judge Michael Kaplan May 15, 2014*

of resolving any fee disputes and enforcement of the Debtors' covenants against transferring or encumbering any assets. In the event that there is a dispute as to any part of the fees of any professional, then by no later than July 30, 2014, any undisputed amount shall be paid and an amount sufficient to pay any disputed amount shall be deposited into the attorney trust account of Ralph Ferro, Jr., Esq. to be disbursed on further Order of the Court, or as agreed to by the claimant and the objector.

d) All final fee requests (by fee application or by submission of monthly invoices) shall be submitted no later than July 8, 2014, and any objection to any fee request shall be filed no later than July 15, 2014.

7) In the event that despite good faith effort an appropriate structured dismissal cannot be achieved by June 10, 2014, then absent good cause shown at the June 10 hearing, the Committee's Motion for the appointment of a Chapter 11 Trustee for the Debtors shall be granted.

_____
Hon. Michael B. Kaplan, U.S.B.J.

4

1676186-5

*Approved by Judge Michael Kaplan  May 15, 2014*