One (1) University Plaza, Suite 408  
Hackensack, New Jersey 07601  
Telephone: (646) 749-8014

Admitted New York and New Jersey  
lmaionelaw.com

# Law Offices of Louis J. Maione
### 444 East 57th Street, 6th Floor
### New York, New York 10022

Telephone: (917) 549-5693  
E-Mail: louisjmaione3@gmail.com

Respond to NJ ☐

NY ☒

August 11, 2014

Honorable Louis L. Stanton, U.S.D.J.  
United States District Court, S.D.N.Y.  
500 Pearl Street, Rm.2250  
N.Y., N.Y. 10022

**Re: Lora v. J.V. Car Wash;  
11-CV- 9010**

Dear Judge Stanton:

As Your Honor is aware, I represented the defendants (the "Defendants") in the above-captioned matter (the "FLSA Action") until a few months ago when the Trustee (the "Trustee") appointed by the United States Bankruptcy Court ( D.N.J.), Donald V. Biase ("Biase"), chose the New York law firm of Jackson, Lewis (the "Jackson Firm") to represent the four Car Wash corporate Defendants, which had filed for bankruptcy protection in New Jersey in October of last year.

Jose L. Vasquez ("Vazquez"), the principal of the Car Wash Defendants, is represented in the New Jersey bankruptcy by Donald Conway ("Conway"), an individual Trustee, although, as I understand it, Mr. Vazquez also is represented by the Jackson Firm.

Anything to the contrary notwithstanding, as of even date I represent the remaining Defendants in the FLSA Action, as of record, although I have never individually met any of them other than Saturnino Vargas ("Vargas") and Jose Jimenes ("Jimenes"), both of whom have been identified by Mr. Vazquez as managers (the "Managers") of several of the Defendant Car Washes; and the only meeting I had with Messrs. Vargas and Jimenes was together with Mr. Vazquez acting as translator.

In addition, my understanding is that none of the other individual Defendants were personally served in this matter and, moreover, even if that were not the case, some of these "Defendants", according to Mr. Vazquez, did not work for the Car Washes and, again at least according to Mr. Vazquez, do not read, write, nor speak English sufficiently to understand the significance of process of service.

Contemporaneously with the bankruptcy filing in or around October 16, 2013, I wrote to the Court alerting Your Honor to that filing. In that letter, I also raised with the Court the fact that I had never had the opportunity to interview Messrs. Vargas or Jimenes, individually and alone, and I was not so sure that there might not be a potential conflict of interest in representing them together with Mr. Vazquez and the Car Washes. I also pointed out to the Court the fact that my predecessor, Paul Kerson, Esq. ("Kerson"), who earlier was dismissed by Mr. Vazquez, in my opinion intemperately had opted to defend all the Defendants without a thorough assessment of the Managers' actions concerning the subject matter of the FLSA Action, nor to my knowledge had Mr. Kerson ever interviewed them or the other individual Defendants to determine whether or not a conflict potentially existed, or actually existed.

Since that date, nothing has changed and I have had no opportunity to interview, and/or meet with Messrs. Vargas and Jimenes, predominantly attributable, in my opinion, to the efforts of Mr. Vazquez who precluded my accessibility to them. On each and every occasion when I asked Mr. Vazquez to allow me to speak to his Managers, or to bring them to the office, or instruct them to contact me, he has refused and, at least on two occasions, without a cogent explanation he advised me that the two Managers would "…take the Fifth."

On several occasions (to be exact; February 10th, March 18th, March 31st and, most recently, June 16th) [ Please **Exhibit A** attached], I wrote to Messrs. Vargas and Jimenes, initially in English and Spanish, <u>inter alia</u>, reminding them of their potential exposure in the FLSA Action, individually and on a joint and several basis under the Plaintiffs' legal theories, informing them that they would have to both engage my representation, personally, and advance the attendant legal fees as Mr. Vazquez had stopped paying me. 1

At least on two occasions, I hand-delivered these letters, mindful that hand-delivery was the only way that I could insure that, at the very least, they would personally receive this sensitive correspondence. On the other occasion, I left the correspondence; in the case of Mr. Vargas, with his son, who also works at the J.V. Car Wash in upper Manhattan and, in the case of Mr. Jimenes, with his English-speaking son, an employee at the Webster Hand Car Wash in the Bronx. On the last occasion of personal delivery, I actually had Mr. Vargas read the letter, which was in Spanish, in my presence; his son by his side. On no occasion did either Vargas or Jimenes respond to any of those letters.

