One (1) University Plaza, Suite 408
Hackensack, New Jersey 07601
Telephone: (646) 749-8014

Admitted New York and New Jersey
lmaionelaw.com

**Law Offices of Louis J. Maione**
444 East 57th Street, 6th Floor
New York, New York 10022

Telephone: (917) 549-8094
E-Mail: louisjmaione3@gmail.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/29/14

MEMO ENDORSED

Respond to NJ ☐
NY ☒

August 11, 2014

Honorable Louis L. Stanton, U.S.D.J.
United States District Court, S.D.N.Y.
500 Pearl Street, Rm.2250
N.Y., N.Y. 10022

**MEMO ENDORSED**

Re: Lora v. J.V. Car Wash;
11-CV- 9010

Dear Judge Stanton:

As Your Honor is aware, I represented the defendants (the "Defendants") in the above-captioned matter (the "FLSA Action") until a few months ago when the Trustee (the "Trustee") appointed by the United States Bankruptcy Court ( D.N.J.), Donald V. Biase ("Biase"), chose the New York law firm of Jackson, Lewis (the "Jackson Firm") to represent the four Car Wash corporate Defendants, which had filed for bankruptcy protection in New Jersey in October of last year.

Jose L. Vasquez ("Vazquez"), the principal of the Car Wash Defendants, is represented in the New Jersey bankruptcy by Donald Conway ("Conway"), an individual Trustee, although, as I understand it, Mr. Vazquez also is represented by the Jackson Firm.

Anything to the contrary notwithstanding, as of even date I represent the remaining Defendants in the FLSA Action, as of record, although I have never individually met any of them other than Saturnino Vargas ("Vargas") and Jose Jimenes ("Jimenes"), both of whom have been identified by Mr. Vazquez as managers (the "Managers") of several of the Defendant Car Washes; and the only meeting I had with Messrs. Vargas and Jimenes was together with Mr. Vazquez acting as translator.

Case 1:11-cv-09010-LLS Document 111 Filed 08/29/14 Page 2 of 4
Case 1:11-cv-09010-LLS Document 110 Filed 08/20/14 Page 2 of 11

August 11, 2014                                                                 Page 2

In addition, my understanding is that none of the other individual Defendants were personally served in this matter and, moreover, even if that were not the case, some of these "Defendants", according to Mr. Vazquez, did not work for the Car Washes and, again at least according to Mr. Vazquez, do not read, write, nor speak English sufficiently to understand the significance of process of service.

Contemporaneously with the bankruptcy filing in or around October 16, 2013, I wrote to the Court alerting Your Honor to that filing. In that letter, I also raised with the Court the fact that I had never had the opportunity to interview Messrs. Vargas or Jimenes, individually and alone, and I was not so sure that there might not be a potential conflict of interest in representing them together with Mr. Vazquez and the Car Washes. I also pointed out to the Court the fact that my predecessor, Paul Kerson, Esq. ("Kerson"), who earlier was dismissed by Mr. Vazquez, in my opinion intemperately had opted to defend all the Defendants without a thorough assessment of the Managers' actions concerning the subject matter of the FLSA Action, nor to my knowledge had Mr. Kerson ever interviewed them or the other individual Defendants to determine whether or not a conflict potentially existed, or actually existed.

Since that date, nothing has changed and I have had no opportunity to interview, and/or meet with Messrs. Vargas and Jimenes, predominantly attributable, in my opinion, to the efforts of Mr.Vazquez who precluded my accessibility to them. On each and every occasion when I asked Mr. Vazquez to allow me to speak to his Managers, or to bring them to the office, or instruct them to contact me, he has refused and, at least on two occasions, without a cogent explanation he advised me that the two Managers would "...take the Fifth."

On several occasions (to be exact; February 10th, March 18th, March 31st and, most recently, June 16th) [ Please **Exhibit A** attached], I wrote to Messrs. Vargas and Jimenes, initially in English and Spanish, inter alia, reminding them of their potential exposure in the FLSA Action, individually and on a joint and several basis under the Plaintiffs' legal theories, informing them that they would have to both engage my representation, personally, and advance the attendant legal fees as Mr. Vazquez had stopped paying me. 1

At least on two occasions, I hand-delivered these letters, mindful that hand-delivery was the only way that I could insure that, at the very least, they would personally receive this sensitive correspondence. On the other occasion, I left the correspondence; in the case of Mr. Vargas, with his son, who also works at the J.V. Car Wash in upper Manhattan and, in the case of Mr. Jimenes, with his English-speaking son, an employee at the Webster Hand Car Wash in the Bronx. On the last occasion of personal delivery, I actually had Mr. Vargas read the letter, which was in Spanish, in my presence; his son by his side. On no occasion did either Vargas or Jimenes respond to any of those letters.

