LAW OFFICES
# ARENSON, DITTMAR & KARBAN

295 MADISON AVENUE
SUITE 700
NEW YORK, N.Y. 10017

FACSIMILE
(212) 490-7102

TELEPHONE
(212) 490-3600

December 8, 2014

**BY ECF and**
**BY U.S. MAIL**

The Honorable Louis L. Stanton
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Ronard Lora, et al., v. J.V. Car Wash, Ltd., et al.*, No. 11-CV-9010 (LLS)

Dear Judge Stanton:

As you know, we represent the Plaintiffs in the above-referenced action (the "FLSA Action"). We write in response to the December 5, 2014 letter from Wendy J. Mellk, Esq., of Jackson Lewis, LLP, Special Litigation Counsel for the Chapter 11 Trustees for the Defendants Jose Vazquez ("Mr. Vazquez"), J.V. Car Wash, Ltd., Harlem Hand Car Wash Corp., Webster Hand Car Wash Corp. and Bayway Hand Car Wash Corp. (collectively, the "Defendants").

Ms. Mellk's letter correctly states that we have consented to an extension of the date by which all pre-trial materials are to be submitted to the Court. We also consented to Ms. Mellk's proposal that we appear for a settlement conference before the Court. However, our perspective on the progress of this FLSA Action, including the settlement discussions and the adequacy of the Defendants' settlement offers to date, differs significantly from that described by Ms. Mellk in her letter. We also disagree with Ms. Mellk's assertion that the attendance of all Plaintiffs at a settlement conference before the Court would aid in the resolution of this FLSA Action.

The Defendants' position on the amount that the Plaintiffs may recover at trial, and thus the amounts reflected in the Defendants' settlement offer in September 2014, and their recent offers of judgment to the Plaintiffs, are based largely on two erroneous assumptions: (1) that the Defendants are entitled to a "tip credit" under the FLSA and the New York Labor Law; and (2) that each of the Plaintiffs was permitted an hour for lunch on each day that he worked. We vigorously dispute both of these assumptions, and contend that the Plaintiffs have a substantial likelihood of success at trial on both these issues. Further, we contend that there is a strong likelihood of an award of punitive damages against the Defendants on behalf of five remaining Plaintiffs who suffered egregious acts of retaliation by the Defendants (particularly Mr. Vazquez) because of their participation in this FLSA Action. As a result, we believe that the difference between the parties' settlement position is significant, and that the Defendants' offers to date are inadequate to compensate the Plaintiffs fairly for the Defendants' willful violations of the FLSA and the New York Labor Law.

We have had numerous, lengthy conversations with each of the Plaintiffs over the last three months regarding the adequacy of the Defendants' various settlement proposals, to explain

the benefits and the risks of accepting these proposals, and the benefits and the risks of rejecting these proposals and proceeding to trial. As Ms. Mellk advised the Court, two of the eighteen Plaintiffs decided to accept the Defendants' offers of judgment. The remaining sixteen Plaintiffs rejected those offers. As such, we do not believe that the Defendants' present offers to the remaining Plaintiffs would withstand the scrutiny of a fairness hearing before this Court, which would be required in any case in which a plaintiff is receiving less than one hundred percent of the amounts to which that plaintiff is entitled under the FLSA.

Ms. Mellk's insistence that all of the Plaintiffs be present at a settlement conference at this time is both unfair and potentially extremely prejudicial to the Plaintiffs. These men are manual laborers, who work long hours at jobs that pay them at or near the minimum wage per hour. While they are prepared to take unpaid vacation time in order to attend the trial of this FLSA Action in the near future, they cannot risk the loss of a day's pay (or potentially the loss of their jobs) in order to attend a settlement conference. If necessary, we would ask the Court's permission to reach the Plaintiffs by telephone (though not all of them may be available due to their work requirements). We have full authority to attend and negotiate on Plaintiffs' behalf.

Further, Ms. Mellk's reference to the attorneys' fees for Plaintiffs' counsel as a "sticking point" in these negotiations is misleading. There have been no negotiations regarding attorneys' fees thus far in our discussions. Our position has been that the parties should agree on a number for the Plaintiffs, and that they should then agree on a number for our attorneys' fees as the most efficient way of resolving the entirety of the Plaintiffs' claims, rather than engaging in a collateral (and potentially protracted) litigation on a fee application in this Court. As we have not yet been able to agree on a settlement figure for all Plaintiffs, the discussion of attorneys' fees has been premature. We are happy to resolve this particular issue either by a negotiation of the amount of the attorneys' fees, which would be reviewed by this Court as part of a fairness hearing, or as part of a fee application to the Court at the appropriate time.

While we are willing to participate in a settlement conference before the Court, I advised Ms. Mellk that holding such a conference on Friday, December 19, 2014, at noon (the currently scheduled time for the final pre-trial conference in this matter) would be difficult for me, as I would have to leave the Court by 2:00 p.m. that day because of the early Sabbath start time. I advised her that we would be available at any time on December 17, December 18 or December 22, 2014; we now also are available on December 23, 2014. We remain willing to appear at any of those times, or at another time that is most convenient for the Court. Depending on the date set for the conference, we may be able to have a number of the Plaintiffs in attendance at that time.

Finally, we provided the Plaintiffs' half of the proposed joint pre-trial order, as required by Your Honor's Individual Practices, to Defendants' on November 14, 2014. While Ms. Mellk has identified January 9, 2015 (or another date as set by the Court) as the date for the submissions of the final pre-trial papers in this matter, she has not indicated as to when we may expect to receive the Defendants' half of the proposed pre-trial order, which we had been expecting to receive today. We respectfully request that the date for the final submission of pre-trial documents not be determined without setting a date certain for the submission of the

**ARENSON DITTMAR & KARBAN**

The Hon. Louis L. Stanton
December 8, 2014
Page 3

Defendants' draft pre-trial order to the Plaintiffs, and that that date take into account the upcoming year-end holidays, so as not to prejudice counsel for the Plaintiffs.

                                          Respectfully submitted,

                                          Steven Arenson

SA:
cc:    Wendy J. Mellk, Esq.
        Daniel M. Stolz, Esq. (by electronic mail)
        Stacy L. Meisel, Esq. (by electronic mail)