# ECF TRANSCRIPTION SHEET



**ANDREW J. PECK**
**UNITED STATES MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:         (212) 805-7933
Telephone No.:   (212) 805-0036

**Dated:** December 11, 2014                                **Total Number of Pages:** 3

**MEMO ENDORSED:**

Mr. Molina Rodriguez can attend the conference and we will address the bankruptcy issues at that time.

Copies **by ECF** to: All Counsel
                     Judge Stanton

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 12/11/14

# CILENTI & COOPER, PLLC

ATTORNEYS AT LAW
708 Third Avenue – 6th Floor
New York, New York 10017

Telephone (212) 209-3933
Facsimile (212) 209-7102
Email: info@jcpclaw.com

December 11, 2014

**MEMO ENDORSED** 12/11/14

Mr. Molina Rodriguez can attend settlement conference and raise edu will discuss to bankruptcy issues at that time.

**Via ECF**
Honorable Andrew J. Peck
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

SO ORDERED:

Hon. Andrew Jay Peck
United States Magistrate Judge

Re:      *Ronard Lora, et. al. v. J.V. Car Wash, Ltd., et. al.*
Case No.:   11 Civ. 9010 (LLS)(AJP)

Copies by ECF to counsel.

Dear Judge Peck,

We are counsel for opt-in plaintiff Victor Molina Rodriguez. Mr. Molina Rodriguez filed a consent to become a party plaintiff on October 22, 2014, and we filed a notice of appearance on his behalf the same day [Docket # 114, 115].

In the late afternoon yesterday (December 10th) we received correspondence from Daniel M. Stolz, Esq., counsel to bankruptcy trustee Donald V. Biase, stating that if Mr. Molina Rodriguez attends the December 23rd settlement conference, it would violate a bankruptcy stay, and counsel would seek preclusion or other sanctions. Our understanding had been that the bankruptcy stay was lifted for the instant action, and that the FLSA specifically allows "similarly situated" employees to opt-in, without the necessity of filing a separate action. However, if Mr. Molina's participation violates the bankruptcy code, we would respectfully ask the court to recommend that he be dismissed from the action. For the foregoing reasons, we ask Your Honor to schedule a brief telephone conference to address this issue in advance of the December 23rd settlement conference.

We thank the court for its consideration of this matter.

Respectfully submitted,

Peter H. Cooper

cc:    All counsel of record (Via ECF)
       Daniel M. Stolz, Esq. (dstolz@wjslaw.com)