EcnWlorC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x

RONARD LORA, et al.,

              Plaintiffs,

        v.                          11 CV 9010 (LLS)(AJP)

J.V. CAR WASH, LTD., et al.,

              Defendants.

------------------------------x

                           New York, N.Y.
                           December 23, 2014
                           5:50 p.m.

Before:

                 HON. ANDREW J. PECK,

                            Magistrate Judge

EcnWlorC

1                                APPEARANCES

2    ARENSON, DITTMAR & KARBAN
          Attorneys for Plaintiffs
3    BY:  LAURA E. LONGOBARDI STEVEN ARENSON
          -and-
4    CILENTI & COOPER, PLLC
     BY:  JUSTIN CILENTI

5

6    JACKSON LEWIS P.C.
          Special Litigation Counsel
7         for Chapter 11 Trustees
     BY:  WENDY J. MELLK
8         LORI A. JABLCZYNSKI

9

10   WASSERMAN, JURISTA & STOLZ
          Attorneys for Chapter 11 Trustee Donald V. Biase for J.V.
          Car Wash, Broadway Hand Car Wash, Webster Hand Car Wash,
11        Harlem Hand Car Wash, and Bayway Hand Car Wash,
     BY:  DANIEL M. STOLZ

12

13   BECKER MEISEL LLC
          Attorneys for Chapter 11 Trustee
14        Donald F. Conway for Jose Vazquez
     BY:  STACEY L. MEISEL

15

16   KLESTADT & WINTERS, LLP
          Attorneys for the official Committee
17        of Unsecured Creditors
     BY:  JOSEPH C. CORNEAU

18

19   RABINOWITZ, LUBETKIN & TULLY, L.L.C.
          Attorneys for Individual Debtor out of Possession
20   BY:  BARRY J. ROY

21

22

23

24

25

EcnWlorC

1    THE COURT:  We're on the record in the case of Ronard

2    Lora et al. v. J.V. Car Wash Ltd., et al., 11 CV 9010, to

3    record the settlement agreement that the parties have just

4    reached with the Court's assistance.  I ask all counsel and the

5    clients who are present to pay careful attention.

6    Interpreters for the plaintiffs, stop me if I go too

7    fast or if otherwise you need any more time.  And, counsel,

8    stop me with a universal time-out signal if I get something

9    wrong or there is something we need to clarify.

10    The parties have agreed to amicably resolve this

11    dispute without any admission of fault or liability on the

12    following terms:

13    Defendants will pay the sum of $1,650,000, subject to

14    Bankruptcy Court approvals as follows:

15    $750,000 will be paid as soon in January 2015 as

16    Bankruptcy Court approval has been received, plus a reasonable

17    time after that approval for administrative paperwork, etc.,

18    etc.  The remaining $900,000 will be paid within eight months

19    from that date, so presumptively by somewhere around September

20    of 2015.  And these will be payments for the plaintiffs.

21    The issue of attorneys' fees is left for further

22    resolution by the Court.

23    Off the record.

24    (Discussion off the record)

25    THE COURT:  The 1.65 million amount is inclusive of

EcnWlorC

1    the two plaintiffs who had recently agreed to the defendants'

2    offer of judgment, so the 1.65 million is inclusive of the

3    $303,000 that was the amount accepted by those plaintiffs.

4            The parties agree that in the event the back end

5    amount is not paid within that eight-month period because of

6    difficulties that defendants may have in mortgaging or selling

7    properties or otherwise raising the money, interest will run at

8    the New York statutory rate, by agreement, of 9 percent,

9    beginning on the end of the eight-month period, so starting

10   only on the unpaid balance as of that date.  If some of the

11   900,000 back end is paid but not all of it, by the eight-month

12   trigger end date, then the interest is on the amount unpaid,

13   and if there are then partial payments, interest remains

14   running on any unpaid amount and defense counsel and the

15   trustees will, regardless, use all good faith efforts

16   consistent with the trustees' obligations in the Bankruptcy

17   Court to sell property, mortgage property, or whatever is

18   necessary, subject to bankruptcy approval, to pay the amount to

19   the plaintiffs and pay it as promptly as possible.