---

1. The other letters are not appended as they may contain some attorney-client privileged communication.

On June 3, 2014, I, along with Ralph Ferro, Jr., who at the time was representing Mr. Vazquez personally in the bankruptcy, and Russell Passamano, Esq. and Douglas Doyle, Esq., who represented the four Car Washes until the Trustee officially was appointed, met at the offices of Daniel Stolz, Esq. ("Stolz"), attorney to Mr. Biase, at his invitation, together with Mr. Biase, a legal associate, Scott Rever, Esq., and Mr. Vazquez.

At the aforementioned meeting, in response to a question from Mr. Stolz, Mr. Vazquez opined that the Managers would not testify either at depositions **or at trial** as they would "…take the Fifth"----to me, a familiar refrain. I cannot speak for Mr. Stolz, or the others who were present, but I do not believe that anyone in that room understood Mr. Vazqez' proffer to Mr. Stolz as to why these Managers allegedly would have the need to "take the Fifth"?

In any event, and further to the foregoing, it is clear from all of the foregoing that these two Managers have not, and are not going to cooperate with me as their counsel, nor will they pay me for my services as I reminded them in my letter of June 16, 2014 would be required (neither letter was returned to my office as "undeliverable" and I must presume that they were received by the Managers, just as the hand-delivered letters were delivered to them by me).

It is obvious that Mr. Vazquez exercises at least a modicum of dominion and control over these employees to the exclusion of counsel (at least me), such that he is comfortable in opining that they are prepared to "take the Fifth" and, therefore, it would be short of futile for me even to try to represent these gentlemen at trial, or even if settlement negotiations were ever to become a possibility. It is equally obvious that they have ignored every request to contact me.

Recently, the two Managers apparently participated in some kind of a meeting at the offices of counsel to Mr. Biase, to which I was not invited, although as I had told Stacy Meisel, Esq., counsel to Mr. Conway, who had called me from Mr. Biase's office to inform me that the Managers were there at that meeting, I had no interest in representing them and would welcome being relieved as counsel.

The upshot of that meeting, at least as evidenced by a string of emails appended hereto as **Exhibit B**, is that the Managers are not being represented by the Jackson Firm. While it appears from the email from Daniel Stolz, Esq., counsel to Mr. Biase, that the Managers will consent to my withdrawal, I cannot simply, "…[s]end something to the managers to sign…" as Mr. Stolz suggested, because these two fellows have never responded to anything I have sent them, no matter where mailed or where a notice may have been hand-delivered. While I would be happy to accept any help Mr. Stolz might be able to offer, I believe only a Court order will have a salutary effect on the Managers.

In accordance with the foregoing statements, which I attest as an officer of the Court to be true and accurate, I respectfully request that I be relieved of representing any and all of the remaining Defendants in the FLSA Action, not only because there is no possibility that I will be compensated but, most importantly, because of an abject refusal on their part to cooperate with

counsel on even the most elementary level, in addition to a palpable exercise of dominion and control over them by Mr. Vazquez--- which would certainly appear to preclude me from adequately representing either of their interests at trial on an independent basis.

Under Local Rule 1.4, the facts stated herein above qualify as valid reasons for counsel to be relieved of the obligation to represent these particular Defendants.

While I am copying, among others, Wendy Mellk, Esq. of the Jackson Firm, who now represents not only the four Car Wash Defendants but Mr. Vazquez, although I do not believe that to date the Jackson Firm has filed a Notice of Appearance, I respectfully request that, should the Court grant my application, it instruct Mr. Vazquez, in addition to his counsel, to inform his Managers and the other named Defendants that they no longer are represented by me.

Messrs. Vargas and Jimenes are being mailed this correspondence at their home addresses taken from the files of the Car Wash Defendants.