---

1. The other letters are not appended as they may contain some attorney-client privileged communication.

Case 1:11-cv-09010-LLS   Document 111   Filed 08/29/14   Page 3 of 4
Case 1:11-cv-09010-LLS   Document 110   Filed 08/20/14   Page 3 of 11

August 11, 2014                                                                   Page 3

On June 3, 2014, I, along with Ralph Ferro, Jr., who at the time was representing Mr. Vazquez personally in the bankruptcy, and Russell Passamano, Esq. and Douglas Doyle, Esq., who represented the four Car Washes until the Trustee officially was appointed, met at the offices of Daniel Stolz, Esq. ("Stolz"), attorney to Mr. Biase, at his invitation, together with Mr. Biase, a legal associate, Scott Rever, Esq., and Mr. Vazquez.

At the aforementioned meeting, in response to a question from Mr. Stolz, Mr. Vazquez opined that the Managers would not testify either at depositions **or at trial** as they would "…take the Fifth"----to me, a familiar refrain. I cannot speak for Mr. Stolz, or the others who were present, but I do not believe that anyone in that room understood Mr. Vazqez' proffer to Mr. Stolz as to why these Managers allegedly would have the need to "take the Fifth"?

In any event, and further to the foregoing, it is clear from all of the foregoing that these two Managers have not, and are not going to cooperate with me as their counsel, nor will they pay me for my services as I reminded them in my letter of June 16, 2014 would be required (neither letter was returned to my office as "undeliverable" and I must presume that they were received by the Managers, just as the hand-delivered letters were delivered to them by me).

It is obvious that Mr. Vazquez exercises at least a modicum of dominion and control over these employees to the exclusion of counsel (at least me), such that he is comfortable in opining that they are prepared to "take the Fifth" and, therefore, it would be short of futile for me even to try to represent these gentlemen at trial, or even if settlement negotiations were ever to become a possibility. It is equally obvious that they have ignored every request to contact me.

Recently, the two Managers apparently participated in some kind of a meeting at the offices of counsel to Mr. Biase, to which I was not invited, although as I had told Stacy Meisel, Esq., counsel to Mr. Conway, who had called me from Mr. Biase's office to inform me that the Managers were there at that meeting, I had no interest in representing them and would welcome being relieved as counsel.

The upshot of that meeting, at least as evidenced by a string of emails appended hereto as **Exhibit B**, is that the Managers are not being represented by the Jackson Firm. While it appears from the email from Daniel Stolz, Esq., counsel to Mr. Biase, that the Managers will consent to my withdrawal, I cannot simply, "…[s]end something to the managers to sign…" as Mr. Stolz suggested, because these two fellows have never responded to anything I have sent them, no matter where mailed or where a notice may have been hand-delivered. While I would be happy to accept any help Mr. Stolz might be able to offer, I believe only a Court order will have a salutary effect on the Managers.

In accordance with the foregoing statements, which I attest as an officer of the Court to be true and accurate, I respectfully request that I be relieved of representing any and all of the remaining Defendants in the FLSA Action, not only because there is no possibility that I will be compensated but, most importantly, because of an abject refusal on their part to cooperate with

August 11, 2014

Page 4

counsel on even the most elementary level, in addition to a palpable exercise of dominion and control over them by Mr. Vazquez--- which would certainly appear to preclude me from adequately representing either of their interests at trial on an independent basis.

    Under Local Rule 1.4, the facts stated herein above qualify as valid reasons for counsel to be relieved of the obligation to represent these particular Defendants.

    While I am copying, among others, Wendy Mellk, Esq. of the Jackson Firm, who now represents not only the four Car Wash Defendants but Mr. Vazquez, although I do not believe that to date the Jackson Firm has filed a Notice of Appearance, I respectfully request that, should the Court grant my application, it instruct Mr. Vazquez, in addition to his counsel, to inform his Managers and the other named Defendants that they no longer are represented by me.

    Messrs. Vargas and Jimenes are being mailed this correspondence at their home addresses taken from the files of the Car Wash Defendants.

    I thank the Court, in advance, for its attention to this matter and again for its indulgence throughout this trying matter.

Dated: New York, N.Y.

Yours, etc.,

Louis J. Maione, Esq.

cc: L. Longobardi, Esq.
    W. Mellk, Esq.

    S. Vargas
    J. Jimenes

---

*Handwritten annotation:* This application is granted, and Mr. Vasquez and his counsel are directed to so inform the other defendants. So Ordered.

Louis L. Stanton

8/28/14