20           Off the record.

21           (Discussion off the record)

22           THE COURT:  The eight-month period is eight months

23   from the first payment, so if, by way of example, and I'm not

24   tying the defendants to this as the payment date, because it's

25   subject to bankruptcy approval, the first payment of $750,000,

EcnWlorC

 1   is paid on January 15, then the end of the eight-month period

 2   is eight months from January 15.  If the first payment were

 3   made January 22, then the eight-month trigger date is eight

 4   months from that date, etc.  And again, that's by way of

 5   examples.

 6          The plaintiffs will provide an allocation chart to

 7   defense counsel similar to the chart that has previously been

 8   provided that totaled $1,507,590 and change, allocating the

 9   $1.65 million among all the plaintiffs, including those who

10   accepted the Rule 68 offer and specifying what is for minimum

11   wages and overtime, what is for spread of hours, what is for

12   FLSA, and New York Labor Law liquidated damages, what is

13   interest, and what are the retaliation damages for those

14   plaintiffs who had such a claim.  And as long as it adds up to

15   the $1.65 million amount and is consistent proportionally with

16   the 1.5 million chart previously provided, that is acceptable

17   to the defendants and to this Court.

18          In terms of payment, payment will be made for the

19   minimum wage, overtime, and spread-of-hours payments via a W2

20   payment to each plaintiff with appropriate tax withholding, as

21   well as appropriate Social Security, FICA, all the things that

22   the IRS law requires to be withheld and paid on the employer's

23   side and deducted on the defense side.

24          The balance for each employee, plaintiff, will be

25   issued with a 1099 and it is obviously, as the law requires,

EcnWlorC

1    the responsibility of each plaintiff to pay their own taxes

2    with respect to both the wages and the other money that they

3    receive.

4            Counsel will work cooperatively to figure out the

5    allocations from the $750,000 amount and from the back end

6    amount with an allocation for each plaintiff so that the

7    appropriate allocation for W2 purposes and 1099 purposes is

8    made.  Plaintiffs' counsel will provide defense counsel with

9    the W2 information or other tax identification number for each

10   plaintiff.  In the event there is a delay in providing that

11   information, that allows defendant to hold back the amounts for

12   said individuals until such information is provided.

13           The parties further agree that no application will be

14   made by Mr. Vazquez to discharge him from bankruptcy until the

15   full 1.65 million and any amount agreed upon or ordered by this

16   Court for attorneys' fees is fully paid.

17           The parties further agree that this Court retains

18   jurisdiction until there has been full payment of the amounts

19   agreed upon for the plaintiffs and the amounts to be agreed

20   upon in the future or ordered by the Court with respect to

21   attorneys' fees.

22           In the event because of the need for Bankruptcy Court

23   approval the plaintiffs do not receive the full 1.65 million

24   agreed upon as their settlement, although the trustees and

25   their counsel fully believe that there will be no problem

EcnWlorC

1    making such full payments, because it appears that there are

2    sufficient assets to that, but in the event that for whatever

3    reason the full amount is not paid and the Bankruptcy Court

4    were to reduce the amount, the plaintiffs would have the option

5    of accepting that reduced amount or reinstating this lawsuit,

6    keeping the monies that they've already been paid as a credit

7    against any subsequent judgment in this lawsuit and going to

8    trial on their claims, and that would be individual to each

9    plaintiff.  So some could accept the reduced amount, if indeed

10   there were a reduced amount, while others could proceed to

11   trial.

12           The parties further agree that Mr. Arenson and his

13   firm will provide their up-to-date attorneys' fees information

14   to defense counsel and that defense counsel and Mr. Arenson and

15   Ms. Longobardi will engage in good faith attempts to negotiate

16   agreement as to the amount of attorneys' fees.  However, there

17   will be no billing of the defendants for any such efforts.  In

18   the event the parties are unable to agree amongst themselves

19   but believe that it would be useful to have a conference with

20   the Court as to trying to resolve the attorneys' fees matter, I

21   will hold such a settlement conference and they should jointly

22   contact my chambers to schedule such a conference.

23           In the event that nothing is able to resolve the

24   matter of attorneys' fees amicably, then the parties should

25   submit either to me or Judge Stanton a proposed schedule for

EcnWlorC

1  the attorneys' fee issue to be resolved by motion presumptively

2  in front of Judge Stanton.