I thank the Court, in advance, for its attention to this matter and again for its indulgence throughout this trying matter.

Dated: New York, N.Y.

Yours, etc.,

Louis J. Maione, Esq.

cc: L. Longobardi, Esq.
    W. Mellk, Esq.

    S. Vargas
    J. Jimenes

EXHIBIT A

One (1) University Plaza, Suite 408          Admitted New York and New Jersey
Hackensack, New Jersey 07601                 lmaionelaw.com
Telephone: (646) 749-8014

# Law Offices of Louis J. Maione
**444 East 57th Street, 6th Floor**
**New York, New York 10022**

Telephone: (917) 549-5693
E-Mail: louisjmaione3@gmail.com

Respond to NJ ☐

NY ☒                                         June 16, 2014

Saturnino Vargas
Manager, J.V. Car Wash
4778 Broadway
N.Y., N.Y.          and

Jose Jimenes
Manager, Webster Hand Car Wash
2269 Webster Avenue
Bronx, N.Y.

                  **URGENTE!!**                  Re: <u>Lora v. J.V. Car Wash</u>

Señores:

Como ustedes saben, un administrador ha sido nombrado en el asunto del título anteriormente, tanto para los lavados de autos y el Sr. Vázquez, personalmente.

Parece que los Fideicomisarios seleccionarán nuevos abogados para representar al Sr. Vázquez, así como las empresas. Los fideicomisarios, sin embargo, no tienen la capacidad para determinar qué abogados deben representarle.

Como os he informado previamente, ambos tienen responsabilidad independiente por lo menos según las afirmaciones de los demandantes en contra de usted. Como resultado, una sentencia de más de $ 1.85M podría traducirse en contra de usted, junto con otros daños.

Si quieres que continúe para que lo represente, voy a requerir un anticipo de $ 25,000.00 cada uno y te es entrar en un acuerdo de retención. Eso significa que usted debe ponerse en contacto conmigo para que yo entre una aparición en su nombre independiente de mi antigua representación de los lavados de autos y el Sr. Vázquez.

Dado que ninguno de ustedes nunca ha respondido a mis cartas anteriores, que no necesariamente espero tener noticias de usted. Sin embargo, si usted se preocupa de aprovechar ustedes de mis servicios debe ponerse en contacto conmigo por 30 de junio 2014, a fin de que yo entre mi aspecto en su nombre. Por el contrario, si no oigo de ti haré una solicitud al Juez para ser relevado de cualquier y toda representación en esta materia.

Gracias por su atención.

N.Y., N.Y.

Yours, etc.

Louis J. Maione, Esq.

EXHIBIT B



## Managers; Lora v. J.V.

4 messages

---

**Louis J. Maione** <louisjmaione3@gmail.com>            Tue, Jul 29, 2014 at 4:54 PM
To: "Mellk, Wendy J. (NYC)" <MellkW@jacksonlewis.com>, "slmeisel@beckermeisel.com" <slmeisel@beckermeisel.com>
Cc: Daniel Stolz <DStolz@wjslaw.com>
Bcc: Laura Longobardi <Lelongobardi_adk@msn.com>

Ladies:

Today I received a copy of a letter from Laura Longobardi to Judge Stanton re: the PT scheduling.

I was about to write a letter to Judge Stanton, which already has been drafted, to be relieved of counsel to all the individual defendants, something which I would like to address sooner than later.

I have no idea what transpired yesterday after I received the letter from Dan Stolz but no one ever called for me to participate in any interviews of the Managers, if indeed they were interviewed.

As I told Stacy yesterday, I would like to be substituted out. I have no real desire to represent these fellows even if I were being compensated. In addition, I have a number of pharma arbitrations over the next few months(including in September) which I would like to accept but cannot do so if I have to involve myself in the Pre-trial scheduling of this matter in September.

Please let me know the status; I would like to get this letter out tomorrow or Thursday the latest. Thanks.

P.S. I still have not received a bill from the copying outfit. I will forward it to Mr. Biase when I do.