3        The parties further agree that the plaintiffs will not

4  seek reemployment at any of the defendant car washes and that

5  they will not take any steps to interfere with the operation of

6  the car washes.  Each plaintiff hereby agrees by this

7  settlement agreement to a general release of all claims

8  asserted in this lawsuit or that could have been asserted in

9  this lawsuit, or in the immortal words of the usual general

10 Blumberg release form, any claims they may have against the

11 defendants, including Mr. Vazquez personally, as well as the

12 corporate entities, from any claim on any subject from the

13 beginning of the date of the world to the date of this

14 settlement agreement and release.

15       Off the record.

16       (Discussion off the record)

17       THE COURT:  The releases will be actual Blumberg

18 releases or such modification that the lawyers on the two sides

19 agree and will be held in escrow by defense counsel -- let's

20 make it through the Jackson Lewis firm -- until such time as

21 the plaintiffs have been fully paid.  And obviously the

22 releases do not release the defendants from their obligations

23 under the settlement agreement.

24       The defendants each individually agree to no

25 retaliation against any of the plaintiffs and no harassment or

9

EcnWlorC

1    contact with the plaintiffs.  When I say individually, I mean

2    that if there is a breach by one trustee, that is not a breach

3    by another trustee.  If there is a breach by Mr. Vazquez, that

4    is his breach and is not something that would subject either of

5    the trustees or the trustees' counsel or special litigation

6    counsel to any liability for it.

7            In other words, and let me put it in plain English, it

8    means nobody in the management of the car washes -- not

9    Mr. Vazquez, not any relatives of Mr. Vazquez, not any buddies

10   or friends of Mr. Vazquez or anybody else involved -- should be

11   having any communication with the plaintiffs about anything.

12   Let's keep it nice and clean.  And obviously the plaintiffs

13   should not initiate any such contact or they are relieving the

14   defendants of any such obligations.  Any contact and

15   communication should be counsel to counsel only.

16           Off the record.

17           (Discussion off the record)

18           THE COURT:  With respect to any plaintiff who does not

19   have and does not provide a tax identification number to

20   defendants, the following will apply:

21           Their portion of the $750,000 first payment will be

22   withheld and will be paid at the earlier of when they provide

23   their tax identification number or the payment -- no, they will

24   not be paid until they provide a tax ID number.

25           With respect to any payment on the back payment, the

EcnWlorC

1    900,000, again, payment will not be made if there has not been

2    a tax ID number provided and at such time as either one year

3    from today occurs or the later of that one year or when the

4    defendants are otherwise ready to complete all of the

5    bankruptcy matters and get discharges from bankruptcy, if there

6    have not been tax identification numbers provided by that

7    point, that money is not going to be paid, will revert to the

8    defendants, or will be kept by defendants, but the releases

9    still apply.

10            I think we have covered everything we had talked

11   about.  Again, I will repeat that the Court, both I and Judge

12   Stanton, will retain jurisdiction so that if any necessity of

13   coordination with Judge Kaplan in the New Jersey Bankruptcy

14   Court is necessary, the Court has the authority to do so.

15            In addition, since there have been prior mediated

16   settlement negotiations between the parties and today's

17   settlement has resulted in even more money being given to the

18   plaintiffs than they had been seeking in those prior

19   negotiations and based on the information that has been

20   provided to me by the parties, including the $1.5 million chart

21   previously referred to, I do find that the settlement is

22   appropriate under the circumstances.

23            Is there anything else, other than getting the

24   verifications that everybody agrees that we need to be doing?

25            Mr. Arenson, is there anything else I neglected to

EcnWlorC

1    cover?

2              MR. ARENSON:  No, your Honor.

3              THE COURT:  Ms. Mellk.

4              MS. MELLK:  No, your Honor.

5              THE COURT:  Mr. Arenson, as counsel of record for all

6    of the plaintiffs and subject to the individual assents that I

7    will ask you to go through with all of your clients, do you

8    agree to the terms of the settlement on behalf of plaintiffs?

9              MR. ARENSON:  Yes, your Honor, with the caveat that,

10   as explained on the record, the attorneys' fee issue is open.

11             THE COURT:  Right.  That obviously is a part of the

12   settlement, that there will be a decision on attorneys' fees

13   either by the parties amicably agreeing to it or by it being

14   submitted to Judge Stanton for resolution on motion with all

15   appellate rights on both sides, etc., as to the attorneys'

16   fees.

17             Again, knowing that that's a separate resolution issue

18   on behalf of the plaintiffs, do you agree to the terms of the

19   settlement?