—

**L. Maione, Esq.**        **Law Offices of Louis J. Maione**
444 E. 57th Street, 6th Fl.      One (1) University Plaza, Suite 408
New York, N.Y. 10022        Hackensack, N.J. 07601
(917) 549-5693               (646) 749-8014

lmaionelaw.com

---

**Daniel Stolz** <DStolz@wjslaw.com>            Wed, Jul 30, 2014 at 8:54 AM
To: "Louis J. Maione" <louisjmaione3@gmail.com>, "Mellk, Wendy J. (NYC)" <MellkW@jacksonlewis.com>, "slmeisel@beckermeisel.com" <slmeisel@beckermeisel.com>

### Send something for the managers to sign, consenting to your withdrawal as their counsel.

# DANIEL M. STOLZ, ESQ.



**WASSERMAN, JURISTA & STOLZ**
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

225 Millburn Ave. Suite 207
Millburn, New Jersey 07041
Tel: (973)467-2700 ext. 202
Fax: (973)467-8126
Email: dstolz@wjslaw.com

Visit us on the web at: www.wjslaw.com

**CONFIDENTIALITY NOTICE:** This e-mail contains information that is privileged and confidential and subject to legal restrictions and penalties regarding its unauthorized disclosure or other use. If you are not the intended recipient of this message you are prohibited from copying, distributing or otherwise using this information. If you have received this e-mail in error, please notify us immediately by return e-mail and delete this e-mail and all attachments from your system.

**SIGNATURE:** No agreement concerning the subject matter of this correspondence shall be binding on this law firm or its client(s) unless a definitive written agreement is signed and delivered by a duly authorized representative of the firm or its client(s). No e-mail transmission by the sender of this e-mail will constitute an "electronic signature" unless the person sending the email expressly states that this e-mail constitutes an electronic signature or the document on which a handwritten signature appears specifically states that it may be delivered via electronic or e-mail transmittal.

**IRS CIRCULAR 230 DISCLAIMER:** To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code or of promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Louis J. Maione [mailto:louisjmaione3@gmail.com]
**Sent:** Tuesday, July 29, 2014 4:55 PM
**To:** Mellk, Wendy J. (NYC); slmeisel@beckermeisel.com
**Cc:** Daniel Stolz
**Subject:** Managers; Lora v. J.V.

[Quoted text hidden]

---

**Mellk, Wendy J. (NYC)** <MellkW@jacksonlewis.com>  Wed, Jul 30, 2014 at 4:51 PM
To: "Louis J. Maione" <louisjmaione3@gmail.com>
Cc: Daniel Stolz <DStolz@wjslaw.com>, "slmeisel@beckermeisel.com" <slmeisel@beckermeisel.com>

Lou—I just wanted to follow up on the below. I will not be representing the managers and have only been retained by the bankruptcy trustees. I would imagine that if you are going to withdraw as counsel for the managers, you would need to inform them of what they may need to do moving forward—either proceed pro se or retain new counsel (but I will leave this up to you).

Regardless, we need to get the letter filed with Judge Stanton to make sure the dates for the pretrial submissions are pushed back. Are you ok with the proposed letter?

Thanks

Wendy

---

**From:** Daniel Stolz [mailto:DStolz@wjslaw.com]
**Sent:** Wednesday, July 30, 2014 8:54 AM
**To:** Louis J. Maione; Mellk, Wendy J. (NYC); slmeisel@beckermeisel.com
**Subject:** RE: Managers; Lora v. J.V.

[Quoted text hidden]

Representing management exclusively in workplace law and related litigation

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

---

**Louis J. Maione** <louisjmaione3@gmail.com>  Wed, Jul 30, 2014 at 5:09 PM
To: "Mellk, Wendy J. (NYC)" <MellkW@jacksonlewis.com>
Cc: Daniel Stolz <DStolz@wjslaw.com>, "slmeisel@beckermeisel.com" <slmeisel@beckermeisel.com>

I am fine with the letter to Judge Stanton.

As far as the manangers go, they have never responded to any thing I have sent them; letter, dep notices, etc. And, I have hand-delivered letters to them as well. My last letter to them laid out what they needed to do if they did not want to retain my services and it was in Spanish—still no response.

I think that I have to write Stanton that letter unless somebody has an idea how to get these fellows to respond.
[Quoted text hidden]