20             MR. ARENSON:  Yes, your Honor.

21             THE COURT:  Since you know which of your clients is

22   which, could I ask you to call their names out one by one and,

23   with the aid of the interpreter, ask them to agree that they

24   are in agreement to the terms of the settlement.

25             MR. ARENSON:  Yes.  Ronard Lora.

EcnWlorC

1    THE COURT:  Please stand when your name is called.

2 I'll ask the question.  Do you agree to the terms of the

3 settlement?

4    MR. R. LORA:  Yes.

5    MR. ARENSON:  Your Honor, Hugo Rivera is one of the

6 three plaintiffs who is not here.

7    THE COURT:  Okay.

8    MR. ARENSON:  I have authority to agree on his behalf.

9    THE COURT:  Very good.

10    MR. ARENSON:  Marco Diaz, do you agree to the terms of

11 the settlement?

12    MR. DIAZ:  Yes (in English).

13    MR. ARENSON:  Melvin Lora, do you agree to the terms

14 of the settlement?

15    MR. M. LORA:  Yes (in English).

16    MR. ARENSON:  Eduardo Lora is one of the plaintiffs

17 who accepted the offer of judgment.

18    THE COURT:  Okay.

19    MR. ARENSON:  Giovanni Paulino, do you agree to the

20 terms of the settlement?

21    MR. PAULINO:  Yes (in English).

22    MR. ARENSON:  Jose Rodriguez is the other plaintiff

23 who accepted the offer of judgment.

24    Jose Rodolfo Rodriguez-Tineo, do you agree to the

25 terms of the settlement?

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

EcnWlorC

1            MR. RODRIGUEZ-TINEO:  Yes (in English).

2            MR. ARENSON:  Ramon Alvarez, do you agree to the terms

3    of the settlement?

4            MR. ALVAREZ:  Yes (in English).

5            MR. ARENSON:  Denis Rene Barahona is one of the

6    plaintiffs who is not present.  I have authority to accept on

7    his behalf.

8            Margarito Gallardo, do you agree to the terms of the

9    settlement?

10           MR. GALLARDO:  Yes (in English).

11           MR. ARENSON:  Braulio Flores Matamoros, do you agree

12   to the terms of the settlement?

13           MR. MATAMOROS:  Yes (in English).

14           MR. ARENSON:  Robertico Perez Olmos, do you agree to

15   the terms of the settlement?

16           MR. PEREZ OLMOS:  Yes (in English).

17           MR. ARENSON:  Jose Antonio Pichardo is not here.  I

18   have authority to accept on his behalf, which I do.

19           Michel Rodriguez, do you agree to the terms of the

20   settlement.

21           MR. M. RODRIGUEZ:  Yes (in English).

22           MR. ARENSON:   Francisco Guerrero, do you agree to the

23   terms of the settlement?

24           MR. GUERRERO:  Yes (in English).

25           MR. ARENSON:  Rojas Corona Valerio, do you agree to

EcnWlorC

```
1    the terms of the settlement?

2              MR. CORONA VALERIO:  Yes (in English).

3              MR. ARENSON:  Ramiro Rodriguez del Pilar, do you agree

4    to the terms of the settlement?

5              MR. RODRIGUEZ DEL PILAR:  Yes (in English).

6              THE COURT:  Very good.  All plaintiffs present have

7    agreed and Mr. Arenson has agreed on behalf of the absent

8    plaintiffs.  Now we'll go through more or less the same drill

9    on the defense table.

10             Ms. Mellk, as special bankruptcy counsel for the

11   defendants, and you can state it.

12             MS. MELLK:  Special litigation counsel for the Chapter

13   11 trustees.

14             THE COURT:  Very well.  In that behalf and subject to

15   the assent of your clients, do you agree to the terms thereof?

16             MS. MELLK:  Yes.

17             THE COURT:  Next, Ms. Meisel, why don't you, so I

18   don't mess it up, like I did with Ms. Mellk, state who you

19   represent.

20             MS. MEISEL:  Stacey Meisel from Becker Meisel on

21   behalf of Donald Conway, the Chapter 11 trustee for Jose

22   Vazquez.

23             THE COURT:  In that capacity, you agree to the terms

24   of the settlement, correct?

25             MS. MEISEL:  Yes, your Honor.
```

EcnWlorC

```
 1            THE COURT:  Mr. Conway, as the trustee, do you also

 2   agree to the terms of the settlement?

 3            MR. CONWAY:  Yes, I do.

 4            THE COURT:  Next, Mr. Stolz.

 5            MR. STOLZ:  Yes, your Honor.  I'm counsel for Donald

 6   V. Biase, who is the Chapter 11 trustee for J.V. Car Wash,

 7   Broadway Hand Car Wash, Webster Hand Car Wash, Harlem Hand Car

 8   Wash, and Bayway Hand Car Wash, and on behalf of trustee Biase,

 9   we accept the settlement.

10            THE COURT:  Mr. Biase, you also agree, correct?

11            MR. BIASE:  Yes, I do.

12            THE COURT:  Finally, and, I'm sorry, I don't know that

13   I have Mr. Vazquez's counsel's name.

14            MR. ROY:  My name is Barry Roy with the firm of

15   Rabinowitz, Lubetkin & Tully, on behalf of the individual

16   debtor out of possession.

17            THE COURT:  Subject to Mr. Vazquez's personal assent,

18   do you agree to the terms of the settlement?

19            MR. ROY:  Your Honor, I explained to Mr. Vazquez the

20   terms of the proposed settlement and I've informed him that his

21   opportunity to comment on the terms of the settlement are in

22   the Bankruptcy Court and not today here before your Honor.

23            THE COURT:  Is there any intention to interfere or

24   object in any way to the settlement?

25            MR. ROY:  At this juncture, Mr. Vazquez does have some
```

EcnWlorC

1    issues with regard to both the amount and implementation of the

2    settlement, but, again, it has been discussed with him and he

3    understands, again, that his only opportunity to object would

4    be in the Bankruptcy Court and not here today.

5              THE COURT:  Let me ask the trustees' counsel.  Is this

6    a problem, or is this meaningless in your view?

7              MR. STOLZ:  Your Honor, Mr. Vazquez has the right to

8    object, but the standard for the trustees to enter into the

9    settlement is the lowest level of reasonable business judgment

10   in determining whether to settle, and we're confident that even

11   over his objection Judge Kaplan will approve the settlement and

12   he will be bound by it.

13             THE COURT:  Ms. Meisel, do you agree?

14             MS. MEISEL:  I do agree, your Honor.

15             THE COURT:  Mr. Vazquez, do you understand, however,

16   that at a minimum you are binding yourself here today to the

17   nonretaliation and nonharassment and no contact with the

18   plaintiffs provision?  Do you understand that?

19             MR. VAZQUEZ:  Yes.

20             THE COURT:  And do you agree to that?

21             MR. VAZQUEZ:  Yes.

22             THE COURT:  Is that satisfactory to everybody?

23             MR. ARENSON:  Yes, your Honor.

24             THE COURT:  Very good.  All right.  All parties,

25   having now agreed, you have a binding settlement agreement.  No

EcnWlorC

1    other settlement papers are necessary other than tax

2    information, checks, and releases.  Obviously the releases need

3    to be provided to Ms. Mellk to hold in escrow before the first

4    payment is to be made, so please work on that immediately or at

5    least right after the new year, whether you use a general

6    Blumberg form or come up with the forms your firms usually use

7    that are a little more user friendly but have the same effect

8    of a Blumberg, and in the event you cannot agree on anything,

9    then it is a Blumberg form.

10          I'm going to direct the parties to obtain the

11   transcript, splitting it 50/50.  Make your arrangements with

12   the reporter.  I do want to thank the reporter, Carol, who is

13   always excellent, but we're not at almost 6:30 on a day when

14   everybody else abandoned ship here hours ago, and I appreciated

15   her staying when it was around 5:00 and appreciate it even more

16   as we have taken our time getting through this and she has had

17   to stay through it.  Thank you, Carol, and I'm sure the parties

18   join me in thanking you.

19          With that, we are adjourned.

20          I expect to hear from counsel no later than January 15

21   as to where you are with respect to attorneys' fees and whether

22   you want to schedule a conference with me, whether you want

23   more time with another deadline or at least report date to keep

24   working on your own, or whether you have a briefing schedule

25   for a motion to submit.  January 15 is your report date to me

EcnWlorC

1    with respect to that.

2              With that, happy holidays, all.  Merry Christmas,

3    Happy Hanukkah, and any other of the Festivus-related holidays,

4    Happy New Year, and we are adjourned.

5              (Adjourned)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25